1    J. KEVIN LILLY, Bar No. 119981
     LITTLER MENDELSON, P.C.
2    2049 Century Park East
     5th Floor
3    Los Angeles, CA  90067.3107
     Telephone:      310.553.0308
4    Fax No.:        310.553.5583

5    DAMON M. OTT, Bar No. 215392
     ALISON CUBRE, Bar No. 257834
6    LITTLER MENDELSON, P.C.
     650 California Street
7    20th Floor
     San Francisco, CA  94108.2693
8    Telephone:      415.433.1940
     Fax No.:        415.399.8490

9

10   Attorneys for Defendant
     WERNER ENTERPRISES, INC.

11                IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  ANTONIA RUSSELL, individually and on behalf of all those similarly situated, | Case No. |
| 14             Plaintiff, | **NOTICE OF REMOVAL** |
| 15 | (Superior Court of California, County of Alameda, Case No.  RG14727797) |
| 16       v. | |
| 17  WERNER ENTERPRISES, INC. and DOES 1-100, inclusive, | Complaint filed: June 4, 2014<br>FAC Filed: July 9, 2014 |
| 18           Defendants. | |

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Case No.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

1.     PLEASE TAKE NOTICE that Defendant Werner Enterprises, Inc. ("Werner Enterprises") hereby removes the above-captioned action from the Superior Court for the State of California, County of Alameda ("Superior Court"), to the United States District Court for the Northern District of California ("District Court").

2.     This Removal is grounded in the original jurisdiction of the District Court over the parties under 28 U.S.C. section 1332(d) (Class Action Fairness Act) and 28 U.S.C. section 1446(b) on the following grounds:

## I.     STATEMENT OF JURISDICTION

3.     The District Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d) and, therefore, the action may be removed pursuant to 28 U.S.C. section 1446.  In relevant part, the CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs.  This case meets all of the requirements for removal, as it is brought on behalf of greater than one hundred persons, at least one of whom is a citizen of a state different from any defendant, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

4.     Accordingly, and as set forth in detail below, jurisdiction within the District Court is proper on one or both grounds herein described and the action is timely and properly removed upon the filing of this Notice.

## II.     PLEADINGS AND PROCESS

5.     On June 4, 2014, Plaintiff Antonia Russell ("Plaintiff") filed an unverified Complaint entitled *Antonia Russell, individually and on behalf of all similarly situated v. Werner Enterprises, Inc. and DOES 1 through 100, inclusive*, Case Number RG14727797 in the Superior Court of California, County of Alameda.  Attached as **Exhibit A** is a true and correct copy of the Complaint.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1.

Case No.

DEFENDANT'S NOTICE OF REMOVAL

6. The same day, a Summons, Civil Case Cover Sheet, and Alternative Dispute Resolution Packet were issued. Attached as **Exhibit B** is a true and correct copy of the Summons, Civil Case Cover Sheet, and Alternative Dispute Resolution Packet.

7. On June 9, 2014, the Court set the Complex Determination Hearing and a Case Management Conference. Attached as **Exhibit C** is a true and correct copy of the Complex Determination Hearing and a Case Management Conference.

8. On June 17, 2014, a Notice of Hearing was filed. Attached as **Exhibit D** is a true and correct copy of the Notice of Hearing.

9. On July 9, 2014, Plaintiff filed a First Amended Complaint ("FAC"). Attached as Exhibit E is a true and correct copy of the FAC. The FAC asserts six causes of action against Werner Enterprises: (1) failure to provide meal and rest periods; (2) failure to pay minimum and regular wages for off-the-clock work; (3) unauthorized and improper "pay deductions"; (4) failure to provide and maintain accurate itemized wage statements and records; (5) violation of Business and Professions Code section 17200 *et seq.*; and (6) violation of other provisions of the Labor Code for which recovery is allowed pursuant to the Private Attorneys' General Act ("PAGA"), Labor Code section 2698 *et seq.* (FAC ¶¶ 16-45.) Plaintiff brings the first five causes of action on behalf of a putative class consisting of all current and former "truck drivers who worked or work in California for Werner after the completion of training at any time since four years before the filing of this legal action and until" resolution of the case. (FAC ¶ 6.) Plaintiff brings the sixth cause of action under the PAGA in a representative capacity on behalf of the same individuals comprising the putative class.

10 Plaintiff seeks general damages, special damages, attorneys' fees, costs, liquidated damages, penalties, injunctive relief, restitution, and interest, among other damages. (FAC ¶¶ 16-45, Prayer for Relief.) Plaintiff affirmatively alleges that she seeks more than $25,000 in damages. (FAC ¶ 4.)

///

///

///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.                                   Case No.

DEFENDANT'S NOTICE OF REMOVAL

11.     On July 15, 2014, the Court held the Complex Determination Hearing and the Superior Court designated the action as complex.  Attached as **Exhibit F** is a true and correct copy of the Minutes from the Complex Determination Hearing and Completed and the Order Granting Plaintiff's Complex Designation Request.

12.     On July 23, 2014, Plaintiff filed a Proof of Service.  Attached as **Exhibit G** is a true and correct copy of the Proof of Service.

13.     On August 14, 2014, the Court issued a Case Management Order.  Attached as **Exhibit H** is a true and correct copy of the Case Management Order.

14.     On August 20, 2014, a Notice of Orders was filed.  Attached as **Exhibit I** is a true and correct copy of the Notice of Orders.

15.     On August 20, 2014, Plaintiff filed a Case Management Statement was filed.  Attached as **Exhibit J** is a true and correct copy of the Case Management Statement.

16.     On August 20, 2014, the Court issued a Case Management Order. Attached as **Exhibit K** is a true and correct copy of the Case Management Order.

17.     Pursuant to 28 U.S.C. section 1446(a), **Exhibits A-K** comprise all process, pleadings, and orders which have been filed and/or served in this matter.  Attached as **Exhibit L** is a true and correct copy of the Superior Court's Docket, last visited August 24, 2014.

## III.   THE PARTIES

18.     According to the FAC, Plaintiff is an adult employed by Werner Enterprises who worked as a truck driver in California.  (FAC ¶ 2.)

19.     Werner Enterprises, Inc. is a Nebraska corporation with its headquarters in Omaha, Nebraska.   (Declaration of Steven K. Tisinger ["Tisinger Decl."] ¶ 2.)    Drivers Management, LLC, Plaintiff's actual employer, is a Delaware limited liability corporation with its principal place of business in Omaha, Nebraska.  (*Id.*)  Drivers Management, LLC is a wholly-owned subsidiary of Gra-Gar, LLC, which is a wholly-owned subsidiary of Werner Enterprises, Inc. (*Id.*)  Werner is not a State, State official, or other government entity.  Werner Enterprises, Inc., Gra-Gar, LLC, and Drivers Management, LLC are hereinafter referred to collectively as "Werner."

///

Case No.

DEFENDANT'S NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

IV.    **TIMELINESS OF REMOVAL**

20.    Under 28 U.S.C. section 1446(b) and Federal Rule of Civil Procedure, Rule 6(a)(1)(C), a Notice of Removal of a civil action must be filed within thirty (30) days of receipt of service of the Summons and Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48, 354 (1999) (holding removal period is triggered by completed state service of process). This action was served by substituted service on July 15, 2014. (*See* **Exhibit G.**) Mail-service was completed on July 16, 2014. (Declaration of Damon M. Ott ["Ott Decl."] ¶ 2, **Ex. 1.**) When the summons and complaint are served by substituted service, service is not complete until ten days after a copy of the summons and complaint is mailed to the defendant. Cal. Code Civ. Proc. § 415.20(a); *see also Gottschalk v. City & County of San Francisco,* 964 F. Supp. 2d 1147, 1165-66 (N.D. Cal. 2013); *Citibank, N.A. v. Francisco,* 2013 U.S. Dist. LEXIS 108999, at *5-6 (E.D. Cal. Aug. 1, 2013); *Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.,* 12 Cal. App. 4th 74, 85 (1993). Given this action was served on July 16, 2014 *via* substituted service, service was not effected until July 26, 2014. *Murphy Bros., Inc., supra,* 526 U.S. at 347-48, 354. Accordingly, this removal was timely filed within 30 days of service.

V.    **THE DISTRICT COURT MAY EXERCISE ORIGINAL JURISDICTION PURSUANT TO CAFA**

21.    District Courts may exercise original jurisdiction under CAFA where: (1) a class action is brought; (2) on behalf of greater than one hundred persons; (3) at least one of whom is a citizen of a state different from any defendant; (4) the amount in controversy exceeds the sum of five million dollars, exclusive of interest and costs; and (5) the defendants are not States, State Officials, or other government entities. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5).

A.    **Plaintiff's Action Is Pled As A Class Action**

22.    Under CAFA, "'class action' means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

23.    Plaintiff styled this action as a class action pursuant to California Code of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

Case No.

DEFENDANT'S NOTICE OF REMOVAL

1  Civil Procedure section 382.  (*See, e.g.,* FAC ¶ 6.)  Plaintiff asserts that she is attempting to represent

2  a class of current and former California truck drivers employed by Werner who work or worked in

3  California after the completion of training at any time during the four years prior to the filing of the

4  legal action through the time it is resolved.  (FAC ¶ 6.)

5  **B.      Plaintiff Brought This Action On Behalf Of More Than 100 Persons**

6  24.      Plaintiff's FAC demonstrates that the putative class she purports to represent

7  significantly exceeds one hundred members.  (FAC ¶ 8.)  Plaintiff seeks to represent all current and

8  former "truck drivers who worked or work in California for Werner after the completion of training

9  at any time since four years before the filing of this legal action and until" resolution of the case.

10  (FAC ¶¶ 6, 9.b.)  Werner's records indicate that more than 14,000 drivers traveled miles in

11  California at some time during the period of June 4, 2010 to July 31, 2014 (meaning they performed

12  some amount of work in California during that period).  (Declaration of Mary Kaye Howe ["Howe

13  Decl."] ¶ 3.)  Accordingly, the putative class Plaintiff seeks to represent currently includes

14  approximately 14,000 unique members, which number will continue to increase over the course of

15  this case.

16  **C.      Plaintiff Is A Citizen Of Mississippi And Werner Is A Citizen Of Nebraska**

17  25.      This is a civil action between citizens of different states.  Plaintiff's current

18  commercial driver's license identifies her address as being in the State of Mississippi[1] and Werner

19  treats Plaintiff as a resident of Mississippi.  (Tisinger Decl. ¶ 4.)  See 28 U.S.C. § 1332(a)(1) (an

20  individual is a citizen of the state in which he or she is domiciled); *State Farm Mut. Auto. Ins. Co. v.*

21  *Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes

22  of determining citizenship).

23  26.      Werner Enterprises is a Nebraska corporation with its headquarters in Omaha,

24  Nebraska.  (Tisinger Decl. ¶ 3.)  Drivers Management, LLC, Plaintiff's actual employer, is a

25  Delaware limited liability corporation with its principal place of business in Omaha, Nebraska.  (*Id.*)

26  Drivers Management, LLC is a wholly-owned subsidiary of Gra-Gar, LLC, which is a wholly-owned

27

28  [1] An individual must receive a commercial driver's license from the state in which he/she resides.
*See* 49 CFR 383.5; 49 CFR 383.71.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5.

Case No.

subsidiary of Werner Enterprises, Inc. (*Id.*)  For diversity purposes, a corporation "shall be deemed a citizen of any State in which it is incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  The Supreme Court's decision in *Hertz v. Friend*, 559 U.S. 77, 91-92 (2010), clarified that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which should "normally be the place where the corporation maintains its headquarters."  In this respect, Werner's corporate headquarters are located in Omaha, Nebraska where its executive and senior management personnel work and its primary operations are located.  (Tisinger Decl. ¶ 3.)

27.    DOES 1 to 100 are fictitious defendants, are not parties to this action, and have not been named or served.  Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("district court was correct in only considering the domicile of the named defendants").

28.    Finally, diversity is sufficiently established under the CAFA where, as here, any single member of a class of plaintiffs is a citizen of a State different from any defendant.  28 U.S.C. § 1332 (d)(2)(A); *see Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005) (noting CAFA vests original jurisdiction for class actions in federal court where minimal diversity exists); *Newcombe*, 157 F.3d at 690-91.  Hence, minimal diversity exists among the parties for removal pursuant to CAFA because Plaintiff is a citizen of the State of Mississippi and Werner is a citizen of the State of Nebraska

**D.    More Than $5,000,000 Lies In Controversy**

29.    Under the CAFA, individual claims are aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  The failure of the FAC to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.  *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6.                                          Case No.

DEFENDANT'S NOTICE OF REMOVAL

1   rules were otherwise, "any Plaintiff could avoid removal simply by declining … to place a specific

2   dollar value upon its claim."). Rather, the inquiry must focus on the amount placed "in controversy"

3   by the FAC, not the amount Werner would owe if Plaintiff prevails. *Lewis v. Verizon Comm'ns,*

4   *Inc.*, 627 F.3d 395, 401 (2010); *see also Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986

5   (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in

6   controversy.").

7          30.     The removing defendant bears the burden of establishing, by a preponderance

8   of the evidence, the amount in controversy. *Rodriguez v. AT&T Mobility Serv. LLC*, 728 F.3d 975,

9   981 (9th Cir. 2013); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When

10  the allegations in a complaint do not establish the amount in controversy, a removing defendant can

11  do so by "provid[ing] evidence establishing that it is 'more likely than not' that the amount in

12  controversy exceeds" the jurisdictional minimum, which it can do using sworn declarations. *Id.*; *see*

13  *also Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (holding that

14  declaration established amount in controversy for removal jurisdiction).

15         31.     Plaintiff asserts six causes of action against Werner Enterprises: (1) failure to

16  provide meal and rest periods; (2) failure to pay minimum and regular wages for off-the-clock work;

17  (3) unauthorized and improper "pay deductions"; (4) failure to provide and maintain accurate

18  itemized wage statements and records; (5) violation of Business and  Professions Code section

19  17200 *et seq.*, California's Unfair Competition Law ("UCL"); and (6) violation of other provisions

20  of the Labor Code for which recovery is allowed pursuant to the PAGA, Labor Code section 2698 *et*

21  *seq.* (FAC ¶¶ 16-45.) California Code of Civil Procedure section 338(a) establishes a three year

22  statute of limitations for actions to recover wages, but a fourth year of recovery is available under

23  California's UCL, which is subject to a four year statute of limitations. Cal. Bus. & Prof. Code §

24  17208; *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 177-179 (2000) (holding

25  actions for unpaid wages pursuant to  Business and Professions Code sections 17200, *et seq* are

26  subject to a four-year statute of limitations).

27         **(a) Calculation Methodology And Assumptions**

28         32.     **Gross Wages and Total Miles Driven By Putative Class:** To determine the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7.

Case No.

DEFENDANT'S NOTICE OF REMOVAL

1   amount in controversy for Plaintiff's claims for unpaid wages and restitution, Werner reviewed the

2   records of the 14,000 interstate truck drivers who traveled miles in California during the relevant

3   period (the "putative class members").  Based on these records, Werner determined that it paid the

4   putative class members a combined total of more than $430,000,000 in gross wages for work

5   performed during the relevant period, and that the class members traveled a combined total of

6   approximately 1,696,000,000 "IFTA miles" during the same period.  (Howe Decl. ¶ 5.)  IFTA miles,

7   which are used for fuel tax reporting, are approximately twelve percent higher than the "trip miles"

8   Werner uses to calculate driver compensation.  (Howe Decl. ¶ 5.)  Accordingly, it is necessary to

9   convert the combined IFTA miles to approximate trip miles by reducing the figure by twelve

10  percent, resulting in a combined "trip miles" of approximately 1,492,000,000 miles for all putative

11  class members during the relevant period.   [1,696,000,000 combined IFTA miles x 88% =

12  1,492,000,000 combined "trip miles".]

13      33.   **Total California Miles Driven By Putative Class Members:**   Of the

14  approximately 1,696,000,000 combined IFTA miles traveled by the putative class during the

15  relevant period, more than 167,000,000 of the miles were traveled in California.  (*Id.*)  Again, it is

16  necessary to convert this figure from IFTA miles to approximate trip miles by reducing it by twelve

17  percent, resulting in a combined "California trip miles" of approximately 146,000,000 during the

18  relevant period.   (Howe Decl. ¶ 5.)   [167,000,000 combined California IFTA miles x 88% =

19  146,000,000 combined California trip miles.]

20      34.   **Maximum Average Hourly Rate for Putative Class:**  Due to Werner's use

21  of a piece-rate compensation plan, calculating an average hourly rate for a driver is difficult, even for

22  a single pay period.  Doing so for the entire putative class would involve a massive undertaking that

23  could not be completed in time for the instant analysis.  Accordingly, it is necessary to use an

24  alternative calculation method using the above-described wage and mileage data and certain

25  conservative assumptions regarding time.  First, the amount paid to putative class members on a per

26  mile basis can be approximated by dividing the combined wages paid to the class during the relevant

27  period ($430,000,000) divided by the total estimated "trip miles" (1,492,000,000), which results in a

28  rounded payment of approximately $.29 per mile.  [$430,000,000 total wages paid / 1,492,000,000

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8.

Case No.

DEFENDANT'S NOTICE OF REMOVAL

1  combined trip miles = $.29 per mile.]  Next, the per mile rate can be converted to an hourly rate

2  using assumptions based, in part, on California's Vehicle Code, which limits truck drivers to a

3  maximum speed of 55 miles per hour.  Cal. Veh. Code § 22406.  Assuming putative class members

4  always drove at a speed of 55 miles per hour when driving in California during the relevant period,

5  the maximum estimated hourly rate paid to putative class members would be $16 per hour.  [$.29 x

6  55 miles per hour = $16 per hour.]  If the putative class members averaged only 28 miles per hour,

7  the estimated hourly rate would still exceed the $8.00 minimum wage rate in place during the

8  relevant period.  [$.29 x 28 miles per hour = $8.12 per hour.]

9        35.  **Minimum Days Worked in California By Putative Class:**  Federal law

10  prohibits truck drivers from driving more than 11 hours in a day. 29 C.F.R. § 395.3.  Assuming each

11  putative class member drove the maximum allowed 11 hours in California for every day the class

12  member drove in California during the relevant period, the putative class members would have

13  worked a combined minimum of 242,909 days in California. [146,000,000 miles traveled in

14  California hours / 55 miles per hour / 11 hours per day = 242,909 days.]  This is the most

15  conservative estimate of the number of days possible, as it assumes each class member drove the

16  maximum number of hours each day, and further assumes that 11 of those hours were driven in

17  California.  On the other hand, it would be lawful for putative class members working on a team to

18  arguably have more than 11 hours "worked" per day in California, provided some of those hours

19  were non-driving hours (i.e., hours resting in the back of the truck).  (Werner does not concede that

20  such rest time constitutes compensable time, but it can be assumed for purposes of this analysis

21  based on Plaintiff's allegations regarding Werner's failure to pay for all time worked.)  The use of

22  the most conservative assumption regarding daily hours driven in California for all putative class

23  members more than offsets for any team drivers who may have had more than 11 hours "worked" in

24  California on any particular day.

25        **(b) Amount In Controversy By Claim**

26        36.  **Failure to Pay Meal Periods and Rest Breaks.**  Plaintiff alleges Werner did

27  not pay Plaintiff and the putative class for missed meal and rest periods.  (FAC ¶¶ 16-20.)  The FAC

28  does not specify the frequency of missed meal periods or rest periods.  Based on Plaintiff's

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9.

Case No.

DEFENDANT'S NOTICE OF REMOVAL

allegation that she and "other members of the Class" were not "provided duty free meal and rest periods" (FAC ¶ 7), it is fair to conclude that Plaintiff alleges Werner failed to provide at least one meal period and one rest period per day per putative class member.   California Labor Code section 226.7 provides that if an employer fails to provide a legally compliant meal period or rest break, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

37.   **Meal Periods.**   Assuming for each day worked in California, one missed meal period premium must be paid at the assumed average hourly rate of $16 per hour, the total amount in controversy for the meal period claim totals $3,886,854.   [242,909 days x $16 per hour = $3,886,854.]   In the alternative, assuming for each day worked in California, one missed meal period premium must be paid at the California minimum wage rate of $8 per hour, the amount in controversy for the meal period premium claim would total $1,943,272.   [242,909 days x $8 per hour = $1,943,272.]

38.   **Rest Breaks.**   Assuming for each day worked in California, one missed rest break premium must be paid at the assumed average hourly rate of $16 per hour, the amount in controversy for the rest break premium claim totals $3,400,838.   [242,909 days x $16 per hour = $3,886,854.]   In the alternative, assuming for each day worked in California, one missed rest break premium must be paid at the California minimum wage rate of $8 per hour, the amount in controversy for the rest break premium claim would total $1,943,272.   [242,909 days x $8 per hour = $1,943,272.]

39.   **Failure to Pay Minimum and Regular Wages.**   Plaintiff alleges Werner failed to pay minimum and regular wages for off-the-clock work.   (FAC ¶¶ 21-25.)   The FAC does not provide the number of alleged unpaid hours worked.   Plaintiff contends that putative class members were paid "based on miles driven."   (FAC ¶ 15.)   Werner assumes Plaintiff and the putative class members allege they were not paid for, at a minimum, two ten-minute rest breaks due to Werner's mile-based piece-rate compensation plan and the holding of *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864 (2013).   Accordingly, it can be safely assumed that for each day worked in California, Plaintiffs seek wages for a minimum of 20 minutes of off-the-clock for unpaid rest

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Case No.

DEFENDANT'S NOTICE OF REMOVAL

breaks.  At the assumed average hourly rate of $16 per hour, the amount in controversy for this amount of off-6the-clock time totals $1,295,514.  [242,909 days x 20 minutes per day x $16 per hour = $1,295,514.]  If the average hourly rate of $8 per hour is used instead, the amount in controversy for the same off-the-clock time would total $647,757.  [242,909 days x 20 minutes per day x $8 per hour = $647,757.]  To the extent Plaintiff is seeking payment for other minimum and regular wages, the amount in controversy would increase.

40.    **Unauthorized Deductions.**  Plaintiff alleges Werner made unauthorized deductions.  (FAC ¶¶ 26-30.)  Plaintiff contends that these unauthorized deductions are for payment of advances and bonds.  (FAC ¶ 15).  The FAC does not identify the amount of unauthorized deductions, however, until recently, Werner required each of its employees to pay a $400 bond at the outset of their employment.  (Tisinger Decl. ¶ 9.)  There are approximately 12,000 terminated putative class members.  (Howe Decl. ¶ 4.)  Assuming the bond was not authorized and the entirety of the bond is not returned at the conclusion of each terminated putative class members' employment, the amount in controversy for the unauthorized deductions is, at a minimum, $4,800,000. [12,000 terminated putative class members x $400 bond = $4,800,000.]

41.    **Failure to Provide Accurate Wage Statements.**  Plaintiff alleges Werner failed to provide accurate wage statements and is subject to civil penalties as a result.  (FAC ¶¶ 31-34.)  Based on its IFTA tax records, Werner estimates that approximately 3,600 members of the putative class traveled miles in California during the period of January 1, 2014 to June 4, 2014.  (Howe Decl. ¶ 5.)  Werner issues wage statements on a weekly basis.  (Tisinger Decl. ¶ 9.)  Assuming that approximately 3,678 putative class members were employed at any one time during the one year period preceding the filing of the complaint (the period relevant for alleged violations of Labor Code section 226), it can be conservatively estimated that a total of 52 alleged inaccurate wage statements were issued during the year.  Penalties for an initial violation of Labor Code section 226 is $50 per wage statement.  Cal. Lab. Code § 226(e).  Based on the foregoing assumptions, the amount in controversy for Plaintiff's wage statement claim is $9,360,000.  [3,600 truck drivers x $50 penalty per wage statement x 52 weeks = $9,360,000.]

42.    **Waiting Time Penalties.**  Plaintiff and the putative class members seek

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Case No.

DEFENDANT'S NOTICE OF REMOVAL

waiting time penalties pursuant to Labor Code section 203. (FAC ¶¶ 18, 23, 28.) Labor Code section 203 provides for penalties in an amount up to 30 days' wages for failure to timely pay wages to employees whose employment terminates, which provision is subject to a three year statute of limitations. Cal. Lab. Code § 203. Werner conservatively estimates that 8,000 putative class members terminated during the three year period preceding the filing of the complaint. (Howe Decl. ¶ 4). As explained, putative class members can drive for a maximum of 11 hours in a day. 29 C.F.R. § 395.3. Assuming the terminated putative class members worked only an average of 8 hours per day and were paid an average hourly rate of $16 per hour, the amount in controversy for waiting time penalties would be $30,720,000. [8,000 terminated putative class members x 30 days x 8 hours per day x $16 per hour = $30,720,000.] Assuming an average hourly rate of only $8 per hour, the amount in controversy for waiting time penalties would still total $15,360,000. [8,000 terminated truck drivers x 30 days x 8 hours per day x $8 per hour = $15,360,000.]

43. **PAGA.** Plaintiff seeks to recover PAGA penalties on behalf of herself and other alleged aggrieved employees for 24 alleged Labor Code violations and under the Wage Order.[2] (FAC ¶¶ 40-45.) Although not calculated here, these alleged Labor Code violations under the PAGA would increase the amount in controversy.

44. **Attorneys' Fees.** Plaintiff seeks attorneys' fees for the alleged California Labor Code violations. FAC, Prayer For Relief. Sizeable fee awards are recognized in class actions involving asserted violations of the Labor Code, including Labor Code sections 203 and 226.7. *See e.g., Amaral v. Cintas Corp. No. 2,* 163 Cal. App. 4th 1157, 1216-18 (2008) (affirming award of $757,000 in attorneys' fees in a Labor Code section 203 matter); *Vasquez v. California,* 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims seeking waiting time penalties); *Pellegrino v. Robert Half Int'l, Inc.,* 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926.85 in attorneys' fees for an overtime and meal/rest period class). In California, it is not uncommon for fee awards to consist of 25 to 30 % of gross awards to plaintiffs.

45. The below chart identifies the sum total of the amount in controversy for each

---

[2] Plaintiff cannot assert PAGA penalties for the Wage Order or any violation of the Labor Code not enumerated under PAGA. Cal. Lab. Code § 2699.5.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

alleged violation set forth in Paragraphs 33-41 *supra* assuming an hourly rate of $16 and, in the alternative, an hourly rate of $8:

| Claim | Amount in Controversy ($16 Hourly Rate) | Amount in Controversy ($8 Hourly Rate) |
|---|---|---|
| Meal Periods | $3,886,854 | $1,943,272 |
| Rest Breaks | $3,886,854 | $1,943,272 |
| Minimum and Regular Wages | $1,295,514 | $647,757 |
| Unauthorized Deductions | $4,800,000 | $4,800,000 |
| Wage Statements | $9,360,000 | $9,360,000 |
| Waiting Time Penalties | $30,720,000 | $15,360,000 |
| **TOTAL** | **$53,949,222** | **$34,054,301** |
| PAGA | + | + |
| Attorneys' Fees | +25% | +25% |

46.     Thus, the FAC places in controversy an amount far in excess of the jurisdictional minimum required to establish diversity under the CAFA.  There can be no good faith dispute that the jurisdictional threshold for removal jurisdiction under the CAFA is satisfied here.

**NOTICE TO PLAINTIFF AND THE STATE COURT**

47.     As required by 28 U.S.C. section 1446(b), Werner is concurrently providing Plaintiff, through her counsel, with written notice of this removal.

48.     Further, Werner is also concurrently filing a copy of the Notice of Removal with the Superior Court of the State of California, in and for the County of Solano, pursuant to 28 U.S.C. section 1446(d).

WHEREFORE, Werner hereby removes this action from the Superior Court of the State of California, in and for the County of Alameda, to the United States District Court, Northern District of California.

///

///

///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Case No.

DEFENDANT'S NOTICE OF REMOVAL

Dated: August 25, 2014

/s/ Damon M. Ott
J. KEVIN LILLY
DAMON M. OTT
ALISON CUBRE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
WERNER ENTERPRISES, INC.

Firmwide:128408793.2 081559.1001

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

14.

Case No.

DEFENDANT'S NOTICE OF REMOVAL