UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTONIA RUSSELL,

    Plaintiff,

    v.

WERNER ENTERPRISES, INC.,

    Defendant.

No. C 14-3839 PJH

**ODER GRANTING MOTION TO TRANSFER VENUE**

    In this action, plaintiff Antonia Russell asserts wage-and-hour claims against defendant Werner Enterprises, Inc. ("Werner") on her own behalf and on behalf of a proposed class of truck drivers employed by Werner who at any time during the four years prior to the filing of the complaint drove a truck for Werner in the State of California. Werner is incorporated in the State of Nebraska and its headquarters are located in Omaha, Nebraska.

    Before the court is Werner's motion for an order transferring the case to the District of Nebraska, where two other wage-and-hour cases filed against Werner by its truck drivers are pending. Werner seeks transfer under the "first-to-file" rule, or, in the alternative, under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses. Having read the parties' papers and carefully considered their arguments and the relevant

legal authority, the court hereby DENIES the motion to transfer under the "first-to-file" rule, and GRANTS the motion the motion to transfer for the convenience of parties and witnesses.

1. Transfer under the "first-to-file" rule

Under the "first to file" rule, "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." Church of Scientology of Cal. v. U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979).

A federal district court has discretion to dismiss, stay, or transfer a case to another district under the "first-to-file" rule. Alltrade, Inc. v. Uniweld Prods. Inc., 946 F.2d 622, 628 (9th Cir. 1991). In determining whether to apply the rule, courts generally consider three factors: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. Id. at 625.

The motion is DENIED. While it is true that the Nebraska actions were filed before this action, and that Werner is a defendant in all three actions, and that all three actions challenge one or more of Werner's practices with regard to compensating its drivers, it also appears that the members of the Nebraska classes and the putative members of the class proposed in this case are not the same.

In addition, while the issues are broadly similar, in that the plaintiffs in each case allege that Werner failed to pay them as required under the applicable law, the present action asserts claims only under California law, while the Nebraska cases assert claims under federal law and Nebraska law. Accordingly, Werner has not met its burden of showing that transfer is warranted under the "first-to-file" rule.

2. Transfer under 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

2

brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A district court conducts an "individualized, case-by-case consideration of convenience and fairness" and considers multiple factors when determining if transfer is appropriate. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.2000) (quotation and citation omitted).

Courts in this district commonly use the following factors to evaluate whether the interests of justice warrant a transfer of venue under § 1404(a): (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the ease of access to the evidence, (5) the familiarity of each forum with the applicable law, (6) the feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. See Williams v. Bowman, 157 F.Supp. 2d 1103, 1106 (N.D. Cal. 2001); see also Vu v. Ortho-McNeil Pharmaceutical, Inc., 602 F.Supp. 2d 1151, 1156 (N.D. Cal. 2009).

The motion is GRANTED. The parties do not dispute that venue is proper in the State of Nebraska, or that the case could have been brought there. Thus, the only disputed issues involve the "convenience" factors and the other factors identified in, e.g., Williams.

With regard to the convenience of the parties, it would be more convenient for Werner to litigate the case in Nebraska, where its headquarters are located and all its records are maintained, and where it is already defending against two other class actions challenging its methods and practices with regard to paying its truck drivers.

With regard to plaintiff's convenience, the court notes, first, that plaintiff is a resident of Mississippi, and does not claim to have lived in California during the relevant period. Nor does she explain why California would be a more convenient forum for her. Werner has provided evidence showing that plaintiff made more than 130 trips during her periods of employment for Werner between January 2013 and the present, but that only five of those started or ended at a location in California. All other trips started or ended outside of California. Notwithstanding having minimal contacts with the State, plaintiff chose to file

3

suit in California, possibly because that is where her counsel are located. However, the convenience of counsel is irrelevant for purposes of considering the convenience of parties. See Zimpelman v. Progressive Northern Ins. Co., 2010 WL 135325 at *1 (N.D. Cal. Jan. 8, 2010); Costco Wholesale Corp. v. Liberty Mut. Ins. Co., 472 F.Supp. 2d 1183, 1195-96 (S.D. Cal. 2007).

Ordinarily, the defendant must make a strong showing of inconvenience to overcome the plaintiff's choice of forum. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). However, this presumption may be rebutted due to a variety of circumstances, including when the party who has selected the challenged forum does not reside there; where there is some suggestion of forum shopping by the non-moving party; and when the chosen forum lacks a significant connection to the activities alleged in the complaint. Signal IP, Inc. v. ford Motor Co., 2014 WL 4783537 at *3 (C.D. Cal. Sept. 25, 2014); Microsoft Corp. v. Tivo, Inc., 2011 WL 1930640 at *3 (W.D. Wash. May 19, 2011); Williams, 157 F.Supp. 2d at 1107; see also Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2014 ed.) § 4:761. Thus, in this case, the court finds that the convenience of the defendant Werner outweighs that of the plaintiff.

With regard to the convenience of witnesses, which is generally considered "the most important factor" in determining whether a transfer under § 1404(a) is appropriate, the court finds that Werner's identification of its witnesses by job function and its showing that its corporate headquarters, key employees, and relevant documents are all located in Nebraska, outweigh plaintiff's unsupported assertion that fewer than one quarter of the unnamed class members may reside in California, and that there are thousands of non-party Californians "who observed drivers when their trucks were stopped and have material testimony on that point."

Finally, the court finds that the remaining factors largely favor transfer. In particular, because all the relevant employment and personnel records – and employees who are familiar with those records and able to testify about them – are located in Omaha, the factor of ease of access to proof favors transfer.

4

Accordingly, it is hereby ORDERED that this case be transferred to the District of Nebraska. The date for the hearing on this motion, previously set for October 8, 2014, is VACATED.

**IT IS SO ORDERED.**

Dated: October 6, 2014

PHYLLIS J. HAMILTON
United States District Judge