IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
EZEQUIEL OLIVARES ABARCA,      )
individually and on behalf of  )
all those similarly situated,  )
                               )
             Plaintiffs,       )         8:14CV319
                               )
      v.                       )
                               )
WERNER ENTERPRISES, INC.,      )         ORDER
DRIVERS MANAGEMENT, LLOC,      )
and DOES 1-100, inclusive,     )
                               )
             Defendants.       )
_____)
```

This matter is before the Court on plaintiffs' motion to appoint interim class counsel under Federal Rule of Civil Procedure 23(g)(3) (Filing No. 65).  The defendants filed a brief in opposition (Filing No. 66), to which the plaintiffs replied (Filing No. 68).  After reviewing the motion, briefs, and relevant law, the Court will grant the plaintiffs' motion.

**Law**

Under Rule 23(g)(3), the Court may designate interim class counsel before determining whether to certify the action as a class action.  Fed.R.Civ.P. 23(g)(3).  When appointing class counsel, the Court must consider the work counsel has done in identifying and investigating potential claims, counsel's experience in handling class actions, counsel's knowledge of the

applicable law, and the resources that counsel will commit to representing the class. See Fed.R.Civ.P. 23(g)(1)(A).

**Discussion**

The plaintiffs move this Court to appoint interim class counsel and propose the appointment of James M. Sitkin of the Law Offices of James M. Sitkin, Justin Swidler and Richard Swartz of Swartz Swidler, LLC, and David Borgen, Laura L. Ho, and Raymond A. Wendell of Goldstein, of Borgen, Dardarian & Ho. In addition, plaintiffs have provided the Court with declarations of the counsel's work on the current matter and previous experience in class action litigation. The defendants oppose the appointment of class counsel until the Court rules on plaintiffs' motion for class certification.

The Court finds that Rule 23(g)(3) gives the Court discretion to appoint interim class counsel before class certification. The proposed class counsel meets all the requirements under Rule 23(g)(1)(A). Therefore, the Court will grant the plaintiffs' motion. Accordingly,

IT IS ORDERED that plaintiffs motion to appoint interim class counsel is granted.

DATED this 9th day of September, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court