IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
EZEQUIEL OLIVARES ABARCA,      )
individually nd on behalf of   )
all those similarly situated,  )
et al.,                        )
                               )
            Plaintiffs,        )      8:14CV319
                               )
     v.                        )
                               )
WERNER ENTERPRISES, INC.,      )      MEMORANDUM AND ORDER
and DOES 1-100, inclusive,     )
                               )
            Defendants.        )
_____)
```

This matter is before the Court on plaintiffs' motion to compel deposition appearances; request for expedited briefing and decision (Filing No. 91), and defendants' motion for protective order (Filing No. 101). The matter has been fully briefed by the parties. *See* Filing Nos. 88, 102, and 105.[1] After review of the motions, the parties' briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

This matter arises out of plaintiffs' pursuit of a class action suit. Plaintiffs allege eight causes of action against Werner Enterprises, Inc. ("Werner"), Does 1-100, inclusive, and Drivers Management, LLC (collectively

---

[1] The Court notes a number of other motions from the parties are currently pending. Due to the parties' request that this matter be determined on an expedited basis, this matter was given priority.

"defendants"). *See* Filing No. 80. Plaintiffs "assert violations of California law" and "violations of Nebraska law" causing "some form of injury" due to defendants'

> uniform policy and practice [of] . . . not paying all wages owed, not paying for all time worked . . . making improper deductions from pay for work performed, not providing properly itemized pay statements that accurately reflect hours worked, applicable hourly rates . . . and, according to Plaintiff's information and belief, not maintaining records that accurately reflect hours worked and applicable hourly rates.

(*Id.* at 6).

On June 4, 2014, Antonia Russell filed a putative class action against Werner under California wage and hour law in a California state court. After the named plaintiffs in the current action joined and Ms. Russell dismissed her claims without prejudice, Werner removed the case from the California state court to the United States District Court for the Northern District of California. The case was then transferred to this Court pursuant to 28 U.S.C. § 1404(a). *See* Filing No. 23. On March 18, 2015, plaintiffs filed a joint stipulation for leave to file a second amended complaint (Filing No. 50).[2] On March 30,

---

[2] On February 18, 2015, the Court, in accordance with Federal Rule of Civil Procedure 26(f), issued an order determining that "[d]iscovery limited to class certification shall be completed by November 16, 2015." (Filing No. 49).

-2-

2015, the Court approved and adopted the stipulation in part allowing plaintiffs to file a second amended complaint (Filing No. 51) on or before April 6, 2015, and gave defendants twenty days after the filing of the amended complaint to respond.  On September 16, 2015, with no objection from the defendants, the Court again permitted plaintiffs to amend their complaint (Filing No. 79).  The newest complaint adds a nationwide class, in addition to the California class.  *See* Filing No. 80.  Defendants filed an answer to the third amended complaint on September 30, 2015 (Filing No. 87).  That same week, after counsels' meet and confer conferences broke down, plaintiffs filed a motion to compel regarding certain discovery issues.  *See* Filing No. 88.  This matter is related to the break down of the parties' meet and confer conferences and arises out of plaintiffs' request concerning the taking of certain depositions under Federal Rule of Civil Procedure 30(b)(6) and three other individual deponents.  *See* Filing No. 88.

Plaintiffs request the Court "for an order compelling Defendant Werner . . . to produce . . . witnesses whom Werner has refused to produce on the dates duly noticed . . . ."  (*Id.* at 1).  Defendants not only seek denial of plaintiffs' motion, but also seek a protective order staying the depositions until plaintiffs' initial motion to compel (Filing No. 69) and Werner's

motion to consolidate (Filing No. 81) are decided (Filing No. 102). Defendants also request the Court to limit "the length of each Werner representative's deposition to 7 hours in the aggregate," prohibit elicitation of testimony regarding certain "Topics," and to strike the words "including, but not limited to" within certain "Topics." (*Id.* at 17).

**LAW**

"A district court is afforded wide discretion in its handling of discovery matters." *Cook v. Katridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988). Under the Federal rules "reasonable written notice to opposing counsel before the taking of an oral deposition" is required. *F.A.A. v. Landy*, 705 F.2d 624, 634 (2nd Cir. 1983) (citing Fed.R.Civ.P. 30(b)(1)). "A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . . ." Fed.R.Civ.P. 37(a). Such motions "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed.R.Civ.P. 37(a)(2)(A); *see also* NECivR 7.1(i). "The party resisting production bears the burden of establishing . . . undue burden." *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000).

**DISCUSSION**

    **A. Plaintiffs' Motion to Compel**

The Court finds that plaintiffs' motion to compel should be denied. Given the timing of the plaintiffs' amending their complaint, the pending motions before the Court, and the timing of plaintiffs' filing of the present motion in relation to the parties' meet and confer meetings, the Court finds that defendants have carried their required burden. Discovery will be stayed pending the resolution of plaintiffs' motion to compel responses to interrogatories and requests for production (Filing No. 69) and defendants' motion to consolidate (Filing No. 81). The Court determines that resolution of plaintiffs' first motion to compel will likely provide the parties with guidance from the Court in the effective furtherance of future discovery. The Court also believes that resolution of defendants' motion to consolidate, though unopposed, will likewise assist in resolving the parties' disagreements with regard to time limitations of the depositions.

    **B. Defendants' Protective Order**

Based on the Court's decision above, defendants' motion for protective order (Filing No. 101) will be denied as moot at this time. While the Court believes that resolution of the parties' motions (Filing Nos. 69 and 81) will provide the

-5-

parties' guidance in going forward with discovery, nothing in the Court's decision today will preclude either party from pursuing additional motions to compel or for protective orders if the parties continue to be unable to reach agreements in the future. However, the Court encourages the parties to seek productive means and methods of future meet and confer meetings to avoid the need of involving the Court in future discovery disputes if and when possible.  Accordingly,

IT IS ORDERED:

1) Plaintiffs' motion to compel deposition appearances is denied.

2) Further discovery shall be stayed pending resolution of the plaintiffs' motion to compel responses to interrogatories and requests for production (Filing No. 69) and defendants' motion to consolidate (Filing No. 81).

3) Defendants' motion for protective order is denied as moot at this time.

DATED this 29th day of October, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court