IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EZEQUIEL OLIVARES ABARCA, individually nd on behalf of all those similarly situated, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:14CV319 |
| v. | ) ) | |
| WERNER ENTERPRISES, INC., and DOES 1-100, inclusive, | ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on plaintiffs' motion to compel responses to interrogatories and requests for production (Filing No. 69). The motion has been fully briefed by the parties. *See* Filing Nos. 70, 74, 82. After review of the motion, the parties' briefs, and relevant law, the Court finds as follows.

**BACKGROUND**

This matter arises out of plaintiffs' pursuit of a class action suit. Plaintiffs allege eight causes of action against Werner Enterprises, Inc. ("Werner"), Does 1-100, inclusive, and Drivers Management, LLC (collectively "defendants"). *See* Filing No. 80. Plaintiffs "assert violations of California law" and "violations of Nebraska law" causing "some form of injury" due to defendants'

> uniform policy and practice [of]
> . . . not paying all wages owed,
> not paying for all time worked
> . . . making improper deductions
> from pay for work performed, not
> providing properly itemized pay
> statements that accurately reflect
> hours worked, applicable hourly
> rates . . . and, according to
> Plaintiff's information and belief,
> not maintaining records that
> accurately reflect hours worked and
> applicable hourly rates.

(*Id.* at 6).

On June 4, 2014, Antonia Russell filed a putative class action against Werner under California wage and hour law in a California state court. After the named plaintiffs in the current action joined and Ms. Russell dismissed her claims without prejudice, Werner removed the case from the California state court to the United States District Court for the Northern District of California. The case was then transferred to this Court pursuant to 28 U.S.C. § 1404(a). *See* Filing No. 23. On March 18, 2015, plaintiffs filed a joint stipulation for leave to file a second amended complaint. (Filing No. 50.)[1] On March 30, 2015, the Court approved and adopted the stipulation in part allowing plaintiffs to file a second amended complaint (Filing No. 51). The Court ordered the amended complaint to be filed on

---

[1] On February 18, 2015, the Court, in accordance with Federal Rule of Civil Procedure 26(f), issued an order determining that "[d]iscovery limited to class certification shall be completed by November 16, 2015." (Filing No. 49.)

or before April 6, 2015, and gave defendants twenty days after the filing of the amended complaint to respond. On September 16, 2015, with no objection from the defendants, the Court again permitted plaintiffs to amend their complaint (Filing No. 79). The newest complaint adds a nationwide class, in addition to the California class. *See* Filing No. 80. Defendants filed an answer to the third amended complaint on September 30, 2015 (Filing No. 87).

This matter is related to the break down of the parties' meet and confer conferences and arises out of plaintiffs' request concerning defendants' responses to certain interrogatories and requests for production. *See generally*, Filing No. 70. Plaintiffs request a court order "compelling [Werner] to produce sufficient responses to: (1) [p]laintiff . . . Abarca's Interrogatories Nos. 1-12 . . .; (2) [p]laintiff . . . Alesna, Jr.'s Interrogatories Nos. 1-2 and 6-8 . . .; and (3) [p]laintiff . . . Abarca's Requests for Production of Documents Nos. 4, 7-8, 10, 12-18, 21, 23, 28-32, 35-37, and 39-49 . . . ." (Filing No. 69 at 1.)

**LAW**

"A district court is afforded wide discretion in its handling of discovery matters." *Cook v. Katridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988). Courts recognize Federal Rule of

Civil Procedure 26(b) "as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (internal citations omitted). However, the proponent of discovery must make "[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear on, any issue that is or may be in the case." *Hofer*, 981 F.2d at 380. In the event of noncompliance with a discovery request for relevant information, Rule 37(a) provides, "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(2)(A); *see also* NECivR 7.1(i). "The party resisting production bears the burden of establishing lack of relevancy or undue burden." *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000) (internal citations omitted).

**DISCUSSION**

The Court finds that plaintiffs' motion to compel should be denied in its entirety. At the present time, the Court

has limited the parties' discovery to issues related to class certification.  *See* Filing No. 49.  Therefore, the Court finds that defendants have sufficiently established their requisite burden.  As previously indicated in its October 29, 2015, order (Filing No. 115), the Court encourages the parties to seek productive means and methods of future meet and confer meetings to avoid the need of involving the Court in future discovery disputes, if and when possible.  Accordingly,

      IT IS ORDERED that plaintiffs' motion to compel responses to interrogatories and requests for production is denied.

      DATED this 13th day of November, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court