IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EZEQUIEL OLIVARES ABARCA, individually nd on behalf of all those similarly situated, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:14CV319 |
| v. | ) ) | |
| WERNER ENTERPRISES, INC., and DOES 1-100, inclusive, | ) ) ) | |
| Defendants. | ) ) | |
| WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | 8:15CV287 |
| v. | ) ) | |
| WERNER ENTERPRISES, INC., d/b/a C.L. WERNER, INC., a corporation, and DOES 1-100, inclusive, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on defendants Werner

Enterprises, Inc., and Drivers Management, LLC's (collectively,

"Werner") motion to consolidate *Abarca et al., v. Werner, et al.*,

Case No. 8:14CV319 ("Abarca"), with *Smith v. Werner, et al.,* Case

No. 8:15CV287 ("Smith"). The plaintiffs in the *Abarca* case filed

a statement regarding the motion to consolidate (Filing No. 94 in

8:14CV319) stating that they did not oppose the defendants'
motion to consolidate.  The plaintiff in *Smith* did not file a
brief in opposition.  For the reasons explained below, the motion
to consolidate will be granted.

**Background**

Werner is a large national trucking company with its
headquarters in Omaha, Nebraska.  Both of the above-mentioned
plaintiffs allege Werner violated various wage and hour laws.
The two cases involve similar allegations.  However, the Abarca
plaintiffs pointed out differences between the two cases (*See*
Filing No. 94).  Both cases allege violations under California
law; however, Abarca has asserted additional claims under the
Nebraska Wage and Hour Act and the Nebraska Wage Payment and
Collection Law.  The Abarca plaintiffs generally do not oppose
consolidation and the Smith plaintiff was silent on the matter.

**Discussion**

Federal Rule of Civil Procedure 42(a) allows for
consolidation of cases involving common issues of law or fact as
a matter of convenience and economy in judicial administration.
Fed.R.Civ.P. 42(a).  "The district court is given broad
discretion to decide whether consolidation would be desirable and
the decision inevitably is contextual."  *Cisler v. Paul A.
Willsie Co.,* Case No. 8:09CV365, 2010 WL 3237222, *2 (D. Neb.

Aug. 13, 2010). When ruling on a motion to consolidate, "[t]he court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause." *Id*. (citation omitted). Lawsuits involving the same parties are "apt candidates for consolidation." *Id*. (quotation and citation omitted). However, consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.,* 135 F.3d 543, 551 (8th Cir. 1998).

After reviewing the matter, the Court concludes that consolidating the cases is appropriate. The cases involve common issues of law and fact. In addition, both cases are in the initial stages of discovery and discovery on the claims will overlap. Consolidation will conserve judicial resources, as well as the resources of the parties. As a result, the Court will grant the defendants' motion. Accordingly,

IT IS ORDERED that Werner's motion to consolidate (Filing No. 81 in 8:14CV319; Filing No. 32 in 8:15CV287) is granted for purposes of discovery and trial.

DATED this 19th day of November, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____

LYLE E. STROM, Senior Judge
United States District Court