IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EZEQUIEL OLIVARES ABARCA, individually and on behalf of all those similarly situated, ALFREDO ALESNA JR., individually and on behalf of all those similarly situated, DAVID CAGLE, individually and on behalf of all those similarly situated, STEPHEN L. DAVIS, individually and on behalf of all those similarly situated, FRANK EADS, individually and on behalf of all those similarly situated, and KENNETH J. SURMAN, individually and on behalf of all those similarly situated, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | | |
| Plaintiffs, ) | | 8:14CV319 |
| ) | | |
| v. ) | | |
| ) | | |
| WERNER ENTERPRISES, INC., and DOES 1-100, inclusive, ) ) ) | | |
| Defendants. ) _____) | | |
| WILLIAM SMITH, on behalf of himself, all others similarly situated, and on behalf of the general public, ) ) ) ) ) | | |
| Plaintiff, ) | | 8:15CV287 |
| ) | | |
| v. ) | | |
| ) | | |
| WERNER ENTERPRISES, INC., a corporation, and DOES 1-100, inclusive, ) ) ) ) | | MEMORANDUM AND ORDER |
| Defendants. ) _____) | | |

This matter is before the Court on two motions filed by the parties. The plaintiffs move for class certification (Filing No. 135). The defendants move for leave to submit new authority in opposition to plaintiffs' motion for class certification (Filing No. 146). The matters have been fully briefed by the parties. *See* Filing Nos. 136, 141, 143, 146, 147.[1] After review of the motions, the parties' briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

This case arises out of plaintiffs' pursuit of a class action suit. Plaintiffs allege eight causes of action against Werner Enterprises, Inc. ("Werner"), Does 1-100, inclusive, and Drivers Management, LLC (collectively "defendants"). *See* Filing No. 80. Plaintiffs "assert violations of California law" and "violations of Nebraska law" causing "some form of injury" due to defendants'

> uniform policy and practice [of]
> . . . not paying all wages owed,
> not paying for all time worked
> . . . making improper deductions
> from pay for work performed, not
> providing properly itemized pay
> statements that accurately reflect
> hours worked, applicable hourly
> rates . . . and, according to

---

[1] All filing numbers cited within this memorandum and order are taken from Case No. 8:14CV319.

>     [p]laintiff's information and
>     belief, not maintaining records
>     that accurately reflect hours
>     worked and applicable hourly rates.

(*Id.* at 6).

On June 4, 2014, Antonia Russell filed a putative class action against Werner under California wage and hour law in a California state court. After the named plaintiffs in the current action joined and Ms. Russell dismissed her claims without prejudice, Werner removed the case from the California state court to the United States District Court for the Northern District of California. The case was then transferred to this Court pursuant to 28 U.S.C. § 1404(a). *See* Filing No. 23. On March 18, 2015, plaintiffs filed a joint stipulation for leave to file a second amended complaint (Filing No. 50).[2] On March 30, 2015, the Court approved and adopted the stipulation in part allowing plaintiffs to file a second amended complaint (Filing No. 51) on or before April 6, 2015, and gave defendants twenty days after the filing of the amended complaint to respond. On September 16, 2015, with no objection from the defendants, the Court again permitted plaintiffs to amend their complaint (Filing

---

[2] On February 18, 2015, the Court, in accordance with Federal Rule of Civil Procedure 26(f), issued an order determining that "[d]iscovery limited to class certification shall be completed by November 16, 2015." (Filing No. 49).

No. 79). The latest complaint added a nation-wide class (the "Nebraska Class"), in addition to the California class. *See* Filing No. 80. Defendants filed an answer to the third amended complaint on September 30, 2015 (Filing No. 87).

On November 19, 2015, the Court granted Werner's motion to consolidate the above-captioned case with *Smith v. Werner, et al.*, Case No. 8:15CV287 ("Smith") (Filing No. 119). Case No. 8:14CV319 was designated the "Lead Case" on January 22, 2016 (Filing No. 131). On April 1, 2016, the plaintiffs moved for class certification (Filing No. 135). On May 31, 2016, after the matter was fully briefed, defendants moved for leave to submit new authority in opposition to plaintiffs' motion for class certification (Filing No. 146).

**LAW**

For certification of a class under Federal Rule of Civil Procedure 23, plaintiffs must show that:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In addition, plaintiffs must satisfy one of the three requirements in Rule 23(b). In the present case, plaintiffs claim class action status under Rule 23(b)(3) for which the Court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs also claim class action status under 23(b)(2) for which the Court must find that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiffs lastly "request certification of a *hybrid* class under both Rules 23(b)(2) and 23(b)(3)." (Filing No. 143 at 28) (emphasis in original).

A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed.

2d 740 (1982). Such analysis cannot be conducted "without reasonable specificity" to the plaintiffs' pleadings. *Falcon*, 457 U.S. at 161 (quoting *Johnson v. Georgia Hwy Express, Inc.*, 417 F.2d 1122, 1126 (5th Cir. 1969)). In addition, a rigorous analysis "may require the court to resolve disputes going to the factual setting of the case, and such disputes may overlap the merits." *Blades v. Monsanto Co.*, 400 F.3d 562, 567 (8th Cir. 2005). "Nonetheless, such disputes may be resolved only insofar as resolution is necessary to determine the nature of the evidence that would be sufficient, if the plaintiff's general allegations were true, to make out a prima facie case for the class." *Blades*, 400 F.3d at 567.

**DISCUSSION**

As an initial matter, the Court has read and will consider the additional authority provided by the defendants in resolving the motion for class certification. Therefore, since defendants already provided the Court with the additional authority, the defendants' motion for leave to submit new authority in opposition to plaintiffs' motion for class certification will be denied as moot.

Plaintiffs seek certification of two classes (Filing No. 135 at 1-2). Plaintiffs call the first putative class the "Nebraska Class" (*Id.* at 1). This is the newly added nation-wide

class. *See* Filing No. 80. This class would consist "of all truck drivers who worked or work anywhere for Werner after the completion of training at any time since four years before the filing of this . . . action until . . . there is a final disposition of th[e] lawsuit." (Filing No. 135 at 1).

Plaintiffs call the second putative class, or subclass, the "California Class" (*Id.* at 2). The California Class would consist "of all truck drivers who worked or work in California for Werner after the completion of training at any time since four years before the filing of this . . . action until . . . there is a final disposition of th[e] lawsuit." (*Id.*) Plaintiffs seek certification under Rules 23(b)(2) and 23(b)(3) (*Id.*) Furthermore plaintiffs "also request that the Court appoint [p]laintiffs Abarca, Alesna, Cagle, Davis, Eads, Smith, and Surman as Class Representatives" and "appoint [p]laintiffs' counsel . . . as Class Counsel." (*Id.*)

**I. The California Class**

After conducting a thorough and "rigorous analysis," the Court concludes that plaintiffs' motion for class certification as to the California Class should be denied. As discussed in more detail below, the Court finds that the California Class is not adequately defined and/or clearly ascertainable. The plaintiffs' inability to adequately define a

-7-

clearly ascertainable class highlights the plaintiffs' failure to sufficiently satisfy their burden of demonstrating the existence of the four prerequisites under Rule 23(a).

At the onset of this analysis, the Court notes the varying ways plaintiffs characterize the California Class throughout their filings. For example, in their motion for class certification the plaintiffs define the California Class as including "all truck drivers who worked or work in California for Werner after the completion of training at any time since four years before the filing of this . . . action until such time as there is a final disposition . . . ." (Filing No. 135 at 2). However, in their reply brief in support of class certification, plaintiffs seemingly argue the class should consist of "all drivers who drove *some distance* in California during the class period . . . ." (Filing No. 143 at 3) (emphasis added). On the next page plaintiffs next appear to argue that the class ought to consist of either "drivers who have driven at *least one mile* in California . . ." or of individuals who have "traveled *through California* as part of [their] duties as [] Werner driver[s]." (*Id.* at 4) (emphases added).

Defendants contend the California Class, as defined by plaintiffs, is not ascertainable (Filing No. 141 at 23-27). Defendants argue against the certification of the California

Class claiming that in order to "determine who 'worked' in California, the Court would have to review each driver's driving history, each day, to determine where he drove and, if he drove in California, when, and for how long." (*Id.* at 2).

The United States Court of Appeals for the Eighth Circuit has recently reaffirmed that "'[i]t is elementary that in order to maintain a class action, the class sought to be represented *must be adequately defined and clearly ascertainable*.'" *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 996 (8th Cir. 2016) (quoting *Ihrke v. N. States Power Co.*, 459 F.2d 566, 573 n.3 (8th Cir.), *vacated due to mootness*, 409 U.S. 815, 93 S. Ct. 66, 34 L. Ed. 2d 72 (1972)) (emphasis added). The Eighth Circuit held in *Sandusky* that ascertainability should not be addressed "as a separate, preliminary requirement . . . ." 821 F.3d at 996. Instead, the Eighth Circuit "adheres to a rigorous analysis of the Rule 23 requirements, which includes that a class 'must be adequately defined and clearly ascertainable.'" *Id.*

The Court finds that plaintiffs have not adequately defined the California Class in a clearly ascertainable manner. Based on the Eighth Circuit's holding in *Sandusky*, the Court will address the ascertainability requirement within its rigorous analysis of Rule 23's requirements. As discussed further below,

the plaintiffs' failure to adequately define the California Class in a way that is clearly ascertainable leads the Court to conclude that Rule 23(a)'s requirements of numerosity, commonality, and typicality, and adequacy are lacking.

### A. Prerequisites to Class Certification under Rule 23(a)

### 1. Numerosity

Under Federal Rule of Civil Procedure 23(a)(1), a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Eighth Circuit has noted that "[a] number of factors are relevant to this inquiry, the most obvious of which is, of course, the number of persons in the proposed class." *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982).

Plaintiffs contend the numerosity requirement is satisfied as to the California Class due to a stipulation between the parties. *See* Filing No. 136 at 14 ("In response to discovery directed to confirm numerosity of the California Class with respect to the deduction claims, Werner stipulated that numerosity existed." (citing Filing No. 85 at ¶ 4)). However, the Court is under an independent duty to engage in its own rigorous analysis "to determine whether all the prerequisites of Rule 23(a) are satisfied." *Sanft v. Winnebago Industries, Inc.*, 214 F.R.D. 514, 519 (N.D. Iowa 2003). *See also Falcon*, 457 U.S.

at 161 (determining class actions "may only be certified *if the trial court is satisfied*, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.") (emphasis added).

The Court finds that the numerosity requirement of Rule 23(a)(1) is not satisfied as to the California Class as currently defined by the plaintiffs. The California Class does not present to the Court a "precise, objective and presently ascertainable" manner for determining who should be included in the California Class. *In re Copper Antitrust Litig.*, 196 F.R.D. 348, 353 (W.D. Wis. 2000). Being left to guess as to what it means for a driver to have "worked or work in California," especially given plaintiffs' varying suggestions, provides an insurmountable barrier for the Court to overcome in determining the members and number of members to be included in the California Class. Thus, plaintiffs have failed to establish the numerosity requirement because "the putative class members can neither be identified nor its total size estimated." *In re Paxil Litig.*, 212 F.R.D. 539, 545 (C.D. Cal. 2003).

**2. Commonality**

Rule 23(a)(2) requires that "there [be] questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement however, "does not require that every question

of law or fact be common to every member of the class." *Paxton*, 688 F.2d at 561 (internal citations omitted).

Plaintiffs' brief in support of class certification provides a list of "common questions" that plaintiffs claim "are capable of resolution on a classwide basis, because all inquire into the lawfulness of Werner's company-wide policies and practices or present pure questions of law or contractual interpretation." (Filing No. 136 at 15). Defendants again assert that "[p]laintiffs have not proposed a feasible method to determine the members of the putative class[]." (Filing No. 141 at 23).

Because the California Class is not adequately defined and clearly ascertainable, the Court is unable to identify the drivers that should be included as part of the class. Therefore, the Court is also unable to determine whether the drivers that should be included in the proposed class share common questions of law or fact. Without being able to adequately determine which drivers should be considered to have "worked in California," the Court finds that plaintiffs have failed to adequately satisfy the commonality requirement of Rule 23(a)(2).

### 3. Typicality

Rule 23(a)(3) provides that in order to maintain a class action the Court must be satisfied that "the claims or

defenses of the representative parties are typical of the claims or defenses of the class . . . ." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is said to limit the class claims to those fairly encompassed by the named plaintiff's claims." *Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 330, 100 S. Ct. 1698, 64 L. Ed. 2d 319 (1980). Being unable to determine the drivers that should be included within the California Class, the Court is unable to determine whether the named plaintiffs' claims are typical of the unnamed and unknown plaintiffs' claims. Accordingly, the Court finds that plaintiffs have failed to satisfy their burden of showing the typicality requirement under Rule 23(a)(3).

### 4. Adequacy

Under Rule 23(a)(4), the trial court must be satisfied that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry . . . serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). The Court does not, at present, see any conflicts of interest between the suggested named plaintiffs and other unnamed class members. However, the Court is unable to sufficiently determine whether the adequacy

requirement of Rule 23(a)(4) is satisfied due to plaintiffs' inability to adequately define the California Class in a clearly ascertainable manner as discussed above.  Accordingly, the Court finds plaintiffs have failed to establish the adequacy requirement under Rule 23(a)(4).

### B. Class Certification under Rule 23(b)

Because the Court finds that plaintiffs have failed to sufficiently establish each of the prerequisites under Rule 23(a), the Court will forego further analysis in addressing whether the California Class satisfies the law's requirements under Rule 23(b).  Fed. R. Civ. P. 23(b) ("a class action may be maintained *if* Rule 23(a) is satisfied *and if* . . . .") (emphasis added); *see also Greeley v. KLM Royal Dutch Airlines*, 85 F.R.D. 697, 701 (S.D.N.Y. 1980) ("having failed to meet the prerequisites of Rule 23(a), plaintiff's motion for class certification is denied.").  Plaintiffs' motion to certify the California Class will therefore be denied without prejudice.

### II. Leave to Amend

In accordance with the text and spirit of Federal Rule of Civil Procedure 15, the Court finds that justice requires providing plaintiffs leave to amend their complaint.  Fed. R. Civ. P. 15.  However, plaintiffs will be restricted to amending their complaint in accordance with this memorandum opinion.  The

fourth amended complaint shall only attempt to provide the Court with an adequately defined and clearly ascertainable definition for the California Class.  By so doing, the Court will be enabled to rule on plaintiffs' motion for class certification by being better enabled to address each of the requirements found in Rule 23.  Nothing within this memorandum opinion shall be interpreted by plaintiffs as leave to substantively alter the third amended complaint by adding additional claims, classes, or causes of action.

### III. The Nation-Wide Class

Given that the Court will provide plaintiffs leave to amend their complaint, the Court will, at this time, abstain from addressing plaintiffs' motion to certify the "Nebraska Class." Therefore, plaintiffs' motion to certify the Nebraska Class will also be denied without prejudice.  Accordingly,

IT IS ORDERED:

1) Plaintiffs' motion for class certification is denied without prejudice as to both the California and Nebraska Classes.

2) Plaintiffs are granted leave to amend their complaint.

3) Plaintiffs' amendments to the third amended complaint shall be limited to only attempting to provide the

Court with an adequately defined and clearly ascertainable definition for the California Class.

       4) Plaintiffs' amendments to the third amended complaint shall not substantively alter the current complaint in any other way; including, but not limited to, adding additional claims, parties, classes, and/or causes of action.

       5) Plaintiffs' fourth amended complaint shall be filed by November 9, 2016.

       6) Defendants shall have fourteen days after the filing of the fourth amended complaint to file an answer.

       7) Defendants' motion for leave to submit additional authority is denied as moot.

       DATED this 28th day of October, 2016.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court