IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EZEQUIEL OLIVARES ABARCA, individually and on behalf of all those similarly situated, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:14CV319 |
| v. | ) ) | |
| WERNER ENTERPRISES, INC., and DOES 1-100, inclusive, | ) ) ) | |
| Defendants. | ) ) | |
| WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public, | ) ) ) ) ) | |
| Plaintiff, | ) ) | 8:15CV287 |
| v. | ) ) | |
| WERNER ENTERPRISES, INC., d/b/a C.L. WERNER, INC., a corporation, and DOES 1-100, inclusive, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on a motion of defendant, Werner Enterprises, Inc., to strike portions of the plaintiffs' fourth amended complaint (Filing No. 152). The matter has been fully briefed. *See* Filing Nos. 153, 156, and 158. After review of the motion, the parties' briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

A more detailed explanation of this case's background and procedural history can be found in the Court's October 28, 2016, Order (the "Order") (Filing No. 150).  The Court will therefore forego repeating the complete background and procedural history here.  The Order denied without prejudice plaintiffs' motion for class certification (*Id.* at 15).  The Order found that plaintiffs had failed to adequately define the California Class in a clearly ascertainable manner and had therefore failed to meet the prerequisites under Federal Rule of Civil Procedure 23(a) (*Id.* at 9-14).

The Court gave plaintiffs leave to amend their complaint (*Id.* at 15).  However, the Court ordered that the fourth amended complaint should only "provide the Court with an adequately defined and clearly ascertainable definition for the California Class."  (*Id.* at 15-16).  The Court likewise prohibited plaintiffs from substantively altering the complaint in any other way "including, but not limited to, adding additional claims, parties, classes, and/or causes of action." (*Id.* at 16).

On November 9, 2016, plaintiffs filed their fourth amended complaint (Filing No. 151).  On November 22, 2016, defendant filed the instant motion to strike, claiming the fourth

amended complaint includes "new allegations that are not limited to redefining [p]laintiffs' proposed California [C]lass, in violation of the Court's Order." (Filing No. 152 at 1).

**LAW**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court "may act on its own; or on a motion made by a party . . . ." *Id.* A district court "enjoys 'liberal discretion'" in the determination of a motion to strike. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal citation omitted).

**DISCUSSION**

The Court finds that defendants' motion should be granted. Defendants argue that the "[p]laintiffs added new allegations beyond the new proposed definition for the California Class, in violation of the Court's Order." (Filing No. 153 at 2-3) (internal cites omitted). The Court agrees. Therefore, defendants' motion to strike the last sentence of ¶ 8, ¶¶ 9-10, and Exhibit 1 of the fourth amended complaint will be granted. The aforementioned sentence, paragraphs, and exhibit shall be stricken from the fourth amended complaint.

Although the parties' briefs argue whether class certification should now be granted given the newly defined class

(*see* Filing Nos. 156 at 3-6, 16; 158 at 1-3), that matter is not before the Court at this time. Therefore, the Court will not address the merits of a future motion for class certification before such a motion has been re-filed and re-briefed in accordance with the Federal Rules of Civil Procedure and this Court's local rules. Accordingly,

IT IS ORDERED:

1) Defendants' motion to strike is granted.

2) Plaintiffs shall re-file the fourth amended complaint after striking the last sentence of paragraph 8, paragraphs 9-10, and exhibit 1 from the fourth amended complaint by January 6, 2017.

3) Plaintiffs are required to re-file a motion for class certification before the Court will determine the merits of such a motion.

4) Plaintiffs are prohibited from making any other change to the complaint without leave of Court.

DATED this 29th day of December, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court