# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, ALFREDO ALESNA, JR., DAVID CAGLE, STEPHEN L. DAVIS, FRANK EADS, and KENNETH J. SURMAN, individually and on behalf of all those similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., DRIVERS MANAGEMENT, LLC, and DOES 1 – 100, inclusive,<br><br>      Defendants. | Case No.: 8:14-CV-319<br><br>CLASS ACTION<br><br>**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR CODE, CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS, CALIFORNIA UNFAIR COMPETITION LAW, NEBRASKA WAGE AND HOUR ACT, AND NEBRASKA WAGE PAYMENT AND COLLECTION ACT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:    Hon. Lyle E. Strom |

Plaintiffs  Ezequiel Olivaras Abarca, Alfredo Alesna, Jr., David Cagle, Stephen L. Davis, Frank Eads, and Kenneth J. Surman  (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated, demanding trial by jury, allege as follows:

## PARTIES

1.      Plaintiffs are informed and believe, and thereon allege, that defendant Werner Enterprises, Inc. was and is a company engaged in the business of hauling and delivery of freight by truck, including within the State of California and other states.

2.      Plaintiffs are informed and believe, and thereon allege, that Defendant Drivers Management, LLC, formerly sued herein as Doe Defendant number 1, is a subsidiary corporation of Defendant Werner Enterprises, Inc.  Plaintiffs are further informed and believe, and thereon allege that because of the interrelation of operations, common management, centralized control of labor relations, common ownership, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and

1

management that they may be treated as a single employer for purposes of this legal action and that each has liability for the act of the other as herein alleged.  Plaintiffs therefore hereafter refer to both said Defendants as "Werner."

3.     Plaintiffs are adult individuals, competent to bring this action.  Werner currently or formerly employed Plaintiffs as truck drivers within the State of California and elsewhere. Insofar as Plaintiffs are former employees, their employment ended within the year before the filing of this legal action. Plaintiffs Cagle, Eads, and are currently employed by Werner.  All Plaintiffs are residents of California and have worked for Werner in California. Unless otherwise stated, references in the first through sixth claims below to work by Plaintiffs or others mean work within the State of California after completion of training.  Unless otherwise stated, references in the seventh and eighth claims below to work by Plaintiffs or others mean work anywhere after completion of training.  Similarly, references to Werner's policies and practices in violation of California law refers to practices concerning truck drivers who have worked in California after completion of training.  As California law requires and as alleged below in greater detail, Werner has wrongly failed to pay wages for all compensable work time (whether calculated at statutory minimum wage rate or at the regular rate of pay), failed to provide duty free meal/rest periods or in their absence pay added wages, made unlawful deductions from wages earned in California, failed to provide properly itemized pay statements, failed to maintain proper time/pay records, and failed to pay all accrued wages on termination of employment to or for Plaintiffs and other of its former and current truck drivers whom it employed to work in California after their completion of training.  Similarly, references to Werner's policies and practices in violation of Nebraska law refer to practices concerning truck drivers who have worked anywhere after completion of training.  As Werner's agreements applying Nebraska employment law require and as alleged below in greater detail, Werner has wrongly failed to pay wages for all compensable work time (calculated at statutory minimum wage rate), made unlawful deductions from wages, failed to provide properly itemized pay statements, failed to

2

maintain proper time/pay records to or for Plaintiffs and other of its former or current truck drivers whom it employed after the completion of training.

4.      Plaintiffs and Werner have entered into standard form written agreements that provide that they are entitled to the benefits of Nebraska labor and employment law.  Plaintiffs are informed and believe, and thereon allege, that Werner's practice has been to enter into agreements with all other drivers it has employed that contain materially similar provisions concerning the application of Nebraska law.  By virtue of these agreements, Plaintiffs are informed and believe, and thereon allege, that Plaintiffs, like all drivers whom Werner has employed, have been entitled to all rights accorded under the Nebraska Wage and Hour Act R.R.S. Neb. § 48-1201, et seq.) and all rights accorded under the Nebraska Wage Payment and Collection Act (R.R.S. Neb. § 48-1228, et seq.) in addition to whatever other rights have been accorded under the law of other States, including California, and regardless of where they work or perform services for Werner.

5.      Plaintiffs are ignorant of the true names and/or capacities of the defendants sued herein as Does 2-100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend the complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege, that each of the fictitiously named defendants is legally responsible for the occurrences herein alleged and that the losses and damages herein alleged are the result of their wrongful conduct.  Werner and Does 2-100 are hereinafter collectively referred to as "Defendants."

<u>**UNLIMITED JURISDICTION AND VENUE**</u>

6.      The monetary value of the Plaintiffs' claims exceeds $25,000.

7.      This case was originally filed in the Superior Court in and for the County of Alameda, California.   Defendant Werner Enterprises, Inc. removed this case to the U.S. District Court for the Northern District of California, which, over Plaintiffs' opposition, ordered it transferred under 28 U.S.C. § 1404(a) to the United States District Court, District of Nebraska,

3

where Plaintiffs are informed and believe, and thereon allege, Werner has its corporate headquarters.

## CLASS ACTION ALLEGATIONS

8.      Plaintiffs' claims alleged herein are brought individually on behalf of the Plaintiffs and in a representative capacity on behalf of similarly situated current and former truck drivers whom Werner employed to work in California after the completion of training.  They assert violations of California law on behalf of Plaintiffs and all others similarly situated, who are described as follows: all truck drivers who, while working for Werner, picked up and/or dropped off a load in the state of California after the completion of training at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit (hereinafter the "California Class").

9.      Plaintiffs' claims alleged herein are brought individually on behalf of the Plaintiffs and in a representative capacity on behalf of similarly situated current and former truck drivers whom Werner employed to work anywhere after the completion of training.  They assert violations of Nebraska law, which Plaintiffs are informed and believe, and thereon allege, that Werner has expressly agreed would apply to truck driver employment, on behalf of Plaintiffs and all others similarly situated, who are described as follows: all truck drivers who worked or work anywhere for Werner after the completion of training at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit (hereinafter the "Nebraska Class").  The California Class and the Nebraska Class are hereinafter collectively referred to as the Classes.

10.      Plaintiffs, who seek to serve as representatives of the Classes, are members of the Classes.  Like the other members of the Classes, Plaintiffs suffered some form of injury of which complaint is herein alleged on behalf of the Classes whom the Plaintiffs seek to represent, including not having been paid and provided benefits required by their non-exempt employee status in violation of California and Nebraska law.  This includes not having been paid for off-

the-clock work (whether calculated at statutory minimum wage or regular rate of pay) in violation of California law and Nebraska law, not having been provided duty free meal and rest periods or paid premium pay in their absence in violation of California law, having improper deductions made by Defendants in violation of California law for work performed in California and in violation of Nebraska law for work performed anywhere, not having received properly itemized pay statements in violation of California law and Nebraska law, and not having accurate and complete time and pay records maintained for work performed in California in violation of California law.  In addition, those Plaintiffs who are former employees of Defendants, like other members of the Classes, whose employment ended with the three years preceding the filing of this legal action have not been paid accrued wages owed at the end of her employment.

11.     Plaintiffs are unable to state the exact number of the Classes.  Plaintiffs are informed and believe, and thereon allege, that each of the Classes exceeds 14,000 persons and is geographically dispersed, including across several states.  The members of each of the Classes are so numerous as to make joinder impracticable. Plaintiffs are informed and believe, and thereon allege, that Defendants have identified or can readily identify members of the Classes, but that it is impractical, in light of their number and geographic diversity to bring them all before this Court as named plaintiffs.

12.     The common questions of law or fact, which are of general interest, predominate over any questions affecting individual class members only, rendering a class action a superior to other available methods for the fair and efficient adjudication of the controversy.  These questions are such that proof of a state of facts common to the members of each of the Classes will entitle each member of the Classes to some form of relief as requested in this Complaint. The questions of law or fact common to the Classes, include, but are not limited to, the following examples:

a.     For the California Class, the rights that are the subject of this litigation are held in common by the California Class' members, including Plaintiffs, arise under California law.  The California Class' claims for violation of California Business & Professions Code §§

17200, *et seq.* insofar as failure to pay and accurately record wages, failure to pay for off-the-clock work (whether calculated at statutory minimum wage or regular rate of pay), improper deductions from earned pay, failure to provide meal or rest periods or in their absence pay added wages, failure to provide accurate and complete itemized pay statements, and failure to maintain time/pay records rely on the California Labor Code or Industrial Welfare Orders as predicate unlawful acts to support a finding that Defendants have engaged and are engaging in unfair business practices.

      b.     For the Nebraska Class, the rights that are the subject of this litigation are held in common by the Nebraska Class' members, including Plaintiffs, arise under the Nebraska Wage and Hour Act and under the Nebraska Wage Payment and Collection Act which Plaintiffs are informed and believe, and thereon allege, Werner has agreed applies to the employment of all drivers, regardless of where they work or reside.

      c.     Since at least four years before the filing of this legal action up to at least the filing of this legal action, Defendants have had a uniform policy and practice for the Plaintiffs and the Classes of not paying all wages owed, not paying for all time worked, including compensable rest periods and compensable on-duty non-driving time, not paying premium hours for missed meal/rest periods (for the California Class), making improper deductions from pay for work performed, not providing properly itemized pay statements that accurately reflect hours worked, applicable hourly rates and (for the California Class) premium hours for missed meal/rest periods, and, according to Plaintiffs information and belief, not maintaining records that accurately reflect hours worked and applicable hourly rates.

      d.     Since at least four years before the filing of this legal action, Defendants have had a policy and a uniform practice of paying Plaintiffs and the Classes generally on the basis of miles driven such that they have not been salaried employees.

      e.     During the relevant time, whether or not Defendants have acted in good faith so as to avoid penalties sought herein is a common question.

13.    Plaintiffs will fairly and adequately protect the interests of the Classes, whom they seek to represent.  Plaintiffs' legal counsel, who are competent and experienced in wage and hour class action litigation, will also fairly and adequately represent the Classes.

14.    The claims of the Plaintiffs are typical of the claims of the Classes they would represent.  Plaintiffs are not asserting any individual claims qualitatively different from the Classes' claims.

15.    The prosecution of separate actions by individual members of each of the Classes would create the risk of inconsistent or varying adjudications of California or Nebraska law in different jurisdictions with respect to individual Class members, which could establish incompatible standards of conduct for Defendants.

16.    Plaintiffs are informed and believe, and thereon allege, that Defendants, in refusing to pay and provide employee benefits as herein alleged to or for the members of each of the Classes, including Plaintiffs, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of the Classes.

17.    Wherefore, a well-defined community of interest exists among the members of the Classes, including Plaintiffs.

## FACTUAL ALLEGATIONS

### Summary

18.    The following circumstances have existed since at least four years before the filing of this legal action and apply to the members of the Classes, including Plaintiffs, except where either of the Classes is identified.  Plaintiffs are informed and believe, and thereon allege, that Defendants have agreed in writing in standard form contracts that Nebraska employment law applies to the employment of all drivers.  The Class members generally have been paid on the basis of miles driven such that during extended periods of work when not driving they are not compensated or inadequately compensated in violation of California and Nebraska minimum

7

wage laws and prohibitions against off-the-clock work, notwithstanding that Plaintiffs are informed and believe, and thereon allege, that Defendants have made limited payments in addition to the base per mile rates in limited circumstances. Defendants have not paid Class members for some work time and, with notice, have had the Classes work off-the-clock. Defendants also have not provided the California Class meal periods and rest periods as required by California law while working in California.  Defendants, however, have not paid the California Class premium hours for missed meal or rest periods.  Defendants have further not paid Plaintiffs for all time worked, including compensable waiting and rest periods.  Plaintiffs are informed and believe, and thereon allege, that Defendants have a policy and practice of making deductions from the Classes' pay in violation of California and/or Nebraska  law. This includes making deductions to repay alleged pay check advances where Defendants and the Class members have not entered into written agreements that authorize such deductions.   It also includes making routine deductions without written authorization to fund a supposed "personal bond" to secure Defendants against potential business losses or expenses.  It also includes holding Class members financially responsible for business losses and expenses that should be bourne by Defendants. Plaintiffs are informed and believe, and thereon allege, that in response to this legal action Defendants have refunded some monies improperly taken to fund supposed "personal bonds."   The itemized pay statements that the Class members receive are inaccurate, including because they do not accurately state hours worked at applicable hourly rates.  They also do not record for the California Class missed meal periods nor premium hour payments to which Class members are entitled as a result of missing meal or rest periods.  Plaintiffs are informed and believe, and thereon allege, that their inaccuracy impairs the ability of the Class to determine if they are correctly paid and what pay is owed.  Plaintiffs are informed and believe, and thereon allege, that Defendants' time and pay records are similarly inaccurate.  Class members are not paid accrued wages in a timely manner nor when they terminate employment.

**FIRST CLAIM BY ALL PLAINTIFFS ON BEHALF OF
THEMSELVES AND THE CALIFORNIA CLASS AGAINST ALL
DEFENDANTS FOR VIOLATION OF CALIFORNIA
LABOR CODE AND CALIFORNIA INDUSTRIAL COMMISSION
WAGE ORDERS – MEAL AND REST PERIODS**

**(Class Claim)**

19.     Plaintiffs hereby incorporate by reference as though fully set forth at length herein paragraphs 1 –18 of this Complaint.

20.     As hereinabove alleged, Defendants willfully failed to provide duty free meal/rest periods or pay wages in lieu thereof as required by California Labor Code §§ 226.7 and 512, Wage Order 9-2001, §§ 11, 12, and  comparable paragraphs in any other applicable Wage Order. Defendants therefore breached their duties to Plaintiffs, and other members of the California Class who have performed services since three years before the filing of this legal action, under the California Labor Code and California Industrial Welfare Commission Wage Order 9-2001 or any other applicable Wage Order.

21.     Defendants willfully failed to pay all termination wages, including accrued added wages for missed meal/rest periods, within the 30 day time limit set forth for the payment of termination wages under California Labor Code §§201-203.  Defendants therefore breached their duties to the members of the California Class who terminated their employment with Werner since three years before the filing of this legal action, under the California Labor Code. Plaintiffs request that Defendants be required to pay the members of the California Class who have terminated their employment with Werner at any time since three years before the filing of this legal action waiting time penalties under California Labor Code §§201-203.

22.     Plaintiffs request that Defendants be required to pay to them and other members of the California Class who performed services in California for Werner at any time since three years before the filing of this legal action premium hours for missed meal/rest periods, and any applicable statutory penalties as provided under California Labor Code and California Industrial Welfare Commission, including paragraph 20 of California Industrial Welfare Commission

9

643225.1

Wage Order 9-2001 and comparable paragraph within any other applicable Wage Order. Plaintiffs further request that any unpaid residue be ordered paid "to nonprofit organizations or foundations to support projects that will benefit the California Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

23.     In pursuing the claims alleged herein, including their investigation and litigation, Plaintiffs have incurred or will incur attorneys' fees (and paralegal fees) and costs for which they seek reimbursement from Defendants.  These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation. An award of such fees and costs is appropriate because the prosecution of this action will result in in the enforcement of an important right affecting the public interest as (a) a significant benefit, whether pecuniary or non-pecuniary, will be conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery.

Wherefore, Plaintiffs pray for a judgment and a decree as hereinafter set forth.

## SECOND CLAIM BY ALL PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA LABOR CODE  AND CALIFORNIA INDUSTRIAL COMMISSION WAGE ORDERS – OFF-THE-CLOCK WORK

### (Class Claim)

24.     Plaintiffs hereby incorporate by reference as though fully set forth at length herein paragraphs 1 – 23 of this Complaint.

25.     As hereinabove alleged, Defendants willfully failed to pay to Plaintiffs, and other members of the California Class, accrued wages (whether calculated based on the statutory minimum wage rate or regular rate of pay) as required under the California Labor Code, including Labor Code §§ 221, 223, and 1194, and paragraph 4 of California Industrial Welfare Commission Wage Order 9-2001 [8 CCR § 11090 (2001)], or any other applicable Wage Order. Defendants therefore breached their duties to Plaintiffs, and other members of the California Class who have performed services since three years before the filing of this legal action, under the California Labor Code and California Industrial Welfare Commission Wage Order 9-2001 or any other applicable Wage Order.

26.     Defendants willfully failed to pay all termination wages, including for off-the-clock work, within the 30 day time limit set forth for the payment of termination wages under California Labor Code §§201-203.  Defendants therefore breached their duties to the members of the California Class who terminated their employment with Werner since three years before the filing of this legal action, under the California Labor Code.  Plaintiffs request that Defendants be required to pay the members of the California Class who have terminated their employment with Werner at any time since three years before the filing of this legal action waiting time penalties under California Labor Code §§201-203.

27.     Plaintiffs request that Defendants be required to pay to them, and other members of the California Class who performed services for Werner  at any time since three years before the filing of this legal action, wages (calculated at the more generous of the statutory minimum wage rate or regular rate of pay) and any applicable statutory penalties as provided under the California Labor Code or California Industrial Welfare Commission Wage Order(s), including under California Labor Code § 1194.2 and paragraph 20 of California Industrial Welfare Commission Wage Order 9-2001.  Plaintiffs further request that any unpaid residue be ordered paid "to nonprofit organizations or foundations to support projects that will benefit the California Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit

11

organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

28.     In pursuing the claims alleged herein, including their investigation and litigation, Plaintiffs have incurred and will incur attorneys' fees (and paralegal fees) and costs for which they seek reimbursement.  These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation.

Wherefore, Plaintiffs pray for a judgment and a decree as hereinafter set forth.

### THIRD CLAIM BY ALL PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS MEMBERS AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA LABOR CODE AND CALIFORNIA INDUSTRIAL COMMISSION WAGE ORDERS – IMPROPER PAY DEDUCTIONS

### (Class Claim)

29.     Plaintiffs hereby incorporate by reference as though fully set forth at length herein paragraphs 1 –28 of this Complaint.

30.     As hereinabove alleged, Defendants willfully made improper deductions from pay checks for income earned in California as required under the California Labor Code and applicable California Wage Order(s), including Labor Code §§ 221 and 224 and paragraph 8 of California Industrial Welfare Commission Wage Order 9-2001 and the comparable provision in any other applicable Wage Order.  Defendants therefore breached their duties to Plaintiffs and other members of the California Class who have performed services in California since three years before the filing of this legal action, under the California Labor Code and California Industrial Welfare Commission Wage Order 9-2001 or any other applicable Wage Order.

31.     Defendants willfully failed to pay all termination wages, including improperly deducted pay earned in California, within the 30 day time limit set forth for the payment of

643225.1

termination wages under California Labor Code §§201-203.  Defendants therefore breached their duties to the members of the California Class who terminated their employment with Werner since three years before the filing of this legal action, under the California Labor Code. Plaintiffs request that Defendants be required to pay the members of the California Class who have terminated their employment with Werner any time since three years before the filing of this legal action waiting time penalties under California Labor Code §§201-203.

32.     Plaintiffs request that Defendants be required to pay to Plaintiffs, and other members of the California Class who performed services for Werner at any time since three years before the filing of this legal action overtime wages and any applicable statutory penalties as provided under California Labor Code and California Industrial Welfare Commission Wage Orders, including under paragraph 20 of California Industrial Welfare Commission Wage Order 9-2001.  Plaintiffs further request that any unpaid residue be ordered paid "to nonprofit organizations or foundations to support projects that will benefit the California Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

33.     In pursuing the claims alleged herein, including their investigation and litigation, Plaintiffs have incurred or will incur attorneys' fees (and paralegal fees) and costs for which Plaintiffs seek reimbursement.  These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation.

Wherefore, Plaintiffs pray for a judgment and a decree as hereinafter set forth.

**FOURTH CLAIM BY ALL PLAINTIFFS ON BEHALF OF
THEMSELVES AND THE CALIFORNIA CLASS AGAINST
ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA
LABOR CODE AND CALIFORNIA INDUSTRIAL COMMISSION
WAGE ORDERS – ITEMIZED PAY STATEMENTS AND TIME/PAY RECORDS**

**(Class Claim)**

34.     Plaintiffs hereby incorporate by reference as though fully set forth at length herein paragraphs 1 –33 of this Complaint.

35.     As hereinabove alleged, Defendants willfully failed to provide itemized pay statements to California Class members as required by California Labor Code § 226 and paragraph 7(B) of California Industrial Welfare Commission Wage Order 9-2001 [8 CCR § 11090 (2001)], or any other applicable Wage Order.  Plaintiffs are informed and believe, and thereon allege, that Defendants also failed to maintain wage/time records as required by California Labor Code § 226 and paragraph 7(A) of California Industrial Welfare Commission Wage Order 9-2001 [8 CCR § 11090 (2001)], or any other applicable Wage Order.  The itemized pay statements that Plaintiffs and the California Class received are inaccurate, including because they do not accurately state hours worked at applicable hourly rates. Plaintiffs are informed and believes, and thereon alleges, that their inaccuracy impairs the ability of California Class members to determine if they are correctly paid and what pay they are owed.  Defendants therefore breached their duties to Plaintiffs and other members of the California Class who have performed services in California since three years before the filing of this legal action under the California Labor Code and California Industrial Welfare Commission Wage Order 9-2001 or any other applicable Wage Order.

36.     Plaintiffs request that Defendants be required to pay to them, and other members of the California Class who performed services in California for Werner at any time since three years before the filing of this legal action damages or statutory penalties as provided under California Labor Code, including § 226.  Plaintiffs further request that any unpaid residue be ordered paid "to nonprofit organizations or foundations to support projects that will benefit the

14

California Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

37.     In pursuing the claims alleged herein, including their investigation and litigation, Plaintiffs have incurred or will incur attorneys' fees (and paralegal fees) and costs for which Plaintiffs seek reimbursement.  These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation.

Wherefore, Plaintiffs pray for a judgment and a decree as hereinafter set forth.

## FIFTH CLAIM BY ALL PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

### (Class Claim)

38.     Plaintiffs hereby incorporate by reference as though fully set forth at length herein paragraphs 1 - 37 of this Complaint.

39.     As hereinabove alleged, Defendants, in the course of  Werner's business, have committed acts and engaged in a practice of unfair competition, as defined by California Business & Professions Code §17200, including the following: a) not paying wages (whether calculated at the statutory minimum wage rate or the regular rate of pay) as required by California law, including Labor Code §§ 221, 223, and 1194, b) not providing meal/rest breaks and in their absence paying required added wages as required by California law, including Labor Code §§ 226.7 and 512, California Wage Order 9-2001, ¶¶ 11-12, and comparable provisions within any other applicable Wage Order, c) making improper deductions from pay earned in California as prohibited by California law, including Labor Code §§ 221 and 224 and paragraph

8 of California Industrial Welfare Commission Wage Order 9-2001 and comparable provision in any other applicable Wage Order, d) not providing itemized pay statements as required by California law, including Labor Code § 226, California Wage Order 9-2001, ¶ 7(B), and comparable provisions within any other applicable Wage Order, and e) not maintaining time/pay records as required by California law, including Labor Code § 226, California Wage Order 9-2001, ¶ 7(A), and comparable provisions within any other applicable Wage Order require, all of which is unlawful under the California Labor Code and California Industrial Welfare Commission Order(s).

40.     Defendants' unlawful business acts and practices present a continuing threat. Plaintiffs and other California Class members do not have an adequate remedy at law. Wherefore, Plaintiffs request that Defendants be enjoined from said violations and be ordered to take such steps as are proper to redress the unlawful conduct that has occurred to date.

41.     As a direct and proximate result of the above-described misconduct, Defendants have received and continue to hold ill-gotten gains belonging to others as described above, including Plaintiffs.  Plaintiff therefore request that Defendants be ordered to make restitution and disgorgement of all said ill-gotten gains as part of a fluid fund recovery to be distributed in accordance with the Court's equitable discretion, including consideration that unpaid residue be paid "to nonprofit organizations or foundations to support projects that will benefit the Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

42.     Plaintiffs request reasonable attorney fees under California Code of Civil Procedure §1021.5.

Wherefore, Plaintiffs pray for a decree and judgment as hereinafter set forth.

16

**SIXTH CLAIM BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS
FOR VIOLATION OF LABOR CODE PRIVATE ATTORNEYS
GENERAL ACT OF 2004, CALIFORNIA LABOR CODE §§2698, ET SEQ.**

**(non-class, representative claim)**

43.     Plaintiffs hereby incorporate by reference as though fully set forth at length herein paragraphs 1 - 42 of this Complaint.

44.     Plaintiffs, as aggrieved employees, bring this claim under the Labor Code Private Attorneys General Act of 2004, California Labor Code §§2698, et seq. (PAGA), on behalf of themselves and all other California Class members whom Werner employed in California at any time for which recovery is authorized under PAGA.  Recovery under this cause of action is sought only insofar as not obtained under any of the preceding claims.

45.     As hereinabove alleged, Defendants have violated the provisions of the California Labor Code, including in failing to pay wages owed in a timely manner, failing to provide itemized pay statements, failing to keep time/payroll records, and failing  to provide duty free meal/rest periods or in their absence pay added wages.  Plaintiffs on behalf of herself and all other California Class members employed in California by Werner at any time for which recovery is authorized under PAGA seeks recovery of unpaid wages resulting from said violations.

46.     Pursuant to California Labor Code §2699, Plaintiffs also seek recovery of all penalties as authorized by the California Labor Code or California Wage Orders for Defendants' above-described violations of the California Labor Code and California Wage Orders, except insofar as recovered under a preceding claim, including, but not limited to, those based upon the violation of or as provided under California Labor Code §§201-203, 204-204b, 210,  216, 221, 224, 225.5, 226, 226.3, 226.7, 512, 551, 552, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, and 2698-99, and those under the California Wage Orders (e.g. Wage Order 9-2001, §§ 4-5, 7-8,11, 12, 18, 20 and comparable paragraphs in any other applicable Wage Orders).

47.     Plaintiffs request an award of attorney's fees and costs, including as authorized under California Labor Code §2699.

48.     To the extent required by California Labor Code § 2699.3, the original Plaintiff Antonia Russell (who dismissed without prejudice her claims after the current Plaintiffs were added as co-Plaintiffs), on behalf of herself and other drivers, including the other Plaintiffs who had worked for Werner in California, by certified letter mailed on May 19, 2014 gave notice to the California Labor and Workforce Development Agency and Werner of Plaintiffs' intention to prosecute the claims herein alleged.  The California Labor and Workforce Development Agency by letter dated June 26, 2014 and mailed on June 27, 2014 according to its postmark responded to Plaintiff's May 19th letter by declining to assume the investigation of the claims.  Consequently, Plaintiffs may seek recovery of the civil penalties sought in this claim.  The above-described notice has been supplemented as follows with the following additional notices with concurrent copies sent to Werner.  By letters dated January 15, 2015 and January 28, 2015, the LWDA was alerted that the Plaintiffs other than Plaintiff Russell intended to serve as co-Plaintiffs, including regarding the assertion of the PAGA claims herein alleged.  The LWDA has not responded to supplemental notices.

Wherefore, Plaintiffs pray for a decree and judgment as hereinafter set forth.

## SEVENTH CLAIM BY ALL PLAINTIFFS ON BEHALF OF THEMSELVES AND THE NEBRASKA CLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF THE NEBRASKA WAGE AND HOUR ACT (MINIMUM WAGES).

49.     Plaintiffs hereby incorporate by reference as though fully set forth at length herein paragraphs 1-48 of this Complaint.

50.     At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of R.R.S. Neb. § 48-1202(2).

51.     At all times relevant herein, Plaintiffs and the Nebraska Class were/are "employee[s]" within the meaning of R.R.S. Neb. § 48-1202(1).

18

52.     At all times relevant herein, Plaintiffs are informed and believe, and thereon allege, that Defendants agreed that Nebraska employment law, including the Nebraska Wage and Hour Act, would apply to their employment.

53.     The rights accorded under Nebraska law by Defendants' agreement have been and are in addition to any rights accorded under the law of other states.

54.     As a result of Defendants' unlawful calculations in determining the minimum wage due to each employee, Plaintiffs and the Nebraska Class were paid less than the minimum wage under the Nebraska Wage and Hour Act for hours they worked for Defendants. Defendants therefore willfully breached their duties to Plaintiffs and other members of the Nebraska Class who have performed services since four years before the filing of this legal action. As a result of Defendants' failure to compensate Plaintiffs and the Nebraska Class Plaintiffs at the Nebraska state minimum wage rate, Defendants have violated and continue to violate the Nebraska Wage and Hour Act.

55.     As a result of Defendants' unlawful conduct, Plaintiffs and the Nebraska Class Plaintiffs suffered damages as set forth herein.  Plaintiffs request that Defendants be required to pay to them and other members of the Nebraska Class who performed services or worked for Werner anywhere at any time since four years prior to the filing of this matter unpaid minimum wages.

56.     In pursuing the claims alleged herein, including their investigation and litigation, Plaintiffs have incurred and will incur attorneys' fees (and paralegal fees) and costs for which they seek reimbursement.  These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation.  Pursuant to R.R.S. Neb. § 48-1206(5), Plaintiffs are entitled to recover their costs and reasonable attorney's fees.

Wherefore, Plaintiffs pray for a judgment and a decree as hereinafter set forth.

643225.1

**EIGHTH CLAIM SEVENTH CLAIM BY ALL PLAINTIFFS ON BEHALF OF
THEMSELVES AND THE NEBRASKA CLASS AGAINST ALL DEFENDANTS FOR
VIOLATION OF THE NEBRASKA WAGE PAYMENT AND COLLECTION LAW
(FAILURE TO PAY EARNED WAGES, FAILURE TO PROVIDE ACCURATE
ITEMIZED PAY STATEMENTS, AND IMPROPER WAGE DEDUCTIONS).**

57.    Plaintiffs hereby incorporate by reference as though fully set forth at length herein paragraphs 1-56 of this Complaint.

58.    At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of R.R.S. Neb. § 48-1229(2).

59.    At all times relevant herein, Plaintiffs and the Nebraska Class were/are "employee[s]" within the meaning of R.R.S. Neb. § 48-1229(1).

60.    Defendants failed to pay Plaintiffs and the Nebraska Class all wages owed to them under the law and as agreed by Defendants.

61.    Defendants have failed to pay to Plaintiffs and the Nebraska Class members wages in a timely manner during their employment and on termination of employment insofar as Plaintiffs and Nebraska Class members are former employees in violation of R.R.S. Neb. § 48-1230(4)(a).

62.    Defendants have failed to provide itemized pay statements as required under R.R.S. Neb. § 48-1230(2) that correctly state the number of hours worked, including hours during which trucks are not moving but the driver is working, and applicable hourly rates.

63.    As hereinabove alleged, Defendants have made improper deductions from pay as prohibited by R.R.S. Neb. § 48-1230(1).

64.    Defendants' conduct violated the Nebraska Wage Payment and Collection Law.

65.    As a result of Defendants' unlawful conduct, Plaintiffs and the Nebraska Class Plaintiffs suffered damages as set forth herein.

66.    Pursuant to R.R.S. Neb. § 48-1232, Plaintiffs request that Defendants be held liable to pay an additional amount to the State Treasurer for distribution in accordance with Article VII, section 5, of the Constitution of Nebraska.

643225.1

67.     In pursuing the claims alleged herein, including their investigation and litigation, Plaintiffs have incurred and will incur attorneys' fees (and paralegal fees) and costs for which they seek reimbursement.  These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation.  Pursuant to R.R.S. Neb. § 48-1231, Plaintiffs are entitled to recover their costs and reasonable attorney's fees.

Wherefore, Plaintiffs pray for a judgment and a decree as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek relief from this Court in the following respects:

A.     The Court declares, adjudges and decrees that this action is a proper class action and certifies the California Class and the Nebraska Class.

B.     Concerning the California Class, the Court declares, adjudges and decrees that:  a) Defendants violated the California Labor Code and California Industrial Welfare Commission Wage Orders,  including in including in failing to pay wages (whether calculated at  the statutory minimum wage rate or regular rate of pay), failing to provide meal/rest periods or in their absence pay wages for on duty meal/rest periods as required by Labor Code §§ 226.7 and 512, and applicable Wage Order(s), failing to provide itemized pay statements as required under California Labor Code §226 and applicable Wage Order(s), making improper deductions from pay earned in California as prohibited by California Labor Code §§ 221 and 224 and paragraph 8 of California Industrial Welfare Commission Wage Order 9-2001 and comparable provision in any other applicable Wage Order, and failing to maintain time/pay records as required under California Labor Code § 226 and applicable Wage Order(s), to or for the California Class members who performed services in California for Werner at any time since three years before the filing of this lawsuit;  b) time during which these California Class members are on duty in

21

California constitutes compensable hours of employment for purposes of the California Labor Code and California Industrial Welfare Commission Wage Orders;  c) Class members are entitled to an award for the unpaid wages (whether calculated at the minimum statutory rate or regular rate of pay), wages for absence of duty free meal/rest periods, recovery of improper deductions from pay earned in California, waiting time penalties, penalties for absence of properly itemized wage statements/record maintenance, and any other applicable statutory penalties; and d) equitable distribution of the unpaid residue of any recovery pursuant to CCP § 384.

        C.      Concerning the California Class, the Court declares, adjudges and decrees that:  a) Defendants violated the California Unfair Business Practices Act/Unfair Competition Law, California Business & Professions Code §§ 17200, et seq., by engaging in unlawful conduct, including in failing to pay wages (whether calculated at  the statutory minimum wage rate or regular rate of pay), failing to provide meal/rest periods or in their absence pay wages for on duty meal/rest periods as required by Labor Code §§ 226.7 and 512, and applicable Wage Order(s), making improper deductions from pay earned in California as prohibited by California Labor Code §§ 221 and 224 and paragraph 8 of California Industrial Welfare Commission Wage Order 9-2001 and comparable provision in any other applicable Wage Order, failing to provide itemized pay statements as required under California Labor Code §226 and applicable Wage Order(s), and failing to maintain time/pay records as required under California Labor Code § 226 and applicable Wage Order(s), to or for the California Class members who performed services in California for Werner at any time since four years before the filing of this lawsuit;  b) time during which these California Class members are on duty in California constitutes compensable hours of employment for purposes of the California Labor Code and California Industrial Welfare Commission Wage Orders; c) Defendants should be ordered to make restitution and disgorgement of all ill-gotten gains, including unpaid wages and added wages for missed meal/rest periods, into a fluid recovery fund; and d) injunctive relief prohibiting future violations of the rights of the California Class members to unpaid wages.

643225.1

D.       Penalties under PAGA, California Labor Code §§ 2698, et seq.

E.       Concerning the Nebraska Class, the Court declares, adjudges and decrees that:  a) Defendants violated the Nebraska Wage and Hour Act and the Nebraska Wage Payment and Collection Act,  including in including in failing to pay minimum wages, failing to provide itemized pay statements as required under R.R.S. Neb. § 48-1230(2), and making improper deductions from pay as prohibited by R.R.S. Neb. § 48-1230(1) to or for the Nebraska Class members who performed services or worked anywhere for Werner at any time since four years before the filing of this lawsuit and by failing to pay for all hours worked under Nebraska law, as agreed to in the form employment agreements provided to all Nebraska Class members;  b) time during which these Nebraska Class members are working anywhere constitutes compensable hours of employment for purposes of Nebraska law;  c) Nebraska Class members are entitled to an award for the unpaid wages, recovery of improper deductions from pay earned anywhere, and any applicable statutory penalties; d) pursuant to R.R.S. Neb. § 48-1232, Defendants be held liable to pay an additional amount to the State Treasurer for distribution in accordance with Article VII, section 5, of the Constitution of Nebraska.

F.       The Court decrees such other injunctive relief and/or enters such other orders as are necessary to dissipate or relieve the effects of the aforesaid violations and illegal acts by Defendants and to effect the relief sought herein.

G.       Reasonable attorney fees and costs/expenses, both statutory and non-statutory.

H.       Pre-judgment and post-judgment interest as provided by law.

I.       Such other relief as the Court deems just and proper.

643225.1

EZEQUIEL OLIVARES ABARCA, ALFREDO ALESNA, JR.,
DAVID CAGLE, STEPHEN L. DAVIS, FRANK EADS, and
KENNETH J. SURMAN, Plaintiffs

GOLDSTEIN, BORGEN, DARDARIAN & HO


By:      s/ David Borgen
         David Borgen (CA SBN 099354)
         dborgen@gbdhlegal.com
         Laura L. Ho (CA SBN 173179)
         lho@gbdhlegal.com
         Raymond A. Wendell (CA SBN 298333)
         rwendell@gbdhlegal.com
         300 Lakeside Drive, Suite 1000
         Oakland, CA 94612
         Tel:  (510) 763-9800
         Fax: (510) 835-1417

         James M. Sitkin (CA SBN 107650)
         jsitkin@sitkinlegal.com
         LAW OFFICES OF JAMES M. SITKIN
         255 California Street, 10th Floor
         San Francisco, CA  94111
         Tel:  (415) 318-1048
         Fax: (415) 362-3268

         Justin Swidler, Esq.
         Richard S. Swartz. Esq.
         SWARTZ SWIDLER, LLC
         1101 Kings Hwy. N., Suite 402
         Cherry Hill, NJ  08034
         Tel:  (856) 685-7420
         Fax: (856) 685-7417

         Attorneys for Plaintiffs

643225.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the United States District Court for the District of Nebraska using the CM/ECF system this 6th day of January 2017, which system sent notification of such filing to counsel of record.

    s/ David Borgen
David Borgen

643225.1