IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, ALFREDO ALESNA Jr., DAVID CAGLE, STEPHEN L. DAVIS, FRANK EADS and KENNETH J. SURMAN, individually and on behalf of all those similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., DRIVERS MANAGEMENT, LLC, and DOES 1-100, inclusive;<br><br>Defendants. | **8:14CV319** |
| WILLIAM SMITH, on behalf of himself, all others similarly situated, and on behalf of the general public;<br><br>Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., a corporation; and DOES 1-100, inclusive;<br><br>Defendants. | **8:15CV287**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on objections filed by defendants Werner Enterprises, Inc. and Drivers Management, LLC (collectively, "Werner"), Filing No. 188 in 8:14CV319 and Filing No. 93 in 8:15CV287, to the Findings and Recommendation ("F&R") of the United States Magistrate Judge, Filing No. 186 in 8:14CV319 and Filing No. 91 in 8:15CV287, on the plaintiffs' renewed motions for class certification, Filing No. 166 in 8:14CV319 and Filing No. 71 in 8:15CV287. These are consolidated actions for

alleged violations of wage and hour laws. The actions were removed from Superior Court for the State of California, County of Alameda, to the United States District Court for the Norther District of California under 28 U.S.C. § 1446(b) and then transferred to this court under the doctrine of forum non conveniens. *See* Filing No. 23 in 8:14CV319 and Filing No. 17 in 8:15CV287. This court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

Under the Federal Rules of Civil Procedure, upon the filing of a findings and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Defendant Werner objects to the Magistrate Judge's determination, arguing (1) the recommendation is contrary to law because the Magistrate Judge incorrectly concluded that California law applies to drivers who are residents of California, when they are picking up or dropping off a load in California, and Nebraska law applies to those drivers (even when they are in California) and all other drivers; (2) the Magistrate Judge F&R erroneously suggests that any choice of law problems could be resolved by limiting the California class to California residents; (3) the California Class is impermissibly overbroad and violative of Werner's due process rights; (4) or the Magistrate Judge erred in determining, contrary to controlling California law, that the reason a driver skipped a meal or rest break is not relevant to whether Werner is liable for failing to provide breaks; (5) the Magistrate Judge erred in failing to

2

consider the importance of the supplemental and discretionary pay drivers receive for non-driving time; (6) the Magistrate Judge erred in failing to recognize the numerous individual issues that plague plaintiffs' improper deductions claims; (7) the Magistrate Judge erred in failing to consider a key change in the law applicable to plaintiffs' pay statement claims; (8) there are individual issues with regard to whether any driver is estopped from pursuing California claims, the calculation of the plaintiffs' claimed damages, the plaintiffs' dependent unfair competition claims, and Werner's affirmative defenses; and (9) the F&R contains certain factual findings that are clearly erroneous.

The court has conducted a de novo review and finds the F&R should be adopted. For the most part, Werner restates the arguments it made before the Magistrate Judge. The court overrules those objections for the reasons stated in the F&R. Also, Werner's objections generally relate to issues that are not germane to the determination of whether questions of law or fact are appropriate for class consideration, but relate to the merits of the class claims.

The court agrees with the Magistrate Judge that the legality of class-wide policies on compensation for all hours of work, payment of minimum wages, payroll deductions, wage statements, and meal and rest breaks are questions capable of resolution through common evidence that can be resolved once for the entire class. See *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (stating that if the common, aggregation-enabling, issues in the case are more prevalent or important than individual issues, the action is appropriate for class-action treatment "even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members"). The plaintiffs' claims hinge on

the question of whether Werner's nationwide system of compensation violates the law. *See, e.g., Mendis v. Schneider Nat'l Carriers, Inc., No. C15-0144-JCC, 2017 WL 497600, at \*5 (W.D. Wash. Feb. 7, 2017)*.

To the extent any of Werner's contentions ultimately prove meritorious, Werner has a remedy in creation of subclasses, or, ultimately, in a motion to decertify the class. *See Torres v. Mercer Canyons Inc., 835 F.3d 1125, 1137 (9th Cir. 2016)* (noting that the inclusion of uninjured class members is not a basis for denying certification, since "the district court is well situated to winnow out those non-injured members at the damages phase of the litigation"); *Butler v. Sears, Roebuck & Co., 727 F.3d 796, 801 (7th Cir. 2013)* ("[D]amages of individual class members can be readily determined in individual hearings, in settlement negotiations, or by creation of subclasses, the fact that damages are not identical across all class members should not preclude class certification").

IT IS ORDERED:

1.      The objections filed by defendants Werner Enterprises, Inc. and Drivers Management, LLC (Filing No. 188 in 8:14CV319 and Filing No. 93 in 8:15CV287) are overruled.

2.      The Findings and Recommendation of the United States Magistrate Judge (Filing No. 186 in 8:14CV319 and Filing No. 91 in 8:15CV287) is adopted in its entirety.

3.      The plaintiffs' renewed motions for class certification (Filing No. 166 in 8:14CV319 and Filing No. 71 in 8:15CV287) are granted.

4.      The following classes are certified:

    a.      All truck drivers who were or are California residents and who, while working for Werner, picked up and/or dropped off a load in the state of California after the completion of

training at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit ("the California Class").

b.      All truck drivers who worked or work anywhere for Werner after the completion of training at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit ("the Nebraska Class").

5.      Ezequiel Olivares Abarca, Alfredo Alesna Jr., David Cagle, Stephen L. Davis, Frank Eads, William Smith, and Kenneth J. Surman are appointed as the class representatives.

6.      Justin L. Swidler and Richard S. Swartz of Swartz Swidler LLC; James M. Sitkin of Law Offices of James M. Sitkin; David A. Borgen, Laura L. Ho, and Raymond A. Wendell of Goldstein, Borgen, Dardarian & Ho; and William D. Turley, David T. Mara, and Jamie Serb of the Turley Law Firm are appointed as Class Counsel.

Dated this 20th day of March, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge