IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, ALFREDO ALESNA JR., DAVID CAGLE, STEPHEN L. DAVIS, FRANK EADS, and KENNETH J. SURMAN, individually and on behalf of all those similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., DRIVERS MANAGEMENT, LLC, and DOES 1-100, inclusive,<br>        Defendants. | 8:14CV319<br><br>**ORDER** |
| WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public,<br>        Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., d/b/a C.L. WERNER, INC., a corporation, and DOES 1-100, inclusive,<br><br>        Defendants. | 8:15CV287<br><br>**ORDER** |
| BRIAN VESTER and JOEL MORALES, individually and on behalf of all others similarly situated,<br>        Plaintiffs,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., and DRIVERS MANAGEMENT, LLC;<br><br>        Defendants. | 8:17CV145<br><br>**ORDER** |

This matter is before the Court on the Motion to Consolidate Pursuant to Fed. R. Civ. P. 42(a) filed by Defendants, Werner Enterprises, Inc. and Drivers Management, LLC. Werner

moves to consolidate *Vester et al v. Werner Enterprises, Inc., et al*, Case No. 8:17CV145 (D. Neb. 2017) with *Abarca et al., v. Werner Enterprises, et al.*, Case No. 8:14CV319 (D. Neb. 2014) and *Smith v. Werner Enterprises, et al.*, Case No. 8:15CV287 (D. Neb. 2015), the latter two of which were previously consolidated for all purposes.

The *Vester* plaintiffs filed a Statement of Non-Opposition to Defendants' motion (Filing No. 75 in Case No. 8:17CV145) stating they do not oppose consolidation, with certain reservations regarding their right to conduct discovery and present arguments specific to their claims. Defendants filed a Reply (Filing No. 76 in Case No. 8:17CV145) asserting that the Court should not make its order on consolidation conditional on any discovery and that the *Vester* plaintiffs' response to the motion to consolidate is an inappropriate vehicle to raise such concerns.

Federal Rule of Civil Procedure 42(a) permits consolidation of cases involving common issues of law or fact as a matter of convenience and economy in judicial administration. Fed. R. Civ. P. 42(a). After review of the filings in the above cases, the Court concludes the *Vester* action contains common issues of law and fact as the *Abarca* and *Smith* cases. The putative class action claims by the *Vester* plaintiffs against Defendants for violations of California wage and labor laws are largely the same as those alleged in the *Abarca* and *Smith* cases. Additionally, the Court has certified a California class in the *Abarca* and *Smith* cases that appears to encompass the *Vester* plaintiffs' claims. Consolidation will conserve time and resources of the parties and of the Court. Accordingly, the Court will grant the Defendants' motion and consolidate all of the above-captioned cases for purposes of discovery and trial. The Court notes the *Vester* plaintiffs' concerns regarding their reservation of the right to conduct discovery and to present arguments specific to their claims. The parties may address these concerns during the telephone conference currently scheduled for August 1, 2018, in the *Abarca* and *Smith* cases. Upon consideration,

**IT IS ORDERED:**

1. Defendants' Motion to Consolidate Pursuant to Fed. R. Civ. P. 42(a) (Filing No. 202 in Case No. 8:14CV319; Filing No. 109 in Case. No. 8:15CV287; Filing No. 74 in Case No. 8:17CV145) is granted.

2. All of the above-captioned cases are now consolidated for all purposes.

3. Case No. 8:14CV319 continues to be designated as the "Lead Case" and Case. Nos. 8:15CV287 and Case No. 8:17CV145 are designated as "Member Cases."

4. The court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in the Member Case. The parties are instructed to file documents related to discovery (except those described in paragraph 5) in the Lead Case and to select the option "yes" in response to the System's question whether to spread the text.

5. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process.

6. If a party believes an item in addition to those described in paragraph 4 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more member cases. The motion must be filed in all the consolidated cases using the spread text feature.

7. The Court will address the *Vester* plaintiffs' discovery concerns and other scheduling matters during the telephone conference currently scheduled for August 1, 2018, at 10:30 a.m. in the *Abarca* and *Smith* cases.

Dated this 13th day of July, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge