IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, ALFREDO ALESNA JR., DAVID CAGLE, STEPHEN L. DAVIS, FRANK EADS, and KENNETH J. SURMAN, individually and on behalf of all those similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>WERNER ENTERPRISES, INC., DRIVERS MANAGEMENT, LLC, and DOES 1-100, inclusive,<br><br>        Defendants. | 8:14CV319<br><br>**ORDER** |
| WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public,<br>        Plaintiff,<br><br>  vs.<br><br>WERNER ENTERPRISES, INC., d/b/a C.L. WERNER, INC., a corporation, and DOES 1-100, inclusive,<br><br>        Defendants. | 8:15CV287<br><br>**ORDER** |
| BRIAN VESTER and JOEL MORALES, individually and on behalf of all others similarly situated,<br>        Plaintiffs,<br><br>  vs.<br><br>WERNER ENTERPRISES, INC., and DRIVERS MANAGEMENT, LLC;<br><br>        Defendants. | 8:17CV145<br><br>**ORDER** |

This matter is before the Court on Defendants' Motion for Leave to Amend Answer (Filing No. 214 in the Lead Case). Defendants request leave to file an Amended Answer to the Fourth Amended Complaint in the Lead Case, Case No. 8:14cv319, to add additional details to two of their previously pled affirmative defenses, and to add an additional affirmative defense of

res judicata and collateral estoppel. The *Abarca* and *Smith* Plaintiffs oppose the motion. (Filing No. 216).

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008)(quotation and citation omitted). The court has substantial discretion in ruling on a motion for leave to amend under Rule 15(a)(2). *Wintermute v. Kansas Bankers Sur. Co.*, 630 F.3d 1063, 1067 (8th Cir. 2011). Additionally, Fed. R. Civ. P. 8(c) requires affirmative defenses to be pled in a party's answer, and generally, "failure to plead an affirmative defense results in a waiver of that defense." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)(quoting *First Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). However, a court has discretion to grant a defendant leave to amend an answer to include an omitted Rule 8(c) defense. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 360 (8th Cir. 1997)(quoting *Sanders v. Dep't of Army*, 981 F.2d 990, 991 (8th Cir. 1992)).

Defendants seek leave to amend their fifth affirmative defense of "federal preemption" to add additional federal and constitutional laws that they assert preempt Plaintiffs' claims. Defendants also seek to amend their ninth affirmative defense that Plaintiffs' claims are unconstitutional and "barred in whole or in part" by the Dormant Commerce Clause to add additional constitutional provisions they allege bar Plaintiffs' claims, including the Due Process and Full Faith & Credit clauses. (Filing No. 214-1 at pp. 9-10). Finally, Defendants seek leave to add an eighteenth affirmative defense of res judicata and collateral estoppel based on any overlapping claims and issues that were ruled on in *Baouch v. Werner Enterprises, Inc.*, Case No. 8:12cv408 (D. Neb. 2012). (Filing No. 214-1 at p. 13).

Plaintiffs argue that Defendants' motion should be denied because of undue delay and dilatory motive, and because the proposed amendments are futile. (Filing No. 216 at p. 2). Specifically, Plaintiffs argue that Defendants have waived their proposed res judicata affirmative defense by failing to object for more than two years during the pendency of the *Baouch* litigation. Plaintiffs also argue Defendants unduly delayed by not asserting a "claim splitting"

defense when both this action and the *Baouch* actions were being litigated and have therefore acquiesced and waived such defense. (Filing No. 216 at pp. 4)(quoting Restatement (Second) Judgment § 26 cmt. a (1982)). Plaintiffs further argue Defendants did not justify the undue delay in seeking to add details to their constitutional and preemption defenses because Plaintiffs' operative Complaint made it clear that they alleged both Nebraska and California law applies to drivers. (Filing No. 216 at p. 7). Plaintiffs additionally argue that Defendants' res judicata defense, which is actually a defense of judicial estoppel, is futile. (Filing No. 216 at p. 3). Finally, Plaintiffs argue that, to the extent Defendants assert that they have "always taken the position" that Plaintiffs are barred by res judicata based on the "boilerplate defenses" asserted in the answer to the Fourth Amended Complaint, then Defendants do not need to amend their answer again. (Filing No. 216 at pp. 3-4).

Although the Lead Case has been pending for quite some time, "[g]iven the court's liberal viewpoint towards leave to amend," the Court nevertheless finds Defendants should be granted leave to amend their answer. *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "Mere delay is not a reason in and of itself to deny leave to amend. There must be found some prejudice which would result to others if leave were to be granted." *Mercantile Trust Co. Nat. Ass'n v. Inland Marine Prod. Corp.*, 542 F.2d 1010, 1012 (8th Cir. 1976). Defendants' proposed amended answer adds more details to two of their previously pled affirmative defenses, and arguably their res judicata and collateral estoppel defenses were previously encompassed in Defendants' "boilerplate" defenses that Plaintiffs' claims are barred in whole or in part by the "equitable doctrines of waiver, estoppel, laches, and/or unclean hands." See, e.g., *Infogroup, Inc. v. DatabaseLLC*, 95 F. Supp. 3d 1170, 1193 (D. Neb. 2015)(Gerrard, J.)(citing *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997)("[Affirmative defenses] need not be articulated with any rigorous degree of specificity, and may be sufficiently raised for purposes of Rule 8 by their bare assertion."). Further, at this time, the Court cannot say as a matter of law that Defendants definitely waived a claim splitting defense rendering such defense futile; whether Defendants waived the defense and whether such defense is successful on the merits is a determination better left to be made on a motion for summary judgment. More importantly, Defendants' motion is timely under the parties' agreed progression order, which was entered by the Court a little over one month before Defendants' filed the instant motion.

(Filing No. 211 in the Lead Case). At this time, the parties have not conducted merits discovery, no deadlines for discovery, expert disclosures, or dispositive motions have been set, and the Court has not yet set the trial date. In consideration of the above, the Court finds Defendants should be granted leave to file their Amended Answer. Accordingly,

**IT IS ORDERED:** Defendants' Motion for Leave to Amend Answer (Filing No. 214 in the Lead Case) is granted. Defendants shall file their proposed Amended Answer (Filing No. 214-1) in the Lead Case on or before December 21, 2018.

Dated this 10th day of December, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge