IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, ALFREDO ALESNA JR., DAVID CAGLE, STEPHEN L. DAVIS, FRANK EADS, and KENNETH J. SURMAN, individually and on behalf of all those similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>WERNER ENTERPRISES, INC., DRIVERS MANAGEMENT, LLC, and DOES 1-100, inclusive,<br><br>        Defendants. | **8:14CV319**<br><br>**ORDER** |
| WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public,<br>        Plaintiff,<br><br>  vs.<br><br>WERNER ENTERPRISES, INC., d/b/a C.L. WERNER, INC., a corporation, and DOES 1-100, inclusive,<br><br>        Defendants. | **8:15CV287**<br><br>**ORDER** |
| BRIAN VESTER and JOEL MORALES, individually and on behalf of all others similarly situated,<br>        Plaintiffs,<br><br>  vs.<br><br>WERNER ENTERPRISES, INC., and DRIVERS MANAGEMENT, LLC;<br><br>        Defendants. | **8:17CV145**<br><br>**ORDER** |

This matter is before the Court following a telephone conference held with counsel for the parties regarding a discovery dispute raised by plaintiffs' counsel in the member case *Vester, et al. v. Werner Enterprises, Inc., et al.*, Case No. 8:17CV145. The parties agreed that the undersigned magistrate judge may enter a ruling at the conclusion of the conference without further briefing on the dispute.

The parties' dispute concerns what discovery the *Vester* opt-out plaintiffs are entitled to receive from the *Abarca* and *Smith* actions. The *Vester* opt-out plaintiffs primarily request three deposition transcripts taken of Defendants' witnesses and documents served in response to discovery requests in the other consolidated cases. Defendants oppose such requests as being overbroad and encompassing evidence irrelevant in the *Vester* action. Defendants argue that because the *Vester* opt-out plaintiffs only allege claims under California law, they are limited to seeking discovery as it pertains to their California claims, and that any discovery in the *Abarca* and *Smith* actions pertaining to Nebraska law is irrelevant. Defendants propose that the *Vester* opt-out plaintiffs prepare a document listing topics of inquiry similar to a Rule 30(b)(6) notice, and defense counsel will produce the sections of deposition testimony responsive to the requested topics. Defendants also argue that the depositions have been marked as "Confidential" under the protective order in the *Abarca/Smith* cases.

Defendants' view of the scope of discovery is too narrow. The scope of relevant discovery extends to both claims and defenses. See Fed. R. Civ. P. 26(b)(1). Defendants have raised the affirmative defense in the *Vester* action that Plaintiffs consented in writing that their employment was Nebraska-based and subject to Nebraska law. (Filing No. 46 at p. 11). Additionally, the *Vester* opt-out plaintiffs simply request copies of discovery and deposition transcripts already completed in the *Abarca/Smith* actions. Pursuant to Defendants' request, this Court consolidated the above-captioned cases for all purposes in order to conserve judicial resources and to avoid repetitive discovery. See Filing No. 77- Order on Consolidation ("[T]the Court will grant the Defendants' motion and consolidate all of the above-captioned cases for purposes of discovery and trial); Filing No. 74 – Defendants' Motion to Consolidate ("The Court will hear testimony from the same witnesses in *Vester* and *Abarca/Smith* and the Plaintiffs will offer similar evidence in each case. Werner should not be required to produce witnesses for depositions and to respond to repetitive discovery in *Vester* and *Abarca/Smith*, when the claims, issues, and parties are virtually identical in each case."). Counsel for the class plaintiffs does not object to the *Vester* opt-out plaintiffs' being provided with the deposition transcripts and is willing to enter into a revised protective order to address any lingering confidentiality concerns. Accordingly, Defendants shall produce the deposition transcripts requested by the *Vester* opt-out plaintiffs, subject to an appropriate protective order.

With respect to the *Vester* plaintiffs' request for documents, the Court finds class plaintiffs' counsel suggestion is a suitable resolution. Defendants shall provide the *Vester* plaintiffs with Defendants' responses to requests for production of documents in the *Abarca/Smith* actions so that the *Vester* plaintiffs can identify relevant document requests by number and identify the documents responsive to those requests by Bates number, and request production of those documents from Defendants.

**IT IS SO ORDERED.**

Dated this 14th day of March, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge