IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, individually and on behalf of all those similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> WERNER ENTERPRISES, INC., et al., <br><br> Defendants. <br> _____ | **8:14CV319** <br> **(Lead Case)** |
| WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public, <br><br> Plaintiffs, <br><br> v. <br><br> WERNER ENTERPRISES, INC., et al., <br><br> Defendants. <br> _____ | **8:15CV287** <br> **(Member Case)** |
| BRIAN VESTER and JOEL MORALES, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WERNER ENTERPRISES, INC., et al., <br><br> Defendants. <br> _____ | **8:17CV145** <br> **(Member Case)** |

1

| | |
|---|---|
| DANIEL BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WERNER ENTERPRISES, INC., et al.,<br><br>Defendants. | 8:20CV227<br>(Member Case) |

This matter is before the Court on the plaintiffs' objection, Filing No. 357 in 8:14-cv-319 ("lead case"), Filing No. 262 in 8:15-cv-287, Filing No. 220 in 8:17-cv-145, and Filing No. 96 in 8:20-cv-227, to the order of the Magistrate Judge, Filing No. 352 in the 8:14-cv-319,[1] Filing No. 257 in 8:15-cv-287, Filing No. 215 in 8:17-cv-145, and Filing No. 91 in 8:20-cv-227) on the plaintiffs' motions to compel production of documents, Filing No. 313 and 314 in 8:14-cv-319, Filing No. 218 and 219 in 8:15-cv-287, and Filing Nos. 176 and 177 in 8:17-cv-145. This is a class action for alleged violations of various California and Nebraska wage and hour laws. This Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

I.  BACKGROUND

The plaintiffs moved to compel Werner to produce, in CSV format, all electronic Qualcomm/Omnitracs messages sent to and received by class members over at least a ten-year period, or, alternatively, to produce supplemental responses to certain subsets of the electronic Qualcomm/Omnitracs messages.[2] The plaintiffs later revised their request and sought an order compelling Werner to produce the five OMMS tables and

---

[1] Hereinafter, all citations to the record will refer to the filing numbers in the Lead Case.
[2] In light of its disposition, the Court need not address the subset request, which is subsumed in the initial request.

2

one position table, which eliminated the burden associated with writing a code to filter class members' messages.

The Magistrate Judge found "the plaintiffs' motion to compel all messaging data should be denied because its relevance to the plaintiffs' class claims is not outweighed by the significant burden to Werner." Filing No. 352 at 9. Further, he found the production of numerous subsets of Omnitracs/Qualcomm messages "would be unduly burdensome to produce and is not proportional to the needs of the case, particularly considering the plaintiffs have represented that other evidence, such as driver logs, would suffice." *Id.* at 10.

The plaintiffs object to the Magistrate Judge's denial of their request for CSV extractions of Werner's native messaging data, which are saved over 6 tables in Werner's database.³ Filing No. 357 at 2. They also object to the Magistrate Judge's denial of their motion to compel production of subsets of such data found in their Fourth Set of Requests, Requests 2-20. *Id.* They argue that although the Magistrate Judge correctly determined that the records requested were relevant to the litigation and provided evidence of the activities and the tasks drivers performed for Werner while they were over-the-road, the Magistrate Judge erred in finding that the burden of production was disproportionate to the probative value of the production. *Id.* They contend that the Magistrate Judge clearly erred in finding that the Department of Transportation ("DOT") driver logs provided a reasonable substitute for the Qualcomm data and misapplied the law in finding that the burden of producing the discovery

---

³ Werner uses the Omnitracs system and stores the messages over 5 OMMS tables and one position history table. Filing No. 316-3, Ex. 1-C, Deposition of Mary K. Howe (Howe Dep.") at 21, 87. Plaintiffs represent that they seek the raw tables, extracted to a CSV file and nothing more. Filing No. 315, Plaintiff's Brief at 5.

3

outweighed the plaintiffs' need for the data. The plaintiffs argue that the claims at issue are significant—the minimum wage rights of over 60,000 individuals over the course of ten years—and the information sought is relevant to the issue of whether the drivers are entitled to compensation for time the time categorized as "off duty" or "sleeper berth." *Id.* at 5.

I.  LAW

A magistrate judge's authority over nondispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.").

A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A decision is "contrary to the law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Transamerica Life Ins. Co. v. v. Lincoln Nat'l Life Ins. Co.*, 592 F.Supp.2d 1087, 1093 (N.D. Iowa 2008)). A magistrate

judge is afforded broad discretion in the resolution of nondispositive discovery disputes. *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995).

> The Federal Rules of Civil Procedure provide:
>
> Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Courts construe Rule 26(b)(1) broadly. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The party seeking to limit discovery must "establish grounds for not providing the discovery that are specific and factual." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (citations omitted). Once the Court finds that the information sought is relevant, the burden shifts to the resisting party to show that the burden of producing the information is disproportionate to the need for the information. *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 466 (N.D. Tex. 2015) ("[T]he existing allocation of burdens to show undue burden or lack of proportionality have not fundamentally changed.").

Under Federal Rule of Civil Procedure 26(b)(2)(B), "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." The Court may, nonetheless, order discovery if the moving party makes a showing of good cause, subject to the other considerations in Rule 26(b)(2)(C) such as where the discovery sought is "unreasonably cumulative," is available from a less burdensome source, or where "the burden and expense . . . outweighs its likely benefit." Rule 26 requires "a

5

particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973); *see also Doe v. Nebraska*, 788 F. Supp. 2d 975, 981 (D. Neb. 2011) ("A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required" (citation omitted)).

III. DISCUSSION

The Court has reviewed the evidence and the parties' briefing in connection with the motions to compel and finds the Magistrate Judge erred in concluding that the burden and expense of producing the Qualcomm/Omnitracs messaging data outweighs the needs of the case. The Magistrate Judge correctly determined that the information provided in the Qualcomm tables is relevant. The plaintiffs have shown that the information relates to the dispute about whether time logged as "off duty" or "sleeper berth" constitutes work. Filing No. 316-5, Ex. 1E, (comparison of information In Qualcomm versus Dot logs); *see also, e.g.*, Plaintiff's Brief at 9–10. Work under DOT regulations is not necessarily work as defined under wage and hour laws. *See, e.g.*, *Ridgway v. Wal-Mart Stores Inc.*, No. 3:08-CV-05221-SI, 2017 WL 1549329 (N.D. Cal. May 1, 2017), *aff'd sub nom. Ridgeway v. Walmart Inc.*, 946 F.3d 1066 (9th Cir. 2020) (holding that under California law, DOT logs showing "off duty" did not establish that drivers were not under the control of their employer, and thus entitled to compensation under California law); *Browne v. P.A.M. Transp., Inc.*, No. 5:16-CV-5366, 2018 WL 5118449, at *3 (W.D. Ark. Oct. 19, 2018) (stating that "[t]he DOT regulations aim to make our roads safe, while the DOL regulations aim to provide workers adequate

6

compensation); *Julian v. Swift Transp. Co. Inc.*, 360 F.Supp.3d 932, 943–44 (D. Ariz. 2018) ("The Browne court's conclusion that the DOT regulations provide no meaningful guidance regarding matters of compensation is correct."); *Haworth v. New Prime, Inc.*, 448 F. Supp. 3d 1060, 1070 (W.D. Mo. 2020). The plaintiffs have also shown that the information is not available in DOT driving logs. Filing No. 316-6, Ex. 1-F, Deposition of Devin Inlow at 106-120 (testifying about examples where messages showed activities such arriving at a shipper and completing a truck swap, communicating with his manager, unloading, loading, and waiting at a dock but Werner's driver log data indicates he was "off duty" or "sleeper berth").

Werner has extracted archived log data into CSV files in the past. Filing No. 272-1, Howe Decl. at 6. Werner estimates it would take Werner's computers approximately 3 to 4 hours to copy and extract the raw data from Werner's system for every 90-day period of the class, totaling approximately 12-16 hours per year of the class period. Filing No. 316-3, Howe Dep. at 111. Of those 3 to 4 hours, Howe testified that only "a few minutes" of that time would require human interaction. *Id.* at 112. The evidence establishes that the maximum time to download the raw data would be no more than approximately 160 hours of computer time. *See* Filing No. 352, Order at 8.

Howe admitted that she possessed the knowledge and ability to produce each of the six tables, without filtering or modification, as CSV files. Filing No. 316-3, Howe Dep. at 83–88. Much of Howe's testimony was to the burdensomeness of production related not to production of the raw data, but to rather filtering and sorting such data by driver. *Id.* at 17, 45–47, 93. Howe explained that to provide native extractions, due to the large volume "it would take a little bit of work to make sure that the most efficient

7

method was established." *Id.* at 97. The plaintiffs have offered to lessen the burden of producing the information by requesting all the information, not the information limited to the class members. Filing No. 315, Plaintiffs' Brief at 4 (stating that the plaintiffs are willing to undertake the process and expense of taking the raw data into a usable form). Werner has continued its practice of archiving the information on a regular basis in order to free up server space. Filing No. 272-1, Declaration of Mary Kaye Howe at ("Howe Decl.") at 2–3.

The Court finds the Rule 26 factors weigh in favor of compelling production. The discovery request relates to important issues in the litigation and the amount in controversy is significant overall. Also, Werner is the party with access to the information and has greater resources. Though Werner presented evidence that complying with the request would require some effort, it did not quantify the expense of complying. Moreover, the burden is due, in part, to Werner's decision to archive the data without backing up live data in a usable form, even after this litigation commenced. The Court finds Werner has not demonstrated that the burden or expense of the proposed discovery outweighs its likely benefit.

Accordingly, the Court finds the Magistrate Judge's order denying the plaintiffs' motion to compel production of the OMMS tables and position history table should be reversed. In order to lessen the burden on Werner, Werner should be allowed to choose whether to produce all the raw data in the OMMS tables or the data limited to class members. Also, Werner should keep track of the number of hours it takes to download the information and it may request reimbursement for the cost of retrieving the data in the event the plaintiff's do not prevail. The parties can meet and confer to

determine whether a representative sample would be sufficient to fulfil the plaintiff's request. Accordingly,

IT IS ORDERED that

1. The plaintiffs' objections (Filing No. 357 in 8:14-cv-319, Filing No. 262 in 8:15-cv-287, Filing No. 220 in 8:17-cv-145, and Filing No. 96 in 8:20-cv-227) to the order of the Magistrate Judge (Filing No. 352 in 8:14-cv-319) are sustained.

2. The order of the Magistrate Judge (Filing No. 352 in 8:14-cv-319, Filing No. 257 in 8:15-cv-287, Filing No. 215 in 8:17-cv-145, and Filing No. 91 in 8:20-cv-227) is reversed in part as set forth in this order.

3. The plaintiffs' motions to compel production of documents (Filing Nos. 313 and 314 in 8:14-cv-319; Filing No. 218 and 219 in 8:15-cv-287, and Filing Nos. 176 and 177 in 8:17-cv-145) are granted in part as set forth in this order.

4. Defendant Werner is ordered to produce the requested information within 30 days of the date of this order.

Dated this 1st day of August, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge