IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, et al, individually and on behalf of all those similarly situated, | 8:14CV319<br><br>ORDER |
| and | |
| WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public, | 8:15CV287<br><br>ORDER |
| and | |
| BRIAN VESTER and JOEL MORALES, individually and on behalf of all others similarly situated, | 8:17CV145<br><br>ORDER |
| and | |
| DANIEL BRYANT, individually and on behalf of all others similarly situated, | 8:20CV227<br><br>ORDER |
| Plaintiffs, | |
| vs. | |
| WERNER ENTERPRISES, INC., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Letter (Filing No. 375 in the Lead Case),[1] which the Court has construed as a motion to compel. During discovery, Plaintiff requested, and Werner produced, certain data for class member drivers including driver logs, pay records, trip data, and stop data. Plaintiffs assert they recently discovered Werner has not produced payroll and driver log data for class member drivers hired after October 2018, when notice to class members was first distributed. Plaintiffs seek immediate supplementation of such data for class member drivers hired after October 2018.

Werner opposes Plaintiffs' request, arguing Plaintiffs abandoned their position that drivers hired after October 2018 should be added to the class. Werner asserts in the fall of 2020, it produced to Plaintiffs supplemental class lists, and the parties discussed the possibility of serving a supplemental notice to drivers hired after October 2018. However, Werner maintains

---

[1] Hereinafter all citations to the record will refer to the filing numbers in the Lead Case.

Plaintiffs never followed through and stopped responding to defense counsel's communications regarding the supplemental class notice. Because class member drivers hired after October 2018 never received class notice, and Plaintiffs did not raise the issue since the fall of 2020, Werner objects to those drivers' inclusion in the class and to producing any data or personal information regarding them. Werner further maintains the certified class of drivers, which spans from "four years before the filing of this legal action until such time as there is a final disposition of this lawsuit," results in a class that never ceases to grow and is not presently ascertainable, and requests that the Court finds it has no obligation to produce records for individuals who are not on the October 2018 class list. (Filing No. 377).

## BACKGROUND

This class action arises out of the plaintiffs' allegations that Werner has uniform policies and practices regarding their truck drivers' compensation that violate wage and hour laws of California and Nebraska. (Filing No. 119; Filing No. 150). On March 30, 2018, the Court entered an order certifying two classes of Werner truck drivers affected by these policies and practices, totaling over 66,000 drivers:

> a. All truck drivers who were or are California residents and who, while working for Werner, picked up and/or dropped off a load in the state of California after the completion of training at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit ("the California Class").
>
> b. All truck drivers who worked or work anywhere for Werner after the completion of training at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit ("the Nebraska Class").

(Filing No. 190). The Court granted Plaintiffs' request for a "hybrid" class certification pursuant to both Fed. R. Civ. P. 23(b)(2) and 23(b)(3), which contemplates both injunctive and monetary relief. (Filing No. 166; Filing No. 190).

In September 2018, the Court entered an order approving the parties' Stipulation requiring notice of the class action to be disseminated to the class members. (Filing No. 212). The order appointed a Claims Administrator and required Werner to provide the Claims Administrator with a list of class members to whom notice of this class action would be sent. In October 2018, notice was mailed to over 66,000 class members, who were provided with an opt-out deadline. After the opt-out deadline passed, Werner produced driver logs, trip data, and

payroll data in March 2019, for individuals who received the class notice and did not opt out. Werner updated its data production for those drivers in July 2020 and September 2022.

On September 24, 2020, as a supplemental response to Plaintiff Alesna's Interrogatory No. 1, Werner produced supplemental class lists showing the names and contact information for individuals who were hired since the previous class lists were produced in 2018. Werner's counsel informed Plaintiffs' counsel that Werner believed "a supplemental notice should be issued to these individuals, followed by an opt-out period for these individuals." After receiving no response, on October 7, 2020, Werner's counsel followed up and requested Plaintiffs' position with respect to a supplemental class notice. On October 14, 2020, Werner's counsel e-mailed Plaintiffs' counsel a draft stipulation regarding supplemental notice. On November 3, 2020, counsel for Plaintiffs responded that the stipulation "would be fine," but requested that Werner update the class lists to include those individuals hired since the supplemental class lists were produced on September 24, 2020. Werner asserts Plaintiffs' request to supplement the class list six weeks after the first supplemental class list was sent "demonstrates that Plaintiffs' interpretation of the class definition is not manageable and that the requests for supplemental lists would be a never-ending process." (Filing No. 377 at pp. 4-5).

On April 20, 2023, Plaintiffs sent a letter to Werner first raising this issue regarding Werner's incomplete production. (Filing No. 375-1). The parties exchanged emails and attempted to meet and confer to resolve the issue, but were not successful. (Filing No. 375-2). Plaintiffs filed their motion to compel on May 5, 2023, bringing this issue before the Court for the first time. (Filing No. 375).

## ANALYSIS

Rule 26(e) imposes a continuing duty upon a party to timely supplement discovery responses. See Fed. R. Civ. P. 26(e)(1). The duty to supplement continues past the discovery deadline and up to the time of trial. See *Phil Crowley Steel Corp. v. Macomber, Inc.*, 601 F.2d 342, 343, 345 (8th Cir. 1979). Werner objects to producing the supplemental data requested by Plaintiffs for drivers hired after October 2018 because those drivers did not receive class notice.

In this case, the Court certified California and Nebraska classes of truck drivers spanning "four years before the filing of this legal action until such time as there is a final disposition of this lawsuit." The Court granted Plaintiffs' request for a hybrid class certification pursuant to both Fed. R. Civ. P. 23(b)(2) and 23(b)(3). For a class certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances,

3

including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c). "In the context of a class action predominantly for money damages . . . [the] absence of notice and opt out violates due process." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 363 (2011). In contrast, for a class certified under Rule 23(b)(2), such subsection "provides no opportunity for (b)(2) class members to opt out, and does not oblige the district court to afford them notice of the action, both of which are prescribed for (b)(3) classes." *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 480 (8th Cir. 2016).

The parties have never moved the Court to amend its class definition, and the Court declines to do so in this order, as that issue has not been fully discussed between counsel and presented to the Court. As it stands, the scope of the certified class spans "four years before the filing of this legal action until such time as there is a final disposition of this lawsuit." Werner objects to producing data for class member drivers hired after October 2018 because they did not receive class notice – but to the extent the class was certified under Rule 23(b)(2), no notice and opt out period is required. See *Ebert*, 823 F.3d at 480. And Werner is not relieved of its discovery obligations just because a second notice has not yet been sent to class members indisputably within the Court's certified definition. Therefore, the Court find Plaintiffs' request for supplementation of data for drivers hired after October 2018 should be granted.

Practically speaking, however, Werner is correct that, to the extent the classes were certified under Rule 23(b)(3), class members must receive class notice and an opportunity to opt out to pursue their individual claims for monetary relief. See *Dukes*, 564 U.S. at 363-63; *Sampson v. Knight Transportation, Inc.*, No. C17-0028-JCC, 2021 WL 2255129, at *2 (W.D. Wash. June 3, 2021) (modifying class definition that ran "through the date of final disposition" to provide an end date for the class to provide adequate time for dissemination of a second class notice and opt out period); *Huckaby v. CRST Expedited, Inc.*, No. 221CV07766ODWPDX, 2023 WL 2869276, at *4 (C.D. Cal. Apr. 10, 2023) (amending class definition "such that its membership ends prior to the final disposition of this case, allowing the parties to provide class members with adequate notice and an opportunity to opt-out."). The parties are to meet and confer to reach an agreement on how and when supplemental notice to class members hired after October 2018 shall be accomplished, including reaching an agreement on an end date for class members who must receive notice under Rule 23(b)(3), in consideration of the current case progression and trial deadlines. Accordingly,

4

**IT IS ORDERED:**

1. Plaintiffs' motion to compel (Filing No. 375 in the Lead Case) is granted. Werner shall produce the requested data for drivers hired after October 2018.
2. The parties shall meet and confer regarding (a) the time Werner requires to gather and produce such data and (b) the second notice and opt out period for drivers hired after October 2018, including reaching an agreement on an end date for class members who must receive notice under Rule 23(b)(3).

Dated this 9th day of June, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge