## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, ALFREDO ALESNA JR., DAVID CAGLE, STEPHEN L. DAVIS, FRANK EADS, and KENNETH J. SURMAN, individually and on behalf of all those similarly situated, | Case No. 8:14-CV-319-JFB-MDN **STIPULATION AND ORDER REGARDING COURT-SUPERVISED NOTICE** |
| Plaintiffs, | |
| vs. | |
| WERNER ENTERPRISES, INC., DRIVERS MANAGEMENT, LLC, and DOES 1-100, inclusive, | |
| Defendants. | |
| WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public, | Case No. 8:15-cv-00287-MFB-MDN |
| Plaintiffs | |
| vs. | |
| WERNER ENTERPRISES, INC., d/b/a C.L. WERNER, INC., a corporation, and DOES 1-100, inclusive, | |
| Defendants. | |
| BRIAN VESTER and JOEL MORALES, individually and on behalf of all others similarly situated, | Case No. 8:17-CV-145 |
| Plaintiffs, | |
| vs. | |
| WERNER ENTERPRISES, INC., and DRIVERS MANAGEMENT, LLC; | |
| Defendants. | |

1

| | |
|---|---|
| DANIEL BRYANT, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., a Nebraska corporation; DRIVERS MANAGEMENT, LLC, a Delaware corporation and DOES 1-50, inclusive,<br><br>     Defendants. | Case No. 8:20-cv-227 |

The Plaintiffs and Defendants (hereinafter, collectively, "Parties"), by and though undersigned counsel, hereby stipulate and agree as follows:

A.     WHEREAS, this Court on March 20, 2018, entered an Order (hereinafter, the "Certification Order") in the consolidated cases with the lead case *Abarca et al. v. Werner Enterprises, Inc. et al.*, Case No. 8:14-cv-319-JFB-MDN, certifying a "Nebraska Class" defined as "[a]ll truck drivers who worked or work anywhere for Werner after the completion of training at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit" for alleged violations of Nebraska law. (ECF. No. 190);

B.     WHEREAS, the Court also certified a "California Class," which is a subclass within the Nebraska Class and is defined in the Certification Order as "truck drivers who were or are California residents and who while working for Werner, picked up and/or dropped off a load in the state of California after the completion of training at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit" for alleged violations of California law. (ECF. No. 190);

C.     WHEREAS, Court-approved notice was last sent to members of the Nebraska Class and members of the California Class (hereinafter, collectively, "Class Members") in 2018;

2

D.    WHEREAS, the Court on July 18, 2023 (ECF No. 393):

1.    Approved the parties' agreement that the Rule 23(b)(3) class definitions for the Nebraska and California classes should be modified to exclude drivers who did not work for Werner at any point from June 4, 2010 – July 14, 2023 and were hired after July 14, 2023, so as to provide an end-date for class membership and to eliminate the need for multiple supplemental notices to new class members;

2.    Ordered Defendants to produce a class list ("2023 Class List"), on or before August 4, 2023, to counsel for the *Abarca/Smith* Plaintiffs ("Class Counsel") identifying all individuals who now fall within the definition of the Nebraska and/or California classes, were hired on or before July 14, 2023, and were not on the 2018 Class List (collectively, the "New Class Members");

3.    Ordered that on or before August 25, 2023, Defendants will produce supplemental class data for all categories of class data previously produced, including trip data, pay data, check detail, check header, paid trip detail, stop data, messaging data, and log data, for all Class Members, including all such data generated through the date of that production.

4.    Ordered Class Counsel to send notice, on or before September 6, 2023, to New Class Members who are not on the 2018 Class List ("2023 Notice") and to provide New Class Members with 60 days from the Mailing date to elect to be excluded from the lawsuit (the "2023 Opt Out Deadline");

5.    Ordered, that within 30 days after the 2023 Opt Out Deadline, (1) Defendants shall make another production of supplemental class data, for all categories of class data previously produced, including trip data, pay data, check detail, check header, paid trip detail, stop data, messaging data, and log data, for all Class Members, including all such data generated between August 25, 2023 and the date of that production; and (2) Class Counsel shall file with the

Court a list of all New Class Members who timely requested exclusion from either Class (the "2023 Opt Out List").

      6.     Ordered the Parties to submit a joint stipulation and proposed order for approval of the 2023 Notice plan and documents on or before August 1, 2023;

     E.     WHEREAS, the Parties have conferred and have reached agreement regarding the 2023 Notice, including the appropriate methods and form of notice;

     F.     WHEREAS, the Parties concur that "qualified drivers" is a well-recognized term among Class Members, used to refer to truck drivers who worked or work for Werner in a capacity other than solely as a student driver in Werner's student driver training program and that term should be used in the class notices as a shorthand for Class Members;

     G.     WHEREAS, Class counsel have determined that Kurtzman Carson Consultants LLC (hereinafter "KCC") is an experienced Claims Administrator (see website at http://www.kccllc.com/) that facilitated the 2018 Notice and Plaintiffs propose that KCC should be appointed to serve again as the Notice Administrator for the purposes of the 2023 Notice described herein and shall perform the duties of Notice Administrator;

     H.     WHEREAS, Werner did not have any role in screening or selecting who would serve as class action notice administrator for Plaintiffs and that decision was made solely by Class Counsel;

     **NOW THEREFORE**, the Parties agree as follows:

      1.     For all New Class Members, Werner shall provide to KCC, with a concurrent copy to Class Counsel, by August 4, 2023: a list of new Nebraska Class Members (the "2023 Nebraska Class List") in an electronic spreadsheet containing, in separate columns, the first name, last name, home street address/city/state/zip code, Social Security Number, and, to the extent Werner has such information, the last known phone number(s) and email address(es) for

each driver in the Nebraska class ("New Nebraska Class Members"). The 2023 Nebraska Class List will contain a column identifying the drivers on that list who are also members of the California Class ("New California Class Members"). The parties agree that the 2023 Nebraska Class List contain confidential information and KCC shall maintain the 2023 Nebraska Class List as confidential and use it only for purposes related to this legal action;

2.      Upon receipt of the 2023 Nebraska Class List, KCC shall conduct a National Change of Address system (a.k.a. "NCOA") address verification and correct the addresses on the Nebraska Class List accordingly. On or before September 6, 2023, KCC shall send Notice in the manner described below.

3.      For New Class Members with last known e-mail addresses on the 2023 Nebraska Class List, KCC shall send via e-mail the following:

a.      To New California Class Members, an e-mail with the content set forth in Exhibit A attached hereto;

b.      To New Nebraska Class Members who are not members of the California Class, an e-mail with the content set forth in Exhibit B attached hereto;

4.      For New Class Members for whom only a mailing address appears on the 2023 Nebraska Class List, KCC shall send via First Class U.S. mail the following:

a.      To New California Class Members, a postcard with the content set forth in Exhibit C attached hereto;

b.      To New Nebraska Class Members who are not members of the California Class, a postcard with the content set forth in Exhibit D attached hereto;

5.      At least twenty-four hours before mailing the class notices as described in Paragraphs 2(a) and (b), KCC shall activate a website for this legal action as identified in Exhibits A through D. The website will be accessible at www.truckerclassaction.com and will be

5

maintained by KCC for at least two weeks after the 2023 Opt Out Deadline. The website will include the following:

a.      Plaintiffs' operative Complaint and Defendants' operative Answer,

b.      The Court's Certification Order,

c.      The Court's Order regarding the Joint Status Report and Joint Motion to Refine Class Definitions and Extend Progression Order Deadlines

d.      The long form notice to the California Class with the content set forth in Exhibit E attached hereto,

e.      The long form notice to the Nebraska Class with the content set forth in Exhibit F attached hereto, and

f.      Contact information for KCC and Class Counsel, including email, phone number, fax number, and mailing address for further questions.

6.      During the same time period when the website is active as described in Paragraph 5, KCC shall staff the phone line provided on the website (9 am. – 8 p.m., EST) to respond to New Class Member inquiries, including by direction to the website or to Class Counsel for answers to further questions, to report on receipt of a request for exclusion, to process requests for duplicate class notices, and to record updated New Class Member contact information;

7.      A New Class Member may elect to be excluded from this Lawsuit by mailing, via First Class U.S. mail, emailing, faxing, or otherwise causing to be delivered a request for exclusion to KCC in the manner described in the class notices (Exhibits A through D), or in some other manner that reasonably indicates the New Class Member's intent to be excluded from this Lawsuit, on or before the later of sixty (60) days from the initial mailing of the class notice or thirty (30) days after KCC's initial remailing of postcard class notice.  KCC shall remail postcard notice to any New Class Members  for whom (a) the initial email notice bounces back as

undeliverable, if the initial notice was sent to that New Class Member via email in accordance with paragraph 3; or (b) the initial mailed postcard notice is returned undeliverable mail ("RUM"), if the initial notice was sent to that New Class Member via mail in accordance with paragraph 4;

8.      To the extent there is any dispute regarding the validity of a New Class Member's request for exclusion, the Court shall determine, upon motion by either Party, whether the request for exclusion is valid;

9.      The Parties agree that supplemental postcard notice via First Class U.S. Mail, as described in paragraph 7, shall be attempted within twenty (20) days of the initial mailing/e-mailing date in the following circumstances: (a) to any New Class Member for whom the initial email notice bounces back as undeliverable, if the initial notice was sent to that New Class Member via email in accordance with paragraph 3; and (b) for those New Class Members to whom the initial notice is sent via mail in accordance with paragraph 4, if the New Class Member's initial mailed postcard notice is RUM to KCC, KCC will attempt to remail postcard notice to any updated address identified.  For either scenario described, KCC promptly shall undertake a customary secondary address verification and re-mail, via first class U.S. mail, the class notice to any updated address identified. (A request for another copy of the class notice is not RUM to KCC unless the initially mailed class notice is RUM to KCC itself.) A secondary address verification conducting a customary credit bureau search or search of the Social Security Administration's database using the New Class Member's social security number provided on the 2023 Nebraska Class List shall be deemed sufficient secondary address verification effort. KCC shall have no further responsibilities for address verification but shall provide replacement class notices on request by a New Class Member or Class Counsel;

10.     KCC shall promptly email to Class Counsel and counsel for Defendants any written responses to the class notices received from New Class Members, other than notices that

merely report corrected contact information; shall provide a declaration under penalty of perjury, reporting on the performance of KCC's responsibilities hereunder and summarizing any responses received from New Class Members to Class Counsel not less than twenty-one (21) days after the Opt Out Deadline; shall concurrent with said declaration provide said counsel an updated New Nebraska Class List with corrected information; shall respond to counsel's reasonable requests for information; and shall perform such other and further responsibilities consistent with its duties as the Claims Administrator;

11.    Within thirty (30) days after the Opt Out Deadline, Class Counsel shall file with the Court the 2023 Opt Out List.

It is so stipulated.


SO ORDERED.

Dated this _4th_ day of _August_, 2023

_____
U.S. District Court Judge

Exhibit A

**Ex. A - Email Notice (New California Class Members)**

Claim ID: <<ClaimID>>

**To**: [insert]
**Subject**: Notice About Lawsuit Regarding Werner Qualified Drivers

# THIS NOTICE WAS AUTHORIZED BY THE COURT.
# PLEASE READ IT CAREFULLY.
# YOUR LEGAL RIGHTS MAY BE AFFECTED.

**If You Worked as a Qualified Driver for Werner At Any Time since June 4, 2010, and Were Hired Before July 14, 2023, You Are Part of a Certified Class in a Case Alleging Violations of Employment Law.**

The purpose of this Notice is to inform you that you may be part of a certified class in *Ezequiel Olivares Abarca, et al. v. Werner Enterprises, Inc.,* et al., Case No. 8:14-cv-00319-JFB-MDN (D. Neb.) (the "Lawsuit").

## What is this Lawsuit about?

The Lawsuit claims that Werner violated California and/or Nebraska law by: (1) failing to pay minimum wage for all work time; (2) taking unlawful deductions from pay; (3) providing inadequate wage statements while drivers were in California; and (4) failing to provide meal and rest breaks while drivers were in California. The Court has not yet determined who wins the Lawsuit, but has dismissed the California class' meal and rest break claims.

## Who is in the Class?

On March 20, 2018, the Court ordered that the Lawsuit may proceed as a class action on behalf of two classes: (1) Truck drivers who, while residing in California and working for Werner as qualified drivers, picked up or dropped off at least one load in California at any time since June 4, 2010 (only for work performed in California); and (2) truck drivers who worked or work as qualified drivers for Werner at any time since June 4, 2010. On July 18, 2023, the Court modified the class definitions to exclude drivers who were hired after July 14, 2023.

Generally, you are included in the certified class if you worked for Werner as a qualified driver at any time since June 4, 2010 and were hired on or before July 14, 2023.

## What are my options?

*Stay in the Class*: You do not have to do or pay anything to be part of the Class. If you remain in the Class, you will be bound by any judgment or settlement and may be entitled to compensation if Plaintiffs prevail or a settlement is reached. You will give up the right to participate in any other action based on the same conduct.

*Exclude yourself*: To exclude yourself, you must mail or e-mail a request for exclusion to *Abarca v Werner Enterprises Inc* Claims Administrator at PO Box 404081 Louisville, KY 40233-4081 or info@truckerclassaction.com. To be valid, your request for exclusion should be postmarked or emailed by [2023 opt-out date].  The request should contain your name, phone number, address, email address, and signature; the name of the case; and a statement that you wish to be excluded from the Class.  If you exclude yourself, you will not be eligible to receive any compensation if the Plaintiffs prevail on their claims, but you will also not be bound by the judgment or settlement in this case.

### How can I get more information?

To get a copy of the long form notice, you can visit www.TruckerClassAction.com, call [toll-free number] or email info@truckerclassaction.com.

### NOTICE IN ACCORDANCE WITH LOCAL CIVIL RULE 23.1(b)

All documents sent to the Court by any class member, including any letter or document expressing a class member's desire to be excluded from the class and any objection to a proposed settlement, voluntary dismissal, or compromise, are filed electronically by the clerk and therefore will be available for public review.

### PLEASE DO NOT CONTACT THE COURT
### REGARDING THIS NOTICE.

# Exhibit B

**Ex. B - Email Notice (New NE Class Members excluding CA)**

Claim ID: <<ClaimID>>

**To**: [insert]
**Subject**: Notice About Lawsuit Regarding Werner Qualified Drivers

## NOTICE OF CLASS ACTION LAWSUIT
### THE COURT AUTHORIZED THIS NOTICE.
### THIS IS NOT A SOLICITATION FROM A LAWYER.

**If You Worked as a Qualified Driver for Werner At Any Time since June 4, 2010, and Were Hired On or Before July 14, 2023, You Are Part of a Certified Class in a Case Alleging Violations of Nebraska Employment Law.**

The purpose of this Notice is to inform you that you may be part of a certified class in *Ezequiel Olivares Abarca, et al. v. Werner Enterprises, Inc.,* et al., Case No. 8:14-cv-00319-JFB-MDN (D. Neb.) (the "Lawsuit").

### What is this Lawsuit about?

The Lawsuit claims Werner violated the Nebraska Wage and Hour Act and the Nebraska Wage Payment and Collection Act in several ways: (1) Werner's mileage-based pay system failed to compensate drivers for all hours worked; and (2) Werner took unlawful deductions from drivers' wages. The Lawsuit seeks unpaid wages, penalties, and interest. The Court has not yet determined who wins the Lawsuit.

### Who is in the Class?

On March 20, 2018, the Court ordered that the Lawsuit may proceed as a class action on behalf of all truck drivers who worked or work as qualified drivers for Werner at any time since June 4, 2010. On July 18, 2023, the Court modified the classes to exclude drivers who were hired after July 14, 2023.

Generally, you are included in the certified class if you worked for Werner as a qualified driver at any time since June 4, 2010, and you were hired on or before July 14, 2023.

### What are my options?

*Stay in the Class*: You do not have to do or pay anything to be part of the Class. If you remain in the Class, you will be bound by any judgment or settlement and may be entitled to compensation if Plaintiffs prevail or a settlement is reached. You will give up the right to participate in any other action based on the same conduct.

*Exclude yourself*: To exclude yourself, you must mail or e-mail a request for exclusion to *Abarca v Werner Enterprises Inc* Claims Administrator at PO Box 404081 Louisville, KY 40233-4081 or

info@truckerclassaction.com. To be valid, your request for exclusion should be postmarked or emailed by [2023 opt-out date].  The request should contain your name, phone number, address, email address, and signature; the name of the case; and a statement that you wish to be excluded from the Class.  If you exclude yourself, you will not be eligible to receive any compensation if the Plaintiffs prevail on their claims, but you will also not be bound by the judgment or settlement in this case.

### **How can I get more information?**

To get a copy of the long form notice, you can visit www.TruckerClassAction.com, call [toll-free number] or email info@truckerclassaction.com.

### **NOTICE IN ACCORDANCE WITH LOCAL CIVIL RULE 23.1(b)**

All documents sent to the Court by any class member, including any letter or document expressing a class member's desire to be excluded from the class and any objection to a proposed settlement, voluntary dismissal, or compromise, are filed electronically by the clerk and therefore will be available for public review.

### **PLEASE DO NOT CONTACT THE COURT**
### **REGARDING THIS NOTICE.**

Exhibit C

Ex. C – Postcard Notice CA

**If you worked as a qualified driver for Werner at any time since June 4, 2010, and were hired on or before July 14, 2023, you are part of a certified class in a case alleging violations of employment law.**

**This Notice was authorized by the Court. Please read it carefully. Your legal rights may be affected.**
The purpose of this Notice is to inform you that you may be part of a certified class in *Ezequiel Olivares Abarca, et al. v. Werner Enterprises, Inc.,* et al., Case No. 8:14-cv-003190JFB-MDN (D. Neb.) (the "Lawsuit").

**What is the Lawsuit about?** The Lawsuit claims that Werner violated California and/or Nebraska law by: (1) failing to pay minimum wage for all work time; (2) taking unlawful deductions from pay; (3) providing inadequate wage statements; and (4) failing to provide meal and rest breaks while drivers were in California.

The Court has not yet determined who wins the Lawsuit, but has dismissed the California class' meal and rest break claims.

**Who is in the Class?** On March 20, 2018, the Court ordered that the Lawsuit may proceed as a class action on behalf of two classes: (1) Truck drivers who, while residing in California and working for Werner as qualified drivers, picked up or dropped off at least one load in California at any time since June 4, 2010 (only for work performed in California); and (2) truck drivers who worked or work as qualified drivers for Werner at any time since June 4, 2010. On July 18, 2023, the Court

modified the class definitions to exclude drivers who were hired after July 14, 2023.

Generally, you are included in the certified class if you worked for Werner as a qualified driver at any time since June 4, 2010 and were hired on or before July 14, 2023.

**What are my options?**

*Stay in the Class*: You do not have to do or pay anything to be part of the Class. If you remain in the Class, you will be bound by any judgment or settlement and may be entitled to compensation if Plaintiffs prevail or a settlement is reached. You will give up the right to participate in any other action based on the same conduct.

*Exclude yourself*: To exclude yourself, you must mail or email a request for exclusion to *Abarca v Werner Enterprises Inc* Claims Administrator at PO Box 404081

Louisville, KY 40233-4081 (via mail) or info@truckerclassaction.com (via email). To be valid, your request for exclusion should be postmarked or emailed by [2023 opt-out date]. The request should contain your name, phone number, address, email address, and signature; the name of the case; and a statement that you wish to be excluded from the Class. If you exclude yourself, you will not be eligible to receive any compensation if the Plaintiffs prevail on their claims, but you will also not be bound by the judgment or settlement in this case.

**How can I get more information?** To get a copy of the entire notice, please visit www.TruckerClassAction.com, call [toll-free number] or email info@truckerclassaction.com.

Exhibit D

Ex. D – Postcard Notice NE

**If you worked as a qualified driver for Werner at any time since June 4, 2010, and were hired on or before July 14, 2023, you are part of a certified class in a case alleging violations of Nebraska employment law.**

**This Notice was authorized by the Court. Please read it carefully. Your legal rights may be affected.**

The purpose of this Notice is to inform you that you may be part of a certified class in *Ezequiel Olivares Abarca,* et al. *v. Werner Enterprises, Inc.,* et al., Case No. 8:14-cv-003190JFB-MDN (D. Neb.) (the "Lawsuit").

**What is the Lawsuit about?** The Lawsuit claims that Werner violated the Nebraska Wage and Hour Act and the Nebraska Wage Payment and Collection Act in several ways: (1) Werner's mileage-based pay system failed to compensate drivers for all hours worked; and (2)

Werner took unlawful deductions from drivers' wages. The Lawsuit seeks unpaid wages, penalties, and interest. The Court has not yet determined who wins the Lawsuit.

**Who is in the Class?** On March 20, 2018, the Court ordered that the Lawsuit may proceed as a class action on behalf of all truck drivers who worked or work as qualified drivers for Werner at any time since June 4, 2010. On July 18, 2023, the Court modified the classes to exclude drivers who were hired after July 14, 2023. Generally, you are included in the lawsuit if you worked for Werner as a qualified driver at any time since June 4, 2010, and you were hired on or before July 14, 2023.

**What are my options?**

*Stay in the Class*: You do not have to do or pay anything to be part of the Class. If you remain in the Class, you will be bound by any judgment or settlement and may be entitled to compensation if Plaintiffs prevail or a settlement is reached. You will give up the right to participate in any other action based on the same conduct. *Exclude yourself*: To exclude yourself, you must mail or email a request for exclusion to *Abarca v Werner Enterprises Inc.* Claims Administrator at PO Box 404081 Louisville, KY 40233-4081 (via mail) or info@truckerclassaction.com (via email). To be valid, your request for exclusion should be postmarked or emailed by [2023 opt-out date]. The request should contain your name, phone number, address, email address, and signature; the name of the case; and a statement that you wish to be excluded from the Class. If you exclude yourself, you will not be eligible to receive any compensation if the Plaintiffs prevail on their claims, but you will also not be bound by the judgment or settlement in this case.

**How can I get more information?** To get a copy of the long form notice, you can visit www.TruckerClassAction.com, call [toll-free number] or email info@truckerclassaction.com.

Exhibit E

Ex. E – Long Form Notice - CA New Class Members

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

**EZEQUIEL OLIVARES ABARCA *v.* WERNER ENTERPRISES, INC.,** *et al.*

Case No. 8:14-cv-00319-JFB-MDN

**NOTICE OF PENDENCY OF CLASS ACTION**

***This Notice was authorized by the Court.  This is not a solicitation.  You are not being sued.
Please read carefully.  Your legal rights may be affected.***

**INTRODUCTION**

The purpose of this notice is to: (1) inform you of the existence of a certified class action lawsuit filed against Werner Enterprises, Inc. and Drivers Management, LLC (collectively, "Werner"); and (2) advise you of how your rights may be affected by this lawsuit.  This notice also provides instructions for how you can exclude yourself from the lawsuit if you do not wish to be a part of the class.  **If you worked as a qualified driver for Werner at any time since June 4, 2010, and were hired on or before July 14, 2023, you are part of a certified class in this case.**

**DESCRIPTION OF LAWSUIT**

This case (the "Lawsuit") was originally filed on June 4, 2014 in the Superior Court of California, County of Alameda and was later removed to federal court and transferred to the District of Nebraska.  The Plaintiffs in the Lawsuit are Ezequiel Olivares Abarca, Alfredo Alesna Jr., David Cagle, Stephen Davis, Frank Eads, William Smith, and Kenneth Surman. Plaintiffs have alleged that Werner violated both Nebraska and California Law in several ways: (1) Werner's mileage-based pay system failed to compensate drivers for all hours worked; and (2) Werner took unlawful deductions from drivers' wages. Plaintiffs also allege the wage statements provided to drivers did not comply with California law, that drivers were not provided meal and rest breaks required by California law while working in California, and Werner's labor practices violate California's unfair competition law. The Lawsuit seeks unpaid wages, penalties, and interest.

The Court has not determined who wins the Lawsuit, but has dismissed the California class' meal and rest break claims.  The sole purpose of this notice is to inform you of the Lawsuit so that you may make an informed decision as to whether you wish to remain in or opt out of this class action.

**DEFINITION OF THE CLASS**

1

Ex. E – Long Form Notice - CA New Class Members

On March 20, 2018, the Court ordered that the Lawsuit may proceed as a class action on behalf of two classes:

1)  All qualified truck drivers who, while residing in California and working for Werner, picked up or dropped off at least one load in California at any time since June 4, 2010. The claims on behalf of this class are only for work performed in California.
2)  All truck drivers who worked or work as qualified drivers for Werner at any time since June 4, 2010.

On July 18, 2023, the Court modified the class definitions to exclude drivers who were hired after July 14, 2023.

Generally, you are included in the certified class if you worked for Werner as a qualified driver at any time since June 4, 2010 and you were hired on or before July 14, 2023.

## <u>CLASS MEMBER RIGHTS</u>

**Join the Class**: You do not have to do or pay anything to be part of the class and you do not have to do anything at this time to confirm that you are a member of the class.  Class Counsel, whose contact information is listed below, will represent the class in the Lawsuit at no out-of-pocket cost to you.  If you wish, you may also hire your own counsel to represent you and participate in this Lawsuit on your behalf.

If you remain in the class, you will be bound by any judgment or settlement reached in this Lawsuit and may be entitled to compensation if Plaintiffs prevail or a settlement is reached on behalf of the class.  You will also give up the right to bring or participate in any action based upon the same conduct that may be alleged in the Lawsuit against Werner.

**Exclude Yourself**: You have the right to exclude yourself from the class and this Lawsuit. If you wish to exclude yourself from the class and not participate in this Lawsuit, you must mail or e-mail a request for exclusion to the Claims Administrator:

*Abarca v Werner Enterprises Inc*
Claims Administrator
PO Box 404081
Louisville, KY 40233-4081
info@truckerclassaction.com

2

Ex. E – Long Form Notice - CA New Class Members

To be valid, your request should contain your name, phone number, address, email address, and signature; the name of the case; and a statement that you wish to exclude yourself from the class. You are not required to provide any reason for your decision.  For your request to be valid, it must be postmarked no later than **[date]**.  If you exclude yourself from the class, you will not be eligible to receive any compensation if Plaintiffs prevail on their claims, but you will also not be bound by the judgment or settlement in this case.

## CLASS COUNSEL

The Court has found that the lawyers listed below are adequate to represent the class in this Lawsuit.  If you have any questions regarding this notice or the Lawsuit, please contact any of the following attorneys, who represent Plaintiff and the class:

James Kan
Raymond A. Wendell
Mengfei Sun
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:  (866) 762-8575
Fax:  (510) 835-1417
Email: wernerdrivers@gbdhlegal.com
Website: http://www.gbdhlegal.com

Justin L. Swidler
jswidler@swartz-legal.com
Richard S. Swartz
rswartz@swartz-legal.com
SWARTZ SWIDLER LLC
9 Tanner Street, Ste. 101
Haddonfield, NJ 08033
Tel:  (856) 685-7420
Fax:  (856) 685-7417
Website: http://www.swartz-legal.com

## EXAMINATION OF PAPERS

This notice does not fully describe the Lawsuit. You may inspect the Court's files at the United States District Court for the District of Nebraska, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Suite 1152, Omaha, NE 68102, from 9:00 a.m. to 4:00 p.m., Monday through Friday (https://www.ned.uscourts.gov).

## NOTICE IN ACCORDANCE WITH LOCAL CIVIL RULE 23.1(b)

All documents sent to the Court by any class member, including any letter or document expressing a class member's desire to be excluded from the class and any objection to a proposed settlement, voluntary dismissal, or compromise, are filed electronically by the clerk and therefore will be available for public review.

## PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK REGARDING THIS ACTION.

Exhibit F

Ex. F – Long Form Notice – NE New Class Members

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

**EZEQUIEL OLIVARES ABARCA, *et al. v.* WERNER ENTERPRISES, INC., *et al.***

Case No. 8:14-cv-00319-JFB-MDN

**NOTICE OF PENDENCY OF CLASS ACTION**

***This Notice was authorized by the Court.  This is not a solicitation.  You are not being sued.
Please read carefully.  Your legal rights may be affected.***

**INTRODUCTION**

The purpose of this notice is to: (1) inform you of the existence of a certified class action lawsuit filed against Werner Enterprises, Inc. and Drivers Management, LLC (collectively, "Werner"); and (2) advise you of how your rights may be affected by this lawsuit.  This notice also provides instructions for how you can exclude yourself from the lawsuit if you do not wish to be a part of the class.  **If you worked or work as a qualified driver for Werner at any time since June 4, 2010, and were hired on or before July 14 2023, you are part of a certified class in this case.**

**DESCRIPTION OF LAWSUIT**

This case (the "Lawsuit") was originally filed on June 4, 2014 in the Superior Court of California, County of Alameda and was later removed to federal court and transferred to the District of Nebraska.  The Plaintiffs in the Lawsuit are Ezequiel Olivares Abarca, Alfredo Alesna Jr., David Cagle, Stephen Davis, Frank Eads, William Smith, and Kenneth Surman.  Plaintiffs have alleged that Werner violated the Nebraska Wage and Hour Act and the Nebraska Wage Payment and Collection Act in several ways: (1) Werner's mileage-based pay system failed to compensate drivers for all hours worked; and (2) Werner took unlawful deductions from drivers' wages.  The Lawsuit seeks unpaid wages, penalties, and interest.

The Court has not determined who wins the Lawsuit. The sole purpose of this notice is to inform you of the Lawsuit so that you may make an informed decision as to whether you wish to remain in or opt out of this class action.

**DEFINITION OF THE CLASS**

1

Ex. F – Long Form Notice – NE New Class Members

On March 20, 2018, the Court ordered that the Lawsuit may proceed as a class action on behalf of all truck drivers who worked or work as qualified drivers for Werner at any time since June 4, 2010. On July 18, 2023, the Court modified the Classes to exclude drivers hired after July 14, 2023.

Generally, you are included in the certified class if you worked for Werner as a qualified driver at any time since June 4, 2010 and you were hired on or before July 14, 2023.

## CLASS MEMBER RIGHTS

**Join the Class**: You do not have to do or pay anything to be part of the class and you do not have to do anything at this time to confirm that you are a member of the class. Class Counsel, whose contact information is listed below, will represent the class in the Lawsuit at no out-of-pocket cost to you. If you wish, you may also hire your own counsel to represent you and participate in this Lawsuit on your behalf.

If you remain in the class, you will be bound by any judgment or settlement reached in this Lawsuit and may be entitled to compensation if Plaintiffs prevail or a settlement is reached on behalf of the class. You will also give up the right to bring or participate in any action based upon the same conduct that may be alleged in the Lawsuit against Werner.

**Exclude Yourself**: You have the right to exclude yourself from the class and this Lawsuit. If you wish to exclude yourself from the class and not participate in this Lawsuit, you must mail or e-mail a request for exclusion to the Claims Administrator:

*Abarca v Werner Enterprises Inc*
Claims Administrator
PO Box 404081
Louisville, KY 40233-4081
info@truckerclassaction.com

To be valid, your request should contain your name, phone number, address, email address, and signature; the name of the case; and a statement that you wish to exclude yourself from the class. You are not required to provide any reason for your decision. For your request to be valid, it must be postmarked no later than **[date]**. If you exclude yourself from the class, you will not be eligible to receive any compensation if the Plaintiffs prevail on their claims, but you will also not be bound by the judgment or settlement in this case.

## CLASS COUNSEL

Ex. F – Long Form Notice – NE New Class Members

The Court has found that the lawyers listed below are adequate to represent the class in this Lawsuit.  If you have any questions regarding this notice or the Lawsuit, please contact any of the following attorneys, who represent Plaintiff and the class:

James Kan                                             Justin L. Swidler
Raymond A. Wendell                          jswidler@swartz-legal.com
Mengfei Sun                                         Richard S. Swartz
GOLDSTEIN, BORGEN, DARDARIAN & HO         rswartz@swartz-legal.com
300 Lakeside Drive, Suite 1000          SWARTZ SWIDLER LLC
Oakland, CA  94612                            9 Tanner Street, Ste. 101
Tel:  (866) 762-8575                           Haddonfield, NJ 08033
Fax:  (510) 835-1417                           Tel:  (856) 685-7420
Email: wernerdrivers@gbdhlegal.com          Fax:  (856) 685-7417
Website: http://www.gbdhlegal.com         Website: http://www.swartz-legal.com

## EXAMINATION OF PAPERS

This notice does not fully describe the Lawsuit. You may inspect the Court's files at the United States District Court for the District of Nebraska, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Suite 1152, Omaha, NE 68102, from 9:00 a.m. to 4:00 p.m., Monday through Friday (https://www.ned.uscourts.gov).

## NOTICE IN ACCORDANCE WITH LOCAL CIVIL RULE 23.1(b)

All documents sent to the Court by any class member, including any letter or document expressing a class member's desire to be excluded from the class and any objection to a proposed settlement, voluntary dismissal, or compromise, are filed electronically by the clerk and therefore will be available for public review.

## PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK REGARDING THIS ACTION.

3