# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, et al, individually and on behalf of all those similarly situated, | 8:14CV319<br><br>ORDER |
| and | |
| WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public, | 8:15CV287<br><br>ORDER |
| and | |
| BRIAN VESTER and JOEL MORALES, individually and on behalf of all others similarly situated, | 8:17CV145<br><br>ORDER |
| and | |
| DANIEL BRYANT, individually and on behalf of all others similarly situated, | 8:20CV227<br><br>ORDER |
| Plaintiffs, | |
| vs. | |
| WERNER ENTERPRISES, INC., et al., | |
| Defendants. | |

This matter is before the Court following a discovery dispute conference held by telephone before the undersigned magistrate judge on February 5, 2024. The parties presented two issues to the Court. First, the parties dispute whether Plaintiffs have exceeded the number of permissible interrogatories including subparts served upon Defendants in the merits phase of this litigation. Second, the parties requested the Court resolve Defendants' twenty outstanding objections to Plaintiffs' Rule 30(b)(6) deposition topics for Werner's deposition scheduled for February 22 and 23, 2024. The Court anticipated ruling on the disputes by Order following the conference. On February 13, 2024, counsel for Defendants requested leave to file a motion for protective order regarding their objections to the Rule 30(b)(6) deposition topics, and to continue the deposition until the objections are resolved because there is inadequate time to prepare their

Rule 30(b)(6) witnesses with their objections outstanding. Because the Rule 30(b)(6) deposition issue requires further proceedings in light of Defendants' February 13 email, at this time, the Court will only address the parties' dispute over interrogatories.

Rule 33(a)(1) of the Federal Rule of Civil Procedures provides, "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1).

Defendants assert the six *Abarca* plaintiffs have served 130 separate interrogatories including subparts during the merits phase of discovery. Defendants recognize Rule 33(a)(1) provides that each "party" may serve 25 interrogatories, but contend the plaintiffs are nominally separate and should be treated as a single party because they represent a certified class, are represented by the same counsel, claim to be similarly situated, and are pursuing identical claims. During the telephone conference on this issue, defense counsel represented that they answered Plaintiffs' first set of interrogatories containing 26 numbered interrogatories served sometime in 2020, although Defendants calculate they actually answered 32 interrogatories including discrete subparts. Defendants have not answered the 50 additional numbered interrogatories served upon them, and ask the Court to deny Plaintiffs' request to compel Defendants to answer more than 25 interrogatories.

Plaintiffs contend the plain language of Rule 33(a)(1) provides that each party plaintiff is allowed 25 interrogatories, and the plaintiffs have not exceeded that number because they have only served a total of 76 numbered interrogatories, and dispute Defendants' tabulation of discrete subparts. In Plaintiffs' letter, they contend Defendants themselves treated each plaintiff as a separate party for their own interrogatories, serving each plaintiff with fifteen interrogatories for a total of 90 interrogatories.[1] Plaintiffs further argue that a 25 interrogatory limit is inappropriate in this case given the complexity of this litigation involving a certified class of nearly 100,000 members.

After review, the Court is persuaded that, although Rule 33(a)(1) plainly provides that each "party" may serve 25 interrogatories, when separate parties are represented by the same counsel, act in unison to pursue the same claims under the same legal theories, respond or

---

[1] During the telephone conference, Defendants clarified they served 9 identical interrogatories in the merits phase and 6 identical interrogatories during the class certification phase to all plaintiffs.

propound demands as a unit in discovery or otherwise consistently act in a manner demonstrating they are "aligned," they may be considered as one "party" for Rule 33(a) purposes despite being "nominally separate."  See *Gonzalez v. United States*, No. 222CV3370OEMJMW, 2023 WL 7102162, at *5 (E.D.N.Y. Oct. 27, 2023) (discussing development of the "common interest doctrine" under Rule 33(a)(1)); *Stiles v. Walmart*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan. 17, 2020) (citing *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99-cv-11490 (RCC) (FM), 2002 WL 1870293, at *16-17(S.D.N.Y. Aug. 13, 2002)) ("Where separate parties are represented by the same counsel and are acting in unison, they may be treated as one 'party' for purposes of the limit on interrogatories.").

Here, the Court is persuaded that Plaintiffs are so aligned such that they should be considered as one party under Rule 33(a)(1).  They are represented by the same attorneys, are pursuing identical claims under identical legal theories on a classwide basis, claim to be similarly situated, and have otherwise acted in unison throughout this litigation.  Permitting each plaintiff to serve Defendants with 25 interrogatories would result in duplicative and "abusive" discovery obligations upon Defendants.  See *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006) ("In this case, even if the interrogatories do not exceed the number permitted by rule, they are abusive.").  However, the Court also agrees with Plaintiffs that a 25 interrogatory limit is inappropriate in this case, given the size and complexity of this litigation.  Under the circumstances, the Court will permit Plaintiffs to withdraw their previously served and unanswered interrogatories and give them leave to re-serve Defendants with an additional total of 50 interrogatories, including discrete subparts.  See NECivR. 33.1(c) (In determining the number of interrogatories, including subquestions, each inquiry seeking a discrete item of information is counted as one interrogatory.  For example, the following question is counted as 3 interrogatories: "Please state the name, address, and telephone number of any witness to the accident set forth in the complaint.").

**IT IS ORDERED** that Plaintiffs may withdraw their previously served and unanswered interrogatories and are given leave to serve Defendants with an additional total of 50 interrogatories, including discrete subparts.

Dated this 14th day of February, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

4