IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, individually and on behalf of all those similarly situated; ALFREDO ALESNAJR., individually and on behalf of all those similarly situated; DAVID CAGLE, individually and on behalf of all those similarly situated; STEPHEN L. DAVIS, individually and on behalf of all those similarly situated; FRANK EADS, individually and on behalf of all those similarly situated; and KENNETH J. SURMAN, individually and on behalf of all those similarly situated,<br><br>    Plaintiffs,<br> vs.<br><br>WERNER ENTERPRISES, INC., DOES 1-100, inclusive; and DRIVERS MANAGEMENT, LLC,<br><br>    Defendants.<br>_____<br><br>WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>    Plaintiffs,<br> v.<br><br>WERNER ENTERPRISES, INC., et al.,<br><br>    Defendants.<br>_____<br><br>BRIAN VESTER and JOEL MORALES, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br> v. | **8:14CV319**<br>**(Lead Case)**<br><br>**MEMORANDUM AND ORDER**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**8:15CV287**<br>**(Member Case)** |

1

| | |
|---|---|
| WERNER ENTERPRISES, INC., et al.,<br><br>Defendants. | 8:17CV145<br>(Member Case) |

This matter comes before the Court on Defendants' Motion for Reconsideration. Filing No. 557.[1]

On March 28, 2025, the Court issued an Order ruling on several motions from both sides of this class-action lawsuit. Filing No. 556. The Court denied Defendants' motion to decertify the class; denied both parties' motions to strike declarations but granted Plaintiffs leave to surreply; and denied in part and granted in part both sides' motions for summary judgment on various liability issues.

Defendants seek reconsideration of the March 28, 2025, Order. They claim the class should be decertified, the Court should change its interpretation of California wage and hour law, and the Court should change its ruling interpreting Nebraska state law with respect to evaluating minimum wage violations. They further argue the Court misapprehended its arguments, mischaracterized evidence, and made erroneous factual findings. Lastly, Defendants seek to certify the order for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) as to the interpretation of California and Nebraska law.

"[A]ny order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). Likewise, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons, including mistake inadvertence, surprise, newly

---

[1] Identical motions have been filed in the member cases.

2

discovered evidence, excusable neglect, or fraud, among others. Fed. R. Civ. P. 60(b). The Court has broad discretion to reconsider its prior orders. *Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008).

The Court declines to reconsider its Order. First, not only did it reject Defendants' arguments in the March 28, 2025, Order, it has also already rejected many of the same or similar arguments on prior occasions in this case. *See, e.g.*, Filing No. 186 (prior order analyzing class certification); Filing No. 366 (prior summary judgment order addressing issues of California wage and hour law); Filing No. 366 (prior summary judgment order interpreting the Nebraska Wage and Hour Act). Defendants are not entitled to a third bite at the apple.

Second, Defendants' arguments alleging erroneous factual findings or misstatements of the evidence amount to little more than quibbling over wording or faulting the Court for focusing its analysis where the parties focused their briefing rather than anticipating other arguments. Importantly, none of Defendants' claims, even if accepted, would alter the Court's ultimate conclusions. These post-hoc arguments therefore provide no basis for reconsidering the Court's legal rulings.

Lastly, there is no basis for interlocutory appeal. 28 U.S.C. § 1292(b) permits a district judge to certify a "controlling question of law as to which there is substantial ground for difference of opinion" for immediate appeal if such appeal "may materially advance the ultimate termination of the litigation." The Court has repeatedly explained why there is no substantial ground for difference of opinion on the issues of California wage and hour law and the Nebraska state courts' likely rejection of the *Klinghoffer* rule in evaluating minimum wage obligations and need not revisit that discussion for a third time here. Filing

3

No. 556 at 11–12 (discussion of California law); Filing No. 556 at 26 (rejection of the *Klinghoffer* rule to the NWHA); Filing No. 366 at 13 (same). The Court also sees no substantial ground for difference of opinion as to its ruling that drivers did not authorize the paycheck advance fee because they were merely passively informed of the fee in the Handbook. Lastly, while there is a split of authority from the California trial courts regarding whether California Labor Code §§ 221 & 224 provide a private right of action, an interlocutory appeal would not "materially advance the ultimate termination of the litigation." The Court granted Plaintiffs summary judgment on this claim, and it can therefore await appeal, if any, until after final judgment on all claims. An immediate interlocutory appeal would serve only to delay resolution and trial on the remaining issues.

For the foregoing reasons,

IT IS ORDERED:

1. Defendants' Motion for Reconsideration, Filing No. 557 in 8:14cv319; Filing No. 453 in 8:15cv287; Filing No. 410 in 8:17cv145, is denied.

Dated this 12th day of May, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge