IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, individually and on behalf of all those similarly situated; ALFREDO ALESNAJR., individually and on behalf of all those similarly situated; DAVID CAGLE, individually and on behalf of all those similarly situated; STEPHEN L. DAVIS, individually and on behalf of all those similarly situated; FRANK EADS, individually and on behalf of all those similarly situated; and KENNETH J. SURMAN, individually and on behalf of all those similarly situated,<br><br>    Plaintiffs,<br> vs.<br><br>WERNER ENTERPRISES, INC., DOES 1-100, inclusive; and DRIVERS MANAGEMENT, LLC,<br><br>    Defendants.<br>_____ | **8:14CV319**<br>**(Lead Case)**<br><br>**MEMORANDUM AND ORDER** |
| WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>    Plaintiffs,<br> v.<br><br>WERNER ENTERPRISES, INC., et al.,<br><br>    Defendants.<br>_____ | **8:15CV287**<br>**(Member Case)** |
| BRIAN VESTER and JOEL MORALES, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br> v. | |

1

| WERNER ENTERPRISES, INC., et al.,<br><br>Defendants. | 8:17CV145<br>(Member Case) |
|---|---|

This matter comes before the Court on Defendants' Motion to Continue Trial and Extend Certain Case Progression Deadlines.  Filing No. 566.[1]

Defendants seek to continue the deposition deadline (August 8, 2025); dispositive and *Daubert* motions deadline (August 22, 2025); and continue the trial (October 14, 2025) and corresponding trial-related deadlines such as the pretrial conference order, pretrial conference, exhibit list, witness list, and motions in limine deadlines.  Defendants argue the current timeline is too accelerated.  They reference Plaintiffs' recently disclosed damage calculation in excess of $2 billion and recent disclosure of new fact witnesses under Rule 26(a)(1) as reasons why the current schedule is unworkable.

"Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1).  "Accordingly, the district court has broad discretion in establishing and enforcing the deadlines."  *Id.* (citing Fed. R. Civ. P. 16).  Under Rule 16, a schedule (such as the case-progression and trial-setting order at issue in this case) may be modified only for good cause and with the judge's consent.  Fed. R. Civ. P. 16(b)(4).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."

---

[1] Identical motions have been filed in the member cases.

2

*Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

There is not good cause to modify the trial-setting progression order in this case. The deadlines Defendants now take issue with have been set for quite some time after the Court repeatedly granted various modifications and extensions. While Defendants reference Plaintiffs' late disclosures under Rule 26(a)(1), they notably do not file any motions to exclude these witnesses based on untimeliness. Plaintiffs counter that the witnesses were selected for their availability for the October trial date and any changes to the schedule may result in further witness changes due to unavailability. Plaintiffs state they would agree to extend the deposition deadline by fourteen days. However, an extension of just the deposition deadline would not allow the parties adequate time to review deposition transcripts prior to the dispositive and *Daubert* motions deadline, and the Court accordingly declines to do so.

This case is more than a decade old, and the Court believes adherence to the current schedule, of which both parties had ample notice, is necessary to achieve a timely and just resolution of the matter. The Court agrees the timeline is somewhat compressed for both the parties and the Court, but it remains confident in everyone's ability to meet the deadlines as presently set.

For the foregoing reasons,

IT IS ORDERED:

1. Defendants' Motion to Continue Trial and Extend Certain Case Progression Deadlines, Filing No. 566 in 8:14cv319; Filing No. 462 in 8:15cv287; Filing No. 419 in 8:17cv145, is denied.


Dated this 3rd day of July, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge