IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, individually and on behalf of all those similarly situated; ALFREDO ALESNA JR., individually and on behalf of all those similarly situated; DAVID CAGLE, individually and on behalf of all those similarly situated; STEPHEN L. DAVIS, individually and on behalf of all those similarly situated; FRANK EADS, individually and on behalf of all those similarly situated; and KENNETH J. SURMAN, individually and on behalf of all those similarly situated,<br><br>          Plaintiffs,<br>  vs.<br><br>WERNER ENTERPRISES, INC., DOES 1-100, inclusive; and DRIVERS MANAGEMENT, LLC,<br><br>          Defendants.<br>_____<br><br>WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>          Plaintiffs,<br>  v.<br><br>WERNER ENTERPRISES, INC., et al.,<br><br>          Defendants.<br>_____<br><br>BRIAN VESTER and JOEL MORALES, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br>  v. | 8:14CV319<br>(Lead Case)<br><br>**MEMORANDUM AND ORDER**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>8:15CV287<br>(Member Case) |

1

| | |
|---|---|
| WERNER ENTERPRISES, INC., et al.,<br><br>Defendants. | 8:17CV145<br>(Member Case) |

This is a class-action lawsuit in which truck drivers employed by the defendant trucking companies allege various violations of California and Nebraska wage and hour laws relating to the businesses' compensation practices. The case comes before the Court on Plaintiffs' emergency Motion to Exclude Late Disclosed Evidence and Witnesses. Filing No. 582.

Plaintiffs seek to exclude twelve witnesses Werner disclosed on July 8, 2025; a summary document showing the number of drivers who had previously worked for Werner and the full list from which the information was drawn; and a summary document showing the number of experienced drivers in Werner's dedicated and van fleets annually, from 2016 to present, and the corresponding list of drivers from which the totals were calculated. They argue Werner's disclosures were untimely under Rule 26. They seek the exclusion of the witnesses and documents under Rule 37.

Under Federal Rule of Civil Procedure 26(a), a party is required to disclose certain information at the outset of the case. The party must also supplement such disclosures in a timely manner under Rule 26(e). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A district court considers several factors in determining whether a Rule 26 violation is justified or

2

harmless, including: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Rodrick v. Wal-Mart Stores E., L.P.*, 666 F.3d 1093, 1096–97 (8th Cir. 2012). When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed. R. Civ. P. 37(c)(1)). Even if a disclosure is inadequate, the complaining party must articulate how it was (or will be) prejudiced by the late disclosure. *Wallace v. Pharma Medica Rsch., Inc.*, 78 F.4th 402, 409 (8th Cir. 2023).

Plaintiffs argue Werner's latest witness and document disclosures are untimely and must be excluded under Rule 37. Werner argues the disclosures were timely supplemental disclosures and that exclusion is too extreme a remedy. The Court concludes that even if it were to find Werner has violated Rule 26, exclusion would not be the appropriate remedy. Any Rule 26 violation in this context is justified and harmless.

First, there is little prejudice or surprise to Plaintiffs with the supposed late disclosures. They were prompted, in part, by Plaintiffs own recent late disclosures of witnesses it intends to call at trial and the timeline for rebutting expert witnesses. Second, any prejudice to Plaintiffs is easily cured because the witnesses are themselves class members and therefore at Plaintiffs' counsel's disposal to contact for additional information rather than necessitating the scheduling of formal depositions. As to the document lists, Plaintiffs make much of the volume of the disclosure, but do not dispute that the information is what the summary purports it to be. Therefore, Plaintiffs have all

3

the information they need to adequately address the data at trial. That is, if they believe the data is biased by only including experienced drivers as they claim, they are free to introduce contradictory evidence or cross-examine Werner's witnesses about the data's alleged insufficiency. Lastly, while Plaintiffs claim Werner is engaged in gamesmanship, there is not enough evidence to support finding it acted in bad faith. As evidenced by Werner's own recent motion to continue, Filing No. 566, which the Court denied, both sides have been hard at work in this case under a tight timeline to attempt to finalize evidence, depose witnesses, coordinate experts, and otherwise prepare for dispositive motions, mediation, and trial. Thus, any violation of Rule 26 was likely the result of this compressed schedule. Accordingly, exclusion of the evidence would not be a proportionate or appropriate remedy.

For the foregoing reasons,

IT IS ORDERED:

1. Plaintiffs' Motion to Exclude Late Disclosed Evidence and Witnesses, Filing No. 582, is denied.

Dated this 6th day of August, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4