## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by Plaintiffs Ezequiel Olivares Abarca, Alfredo Alesna, David Cagle, Stephen Davis, Frank Eads, Kenneth Surman, and William Smith (when referred to collectively, the "Class Representatives"), on behalf of themselves and as representatives of the Nebraska Settlement Class and the California Settlement Class, as defined below, and Defendants Werner Enterprises, Inc. and its former wholly owned subsidiary, Drivers Management, LLC, which no longer exists as a separate corporate entity (collectively, "Werner"). This Agreement is made subject to approval by the United States District Court for the District of Nebraska (the "Court"), for the purpose of settling all claims asserted by the Class Representatives, the Nebraska Settlement Class, and the California Settlement Class.

WHEREAS, on June 4, 2014, a Class Action Complaint was filed against Werner in the Superior Court of the State of California, for the County of Alameda, under the caption Antonia Russell et al. v. Werner Enterprises, Inc. et al., which case was subsequently removed to the United States District Court for the Northern District of California, and was subsequently transferred to the Court. The transferred case was recaptioned Abarca et al. v. Werner Enterprises, Inc. et al. and was docketed as Case No. 14-cv-00319-JFB-MDN;

WHEREAS, two other putative class actions alleging similar claims were subsequently filed, transferred to the Court, and consolidated with the original case, including William Smith v. Werner Enterprises, Inc. (docketed as Case No. 15-cv-00287-JFB-MDN) and Brian Vester et al. v. Werner Enterprises, Inc. (docketed as Case No. 17-cv-00145-JFB-MDN (collectively, with Abarca, the "Consolidated Cases");

WHEREAS, the operative Complaint in the Abarca case, as amended, asserted certain claims under California law, on behalf of current and former drivers who worked for Werner in California, relating to Werner's alleged failure to pay drivers for all time worked in California, allegedly improper deductions from drivers' pay, and allegedly deficient pay statements, and also asserted claims under Nebraska law, on behalf of current and former drivers who worked Werner anywhere in the United States, relating to Werner's alleged failure to pay drivers for all time worked and allegedly improper deductions, and whereas the Smith and Vester Complaints asserted similar claims on behalf of similar proposed California classes under California law;

WHEREAS, on March 20, 2018, the Court certified two classes in the Consolidated Cases (hereinafter, when referred to collectively, the "Litigation Classes"), including:

(a) The California class, consisting of qualified (i.e., non-student) drivers who worked for Werner on or after June 4, 2010, and, while residing in California, picked up or dropped off at least one load for Werner in the State of California; and

(b) The Nebraska class, consisting of qualified drivers who worked for Werner anywhere in the United States, on or after June 4, 2010.

WHEREAS, on March 20, 2018, the Court appointed the Class Representatives to represent the certified classes;

WHEREAS, the parties subsequently agreed to amend the class definitions and the class period for the certified classes in the Consolidated Cases to include an end date, such that each Litigation Class included drivers who worked for Werner between June 4, 2010, and July 14, 2023, and the class members could assert claims for damages through November 6, 2023;

WHEREAS, by Order of the Court, notice of the certified class claims in the Consolidated Cases was provided to individuals who fell within the definition of the certified classes, including through a class notice issued in October, 2018, to all individuals who met one or both Litigation Class definitions as of that date and through a supplemental class notice issued in October, 2023, to individuals hired after the date of the first notice who met one or both Litigation Class definitions.

WHEREAS, 52 individuals opted out following receipt of the 2018 class notice (Filing 227) and 5 individuals opted out following receipt of the 2023 class notice (Filing 401);

WHEREAS, Werner, the Nebraska Settlement Class, the California Settlement Class and Class Counsel have reached agreement on the terms and conditions of a settlement of the claims asserted in the Consolidated Cases;

WHEREAS, the Nebraska Settlement Class and the California Settlement Class have agreed, through Class Counsel and the Class Representatives, that all claims asserted by the Nebraska Settlement Class and the California Settlement Class can be resolved through settlement;

WHEREAS, after analyzing the facts and law applicable to the claims at issue, and taking into account the burdens, risks, uncertainties, and expenses of litigation, as well as the fair, cost-effective, and assured method of resolving the claims at issue in the Consolidated Cases pursuant to this Agreement, Class Counsel have concluded this Agreement is fair, reasonable, adequate, and in the best interests of the Class Representatives, the Nebraska Settlement Class, and the California Settlement Class;

WHEREAS, shortly before the trial of the Consolidated Cases was set to begin, the Court ruled on Plaintiffs' *Daubert* motion and partially excluded certain opinions by Werner's expert, Dr. Thomas Hubbard, Ph.D., without considering the errata sheet to Dr. Hubbard's deposition, which Werner believes would have resulted in the Court reversing its decision, and the parties reached a settlement before Werner had the opportunity to submit its motion to reconsider, and Werner has similarly concluded this Agreement is desirable in order to reduce the time, risk, and expense of litigation, and to resolve finally and completely the Settlement Claims of the Class Representatives, the Nebraska Settlement Class, and the California Settlement Class;

WHEREAS, the Parties agree that all individuals who would otherwise qualify as members of either the Nebraska Settlement Class or the California Settlement Class described below shall have the right to exclude themselves from the Settlement Classes, subject to the terms and conditions for exclusion set forth in this Agreement; and

WHEREAS, following the settlement, "a dispute arose among the parties, with Plaintiffs asserting that it was the Defendants' obligation to pay the employer payroll tax obligations in

addition to the agreed settlement amount, while Defendants' position was that the settlement amount was a 'gross' settlement amount and that Defendants were entitled to an Order that Defendants may deduct "... any applicable payroll taxes, including both the employer's share and the employee's share of any applicable payroll taxes, from the $18 million all-in number to which the parties agreed." The Mediator, acting as arbitrator held in his Arbitration Award "that the $18 million settlement amount was a gross settlement amount, neither entitling Defendants to any deductions from such amount or requiring Defendants to pay any sums in addition to the gross settlement amount." The Mediator/Arbitrator later clarified in writing that "any and all payroll taxes must be paid from the $18 million settlement fund."

NOW, THEREFORE, the undersigned Parties stipulate and agree that, subject to the Court's approval of this Agreement and the terms and conditions set forth below, all Settlement Claims of the Nebraska Settlement Class and the California Settlement Class against any of the Released Parties, as those terms are defined below, shall be finally settled and resolved in accordance with the terms of this Agreement.

## I.    DEFINITIONS.

**A.    Action.** "Action" shall mean the Consolidated Cases, which is limited to the civil action originally filed against Werner on June 4, 2014, in the Superior Court for the State of California, for the County of Alameda, and which, after being removed to federal court, transferred to the United States District Court for the District of Nebraska and recaptioned following a substitution of Named Plaintiffs, was ultimately docketed as Abarca et al. v. Werner Enterprises, Inc., et al., Case No. 14-cv-00319-JFB-MDN, the Smith case (docketed as Case No. 15-cv-00287-JFB-MDN) and the Vester case (docketed as Case No. 17-cv-00145-JFB-MDN) later consolidated with the Abarca case.

**B.    Administrative Expenses.** "Administrative Expenses" shall include costs incurred by the Settlement Administrator for the administration of this settlement as well as settlement administration costs and the prior costs of sending class notice, as approved by the Court.

**C.    Attorneys' Fees.** "Attorneys' Fees" shall include all fees paid to Class Counsel from the Gross Settlement Fund, as approved by the Court.

**D.    CAFA Notice.** "CAFA Notice" shall mean the notice of this Agreement required to be served by Defendants on the appropriate federal and state agencies as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

**E.    California Settlement Class.** "California Settlement Class" shall mean all current and former drivers who, while residing in California and working for Werner as a qualified driver at any time between June 4, 2010, and July 14, 2023, picked up or delivered at least one load for Werner in the state of California and who have not submitted a timely request for exclusion to prior class notices and do not timely request exclusion from the settlement after receiving the Settlement Notice.

**F.**   **Class Counsel.** "Class Counsel" shall mean Justin L. Swidler, Richard Swartz, and Josh Boyette of Swartz Swidler, LLC, 9 Tanner St., Ste 101, Haddonfield, NJ, 08033; David Borgen, Laura Ho, and James Kan of Dardarian Ho Kan & Lee, 155 Grand Ave., Oakland, CA 94612; and David Mara of Mara Law Firm, 3160 Camino Del Rio North, Ste. 207, San Diego, CA 92108.

**G.**   **Class Period.** "Class Period" shall mean the period from June 4, 2010, to November 6, 2023.

**H.**   **Class Representatives.** "Class Representatives" shall mean Ezequiel Olivares Abarca, Alfredo Alesna, David Cagle, Stephen Davis, Frank Eads, Kenneth Surman, and William Smith.

**I.**   **Class Settlement or Settlement.** "Class Settlement" or "Settlement" shall mean the settlement between the Parties, which is memorialized in this Agreement, subject to Court approval.

**J.**   **Court.** "Court" shall mean the United States District Court for the District of Nebraska.

**K.**   **Defense Counsel.** "Defense Counsel" shall mean the attorneys for Defendants Werner Enterprises, Inc. and its former wholly owned subsidiary, Drivers Management, LLC, including Elizabeth A. Culhane, Paul M. Shotkoski, and Michael F. Coyle of Fraser Stryker, PC LLO, 500 Energy Plaza, 409 South 17th Street, Omaha, NE, 68102 and James H. Hanson and Russell J. Taylor of Scopelitis, Garvin, Light, Hanson & Feary, P.C., 10 W. Market Street, Ste. 1400, Indianapolis, IN 46204.

**L.**   **Effective Date.** "Effective Date" shall be the date when all of the following events have occurred: (a) this Settlement Agreement has been executed by all Parties and by Class Counsel and Defense Counsel; (b) the Court has given preliminary approval of this Settlement Agreement; (c) notice has been given to the Settlement Class Members providing them with an opportunity to participate in, object to or opt-out of the Settlement; (d) the Court has held a Final Approval and Fairness Hearing and entered a final order and judgment approving the Settlement from which no appeal can be taken; and (e) in the event there are written objections filed prior to the Final Approval and Fairness Hearing that are not later withdrawn, the later of the following events: (i) when the period for filing any appeal, writ, or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; or any appeal, writ, or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or (ii) any appeal, writ, or other appellate proceeding has upheld the Court's final order with no right to pursue further remedies or relief. In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final and there is no further recourse for an appellant or objector who seeks to contest the Settlement. If no objections are filed, the Effective Date shall be after steps (a) through (d) have been completed.

**M.    Final.** "Final" means, with respect to an order or judgment, that no timely appeals have been taken or that all appeals or other rights of review have been exhausted and the order or judgment has not been vacated, reversed, or modified as a result.

**N.    Final Approval and Fairness Hearing.** "Final Approval and Fairness Hearing" shall mean a hearing set by the Court for the purpose of determining the fairness and equity of the Settlement.

**O.    Gross Settlement Amount.** The "Gross Settlement Amount" shall be the maximum aggregate payment by Werner of $18,000,000.00. The Gross Settlement Amount shall be the sole source and maximum payment by Werner or the Released Parties under this Settlement and shall be comprised of: (a) Attorneys' Fees and Litigation Costs; (b) the PAGA Payments, as defined in Section I.X; (c) Administrative Expenses; (d) Service Awards; (e) the employees' and employer's share of any payroll taxes that could be considered due on any portion of payments to Settlement Class members that may be designated as wages; and (f) a Net Settlement Fund consisting of the balance of the Gross Settlement Amount after deductions for the items listed in (a) - (e). Consistent with the Arbitrator's decision, neither Werner nor any of the Released Parties shall pay or be required to pay any amount to the California Settlement Class, the Nebraska Settlement Class, or the PAGA Group Members in connection with this Settlement above and beyond the Gross Settlement Amount. Consistent with the Arbitrator's decision, the monetary obligations of Defendants and the Released Parties under this Agreement are limited to the Gross Settlement Amount.

**P.    Individual Settlement Payment.** "Individual Settlement Payment" shall mean the amounts ultimately payable to each member of either Settlement Class who does not timely request exclusion, based on a formula calculated as set forth in Section VI.E.2 below.

**Q.    Litigation Costs.** Litigation costs shall be all out-of-pocket costs incurred by Class Counsel that are approved by the Court for reimbursement from the Settlement Fund.

**R.    LWDA.** "LWDA" shall mean the California Labor and Workforce Development Agency.

**S.    Nebraska Settlement Class.** "Nebraska Settlement Class" shall mean all current and former drivers who worked for Werner anywhere in the United States as a qualified driver at any time between June 4, 2010, and July 14, 2023, and who have not submitted a timely request for exclusion to prior class notices and do not timely request exclusion from this settlement after receiving the Settlement Notice.

**T.    Net Settlement Fund.** The "Net Settlement Fund" shall mean the balance of the Gross Settlement Amount after deductions for (a) Attorney Fees and Litigation Costs; (b) the PAGA Payments; (c) Administrative Expenses; and (d) Service Awards; and (e) the employees' and employer's share of any payroll taxes that could be considered due on any portion of payments to Settlement Class Members that may be designated as wages. For the purpose of calculating applicable taxes for the payment of the Individual Settlement Payments to each member of the Settlement Class (excluding the Class Representatives' Service Awards), the Parties agree for settlement purposes only that payments issued to Class Members from the Net Settlement Fund

will be characterized as 15% wages and 85% interest, penalties and other non-wage damages, to the extent practicable.

      **U.**    **Objection Deadline.** "Objection Deadline" means a date sixty (60) days from the date the Settlement Notice is first mailed to members of the Settlement Class, or such other date before the Final Approval and Fairness Hearing as may be agreed to by the Parties and approved by the Court.

      **V.**    **Opt-Outs.** "Opt-Outs" shall mean any and all persons who timely and validly request exclusion from the Settlement Classes in accordance with the terms of the Settlement Notice. Any and all persons who had timely and validly requested exclusion from prior class notices are also excluded from the Settlement Class. No PAGA Group Member may request exclusion from the settlement of the PAGA claim, and they will receive the PAGA Payments and are bound by the related PAGA claim release.

      **W.**    **Opt-Out Request.** "Opt-Out Request" shall mean a timely and valid request for exclusion from the Settlement Classes in accordance with the terms of the Settlement Notice. The "Opt-Out Request" cannot apply to the PAGA Payments or related release.

      **X.**    **PAGA Payments.** "PAGA Payments" shall mean the funds allocated for the settlement and full release of any and all claims for civil penalties under PAGA, 75% of which shall be paid by the Settlement Administrator to the LWDA and 25% of which shall be allocated to PAGA Group Members.

      **Y.**    **PAGA Group Members.** "PAGA Group Members" shall mean members of the California Settlement Class who worked for Werner during the PAGA Period.

      **Z.**    **PAGA Period.** "PAGA Period" shall mean the time period from May 19, 2013, to November 6, 2023.

      **AA.**    **Parties.** "Parties" shall mean Defendants Werner Enterprises, Inc. and Drivers Management, LLC (collectively, "Werner") and the Class Representatives, on behalf of themselves and the Settlement Classes.

      **BB.**    **Preliminary Approval Date.** "Preliminary Approval Date" shall mean the date upon which the Court enters an order preliminarily approving the Settlement.

      **CC.**    **Release of Claims.** "Release" means the Release of Settlement Claims set forth in Section XI below.

      **DD.**    **Released Parties.** "Released Parties" shall mean Werner Enterprises, Inc.; the present and former parent companies, subsidiaries, divisions, affiliates, successors, predecessors, related companies, and joint ventures of Werner Enterprises, Inc., including but not limited to Drivers Management, LLC; and the present and former officers, directors, shareholders, agents, employees, insurers, attorneys, accountants, auditors, advisors, representatives, consultants, pension and welfare benefit plans, plan fiduciaries, administrators, trustees, general and limited

partners, predecessors, successors, and assigns of Werner Enterprises, Inc. and its related companies, although not specifically named herein.

  **EE. Service Award.** "Service Award" shall mean any additional monetary payment approved by the Court and provided to the Class Representatives or other class members.

  **FF. Settlement.** "Settlement" shall mean the settlement between the Parties, which is memorialized in this Agreement, subject to Court approval.

  **GG. Settlement Administrator.** "Settlement Administrator" shall mean Atticus Administration, LLC, which entity Class Counsel has selected to be responsible for administration of the Settlement and related matters, or another neutral administrator mutually agreed to by the Parties and approved by the Court. Defendants do not object to Class Counsel's selected administrator.

  **HH. Settlement Claims.** "Settlement Claims" shall mean all claims that are alleged, or could have been alleged based on the facts asserted, in the Complaints filed in the Consolidated Cases, and any Amended Complaints filed in any of the Consolidated Cases whether known or unknown, regardless of the legal theory, and whether or not asserted now or in the future by any member of the Nebraska Settlement Class or the California Settlement Class, or their successors, heirs, or assigns against any of the Released Parties. "Settlement Claims" include, without limitation, all claims for the period from June 4, 2010 through November 6, 2023, arising out of or relating to (i) Werner's alleged failure to pay Settlement Class Members for all time worked in alleged violation of Nebraska or California law; (ii) Werner's alleged practice of making unlawful deductions from Settlement Class Members' wages, including but not limited to any claims that Werner violated Nebraska or California law by deducting a fee when Settlement Class Members elected to take advances on their paychecks or by charging a personal bond and deducting payments from Settlement Class Members' wages to fund the personal bond; (iii) any claim that paychecks issued to Settlement Class Members did not comply, in form, substance, or otherwise, with the requirements of applicable Nebraska or California law; (iv) any claims for failure to pay all wages due at termination under California law and any claims for waiting time penalties under California law; (v) any claims for relief under the California Unfair Competition Law; (vi) any claims for relief under the PAGA; (vii) any claims under the Nebraska Wage Payment & Collection Act and the Nebraska Wage & Hour Act for failure to pay minimum wages or promised contractual wages or deducting a fee when Settlement Class Members elected to take advances on their paychecks or by charging a personal bond and deducting payments from Settlement Class Members' wages to fund the personal bond; (viii) any claim for alleged violations of the California Labor Code or alleged violations of the California Industrial Welfare Commission Wage Orders; and (ix) any other claim of any nature whatsoever for payment, wages, premium compensation, bonuses, damages, penalties, liquidated damages, restitution, reimbursement, interest, attorney fees, litigation costs, injunctive relief, declaratory relief, or any other equitable or legal relief allegedly due or owing by virtue of any of the facts asserted in the Amended Complaints in any of the Consolidated Cases for the period from June 4, 2010, through November 6, 2023. Notwithstanding the foregoing, this release shall not be construed to release any claim during any period for which a Class Member was not classified as a "Qualified Driver" employee by Werner.

**II.    Settlement Class Member.** "Settlement Class Member" shall mean any person who is a member of the Nebraska Settlement Class or the California Settlement Class, or, if such person is incompetent or deceased, the person's legal guardian, executor, heir, or successor-in-interest.

**JJ.    Settlement Notice**. "Settlement Notice" shall mean the Notice of Preliminary Approval of Settlement, in the form agreed to by the Parties and attached to this Agreement or as otherwise approved by the Court, which is sent to members of the Settlement Classes. *See* Exhibit A.

**KK.    Werner.** "Werner" shall refer collectively to Werner Enterprises, Inc. and Drivers Management, LLC, their present and former parent companies, subsidiaries, divisions, affiliates, successors, predecessors, and related companies and their present and former officers, directors, shareholders, agents, employees, insurers, attorneys, accountants, auditors, advisors, representatives, consultants, pension and welfare benefit plans, plan fiduciaries, administrators, trustees, general and limited partners, predecessors, and successors.

## II.    SETTLEMENT AGREEMENT AND SETTLEMENT CONSIDERATION.

### A.    Gross Settlement Amount.

The Gross Settlement Amount shall constitute adequate consideration for the settlement memorialized in this Agreement and will be paid in exchange for full and final settlement and release of (a) the Settlement Claims; (b) Attorneys' Fees and Litigation Costs, (c) Administrative Expenses, (d) Service Awards; (e) PAGA Payments and (f) any other obligation of Werner under this Agreement, including the employer's share of any payroll taxes. In exchange for Werner's tender of the Gross Settlement Amount, the Class Representatives and Class Counsel agree, subject to Court approval of the Settlement, (i) to the Release of All Settlement Claims set forth in Section XI below; and (ii) to dismiss all claims by the Class Representatives (individually and in their representative capacity) and the Settlement Classes with prejudice, including all claims asserted in the Consolidated Cases.

### B.    Payment to Class Members.

Each Settlement Class Member who does not timely request exclusion by the Opt Out Deadline and has not previously opted out of the certified classes, as further detailed in Section VI.C below, shall receive a payment based on a formula calculated as set forth in Section VI.E.2 below. All PAGA Group Members will receive a separate PAGA payment based on the formula calculated as set forth in Section VI.E.2 below.

### C.    Tax Treatment of Settlement Payments.

For the purpose of calculating applicable taxes for the Individual Settlement Payments to each member of the Settlement Class (excluding the Class Representatives' and other Settlement Class Members' Service Awards), the Parties agree for settlement purposes only, and to the extent practicable, that the Net Settlement Fund will be characterized as 15% wages and 85% interest,

penalties, and damages. The portion of the Net Settlement Fund allocated as wages shall be subject to the withholding of all applicable local, state, and federal income and employment taxes. Both the employer's and the employee's share of the payroll taxes for amounts allocated as wages shall be taken out of the Net Settlement Fund.   Consistent with the Arbitrator's award, Werner shall not be responsible for paying the employer's share of any payroll taxes separate from, or in addition to, the Gross Settlement Amount or Net Settlement Fund. If the Settlement Administrator is unable to assign W-2 wages to any or all Settlement Class Members due to lack of information, documentation or other impracticability or a California Settlement Class Member opts out of the Settlement but not the PAGA Payment, then Individual Settlement Payment amounts will be distributed via IRS Form 1099 only as required.

As detailed in Section VI.E.2 below, the Settlement Administrator shall be responsible for computing the employee's and employer's portion of applicable local, state, and federal income and employment taxes due on the portion of the Net Settlement Fund characterized as wages and for paying all applicable taxes to the appropriate local, state, or federal tax agency on behalf of Werner and each Settlement Class Member, in the amounts calculated by the Settlement Administrator for that Settlement Class Member. The Parties agree that Werner shall not have any responsibility for calculating tax withholdings or for transmitting any portion of an Individual Settlement Payment to local, state, or federal taxing authorities. The Parties understand that each Settlement Class Member who receives any payment pursuant to this Agreement shall be solely responsible to pay appropriate taxes required of employees due on the payments received and for any and all tax liability, penalties, or costs assessed to that individual in connection with the Individual Settlement Payments and that the Settlement Administrator bears sole responsibility for computing tax withholdings and transmitting those payments to the relevant taxing authorities. The Parties further understand and acknowledge that Werner and Class Counsel have not made any representations regarding the proper tax treatment of the Individual Settlement Payments.

## D.    No Effect on Employee Retirement Benefit Plans.

Neither the Agreement nor any amounts paid pursuant to the Agreement will modify any previously credited hours, days, or weeks of service under any employee benefit plan, policy, or bonus program sponsored by Werner. Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Werner's sponsored benefit plans, policies, or bonus programs. The payments made under the terms of this Agreement shall not be applied retroactively, currently, or on a going forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of any of Werner's benefit plans, policies, or bonus programs. Werner retains the right to modify the language of its benefit plans, policies, and bonus programs to effect this intent and to make clear that any amounts paid pursuant to this Agreement are not for "weeks worked," "weeks paid," weeks of service" or any similar measuring term as defined by applicable plans, policies, and bonus programs for purposes of eligibility, vesting, benefit accrual, or any other purpose, and additional contributions or benefits are not required by this Agreement. Werner does not consider the settlement payments as "compensation" for purposes of determining eligibility for, or benefit accrual within, any benefit plans, policies, or bonus programs or any other plan sponsored by Werner.

## III.   REQUIRED NOTICES TO STATE AND FEDERAL AUTHORITIES.

### A.   PAGA Notice to LWDA.

On the same day Class Counsel files a Motion for Preliminary Approval of this Agreement, Class Counsel shall provide notice of the Settlement to the LWDA as required by Cal. Labor Code § 2699(l)(2).

### B.   CAFA Notice by Defendants.

Within 10 days of receiving notice of filing of a Motion for Preliminary Approval of this Agreement, Defendants shall serve the CAFA Notice of this Agreement on the appropriate federal and state officials, as required by 28 U.S.C. § 1715(b).

## IV.   FUNDING OF THE SETTLEMENT.

### A.   The Settlement Administrator's Costs and Expenses.

All costs and expenses due to the Settlement Administrator in connection with its administration of the Settlement, including but not limited to sending the Settlement Notice, locating Class Members, processing requests for exclusion from the Classes, and calculating and distributing Individual Settlement Payments to Class Members who do not timely request exclusion, shall be paid from the Gross Settlement Amount.

### B.   Deposit by Werner.

Within 14 days after entry of an Order granting Preliminary Approval of this Agreement, Werner shall remit $282,300 by wire transfer to the Settlement Administrator from the Gross Settlement Amount, for the Settlement Administrator's estimated costs and expenses to provide the Settlement Notice. In the event the Court does not approve the Settlement, any unused amount from the $282,300 shall be returned to Werner by the Settlement Administrator and Class Counsel shall reimburse Werner for one-half of any funds already expended by the Settlement Administrator.

### C.   Payment by Werner of the Balance of the Gross Settlement Amount.

Within 14 days after the Effective Date, Werner will remit by wire transfer to the Settlement Administrator the balance of the Gross Settlement Amount to be distributed pursuant to this Settlement.

## V.   ATTORNEYS' FEES AND LITIGATION EXPENSES OF CLASS COUNSEL AND SERVICE AWARDS.

### A.   Application for Attorneys' Fees and Costs.

As part of the motion for final approval of the Settlement, Class Counsel may submit an application for an award of reasonable attorneys' fees of up to one-third of the Gross Settlement Amount to be approved by the Court. Class Counsel may further submit an application for

reimbursement of their out-of-pocket litigation costs and expenses not to exceed $2,250,000, which Class Counsel incurred on behalf of the Settlement Classes in litigating the Action.

Any fees, costs, and expenses awarded by the Court shall be paid to Class Counsel from the Gross Settlement Amount and shall not constitute payment to any Class Members. Any amount awarded to Class Counsel by the Court from the Gross Settlement Amount shall be in full payment of all attorneys' fees, costs, and expenses incurred by Class Counsel and shall constitute full and complete satisfaction of any claim for attorneys' fees, costs, or expenses in the Consolidated Cases.

### B.    Time for Payment of Attorneys' Fees and Expenses to Class Counsel.

The Settlement Administrator shall pay any attorneys' fees and expenses awarded by the Court to Class Counsel by wire transfer within 14 days after the Settlement Administrator receives the balance of the Gross Settlement Amount, or at such other later date as may be mutually agreed between the Settlement Administrator and Class Counsel. The Settlement Administrator shall issue a Form 1099 to Class Counsel for such payment. Class Counsel is responsible for all federal, state, and local tax filings and liabilities that may result from any such payment, and Werner shall bear no responsibility for such filings or liabilities.

### C.    Application for Service Awards.

As part of the motion for final approval of the Settlement, Class Counsel may apply for Service Awards on behalf of certain Settlement Class Members. Class Counsel may request, subject to Court approval, Service Awards of up to $15,000 for each of the seven Class Representatives. Class Counsel may also request, subject to Court approval, Service Awards of up to $250 for the 21 Settlement Class Members, excluding the Class Representatives, who sat for a deposition in this matter.  Service Awards are intended to compensate Class Representatives for the time and risks they took to bring this case and deposed Settlement Class Members for the time spent preparing for and sitting for deposition in this case.

Any Service Awards approved by the Court shall be paid to Class Representatives and certain Settlement Class Members from the Gross Settlement Amount.

### D.    Time for Payment of Service Awards.

The Settlement Administrator shall pay any Service Award within 14 days after the Settlement Administrator receives the Gross Settlement Amount from Werner, for which the Settlement Administrator will issue a Form 1099. The Class Representative or other Settlement Class Members eligible for Service Awards (if any) will be responsible for all federal, state, and local tax filings and liabilities that may result from any such payment, and Werner and Class Counsel shall bear no responsibility for such filings or liabilities.

## VI.  NOTICE TO CLASS MEMBERS, CALCULATION AND DISTRIBUTION OF INDIVIDUAL SETTLEMENT PAYMENTS, AND TIMING OF PAYMENTS.

### A.  The Settlement Administrator.

The Settlement Administrator will be responsible for distributing the Settlement Notice to members of the Settlement Classes; handling inquiries from members of the Settlement Classes concerning the Settlement Notice; determining Individual Settlement Amounts as directed by counsel; calculating appropriate employer and employee taxes on the portion of the Net Settlement Fund characterized as wages; issuing and distributing settlement checks to members of the Settlement Classes; remitting appropriate taxes withheld from each Settlement Class Member's Individual Settlement Payment to the appropriate local, state, and federal tax agencies on behalf of Werner and the respective Settlement Class Member; and performing such other duties as the Parties may direct. To the extent any Settlement Notice is returned as undeliverable after being sent to a Settlement Class Member address included in the Class List (as defined below), the Settlement Administrator shall also be responsible for researching and, to the extent possible, locating an updated address for any such Settlement Class Member.

On a weekly basis, the Settlement Administrator will provide reports to Class Counsel and Defense Counsel, updating them as to the number of timely received requests for exclusion, as well as any objections submitted by members of the Settlement Classes. The Settlement Administrator will serve on Class Counsel and Defense Counsel, via email, date-stamped copies of the original requests for exclusion, objections, and any withdrawals of objections, no later than seven days after receipt of the exclusion, objection, or withdrawal. Within 14 days after the Court issues Final Approval, the Settlement Administrator will compile and deliver to Class Counsel and Defense Counsel a report listing the Individual Settlement Amount to be paid to each member of the Nebraska Settlement Class and each member of the California Settlement Class who had not timely requested exclusion from prior class notices and does not timely request exclusion from the Settlement Notice and the final number of Opt-Outs.

### B.  Notice to Class Members.

The universe of Settlement Class Members has been set by the Court's class certification order, the prior Class Notice campaigns and Werner's supplementation of data served in March 2025, other than those individuals who previously elected to opt out of the class (collectively the "Class List").  Within 14 days after an Order granting Preliminary Approval of this Agreement, Defense Counsel shall securely provide the Settlement Administrator and Class Counsel with a list containing the names and all available social security numbers (Defense Counsel may redact all but the last 4 digits of the social security number in the list provided to Class Counsel), last-known addresses, email addresses if available, and telephone numbers for all individuals on the Class List.  Members of the Nebraska Settlement Class (the "Nebraska Class List") shall include all individuals within the Class List who met the definition of the Nebraska Class as certified by the Court at any point during the class period, other than those individuals who previously elected to opt out of the class. The "California Class List" will be determined as set forth in Section VI.E.2 below, based on the Nebraska Class List and Dr. Speakman's analysis of Werner's payroll and employment data.  The Settlement Administrator shall represent, warrant, covenant, and agree that (a) it will hold the Class Lists, including any copies thereof, in strictest confidence and shall not

disclose or divulge its contents to any individual Class Member, including the Class Representatives, or to any third party; (b) the Class Lists shall be kept in secure facilities; and (c) the contents of the Class Lists shall be used exclusively for administration of the Settlement and for no other purpose. Within 14 days after receipt of the Class Lists, or as soon thereafter as practicable, the Settlement Administrator shall calculate estimated Individual Settlement Amounts and then distribute the Settlement Notice to each Class Member. The Settlement Administrator shall make calculations based on whether the individual is identified as a California class member and the number of workweeks Dr. Speakman's E-tables and other analysis provide. Werner represents that during litigation, it produced all available payroll header and detail information for all Settlement Class Members, for the portions of the class period when Settlement Class Members worked as qualified drivers for Werner, and the Parties agree those records may be relied upon to allocate the settlement payments.

## C.      Opt Out Procedure.

In order for a Settlement Class Member to request exclusion from the Settlement, the Settlement Class Member must return a signed and dated written statement, containing his or her full name, current address, unique Settlement Notice identifier, the case name and number, and a statement that the Settlement Class member wishes to be excluded from the Settlement, to the Settlement Administrator, postmarked no later than 60 days after the date on which the Notice to Class Members is first mailed  (the "Opt Out Deadline"). If, prior to that deadline, any Settlement Notice mailed to a Settlement Class Member is returned as undeliverable by the U.S. Postal Service, the Settlement Administrator shall perform a skip trace search and seek an address correction for such Settlement Class Member and send a new Settlement Notice to any new or different address obtained for that Settlement Class Member.  Settlement Class Members must opt out of the Settlement individually. So called "mass" or "class" opt outs, whether filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members where no personal statement has been signed by each and every individual Settlement Class Member, are not allowed.

It will be conclusively presumed that if an envelope containing the Settlement Notice has not been returned within 28 days of mailing, the Settlement Class Member received the Settlement Notice. Within 14 days after the Opt Out Deadline, the Settlement Administrator shall provide Class Counsel and Defense Counsel with a Declaration of Due Diligence and Proof of Mailing regarding the mailing of the Settlement Notice. The Declaration shall state the number of Class Members to whom the Settlement Notice was sent, the number of Settlement Notices returned as undeliverable, the number of remailed Settlement Notices to new or different addresses obtained, the number of timely requests for exclusion and/or objections received as well as any withdrawals of opt-outs or objections. Class Counsel shall file this Declaration with the Court as part of their submissions for Final Approval of the Settlement.

Any Settlement Class Member who opts out of the Class will not be entitled to an Individual Settlement Payment and will not be bound by the Settlement or have any right to object, appeal from an order granting final approval of, or otherwise comment on the settlement memorialized in this Agreement. Those Class Members who have not returned a completed request for exclusion by the Opt Out Deadline shall receive an Individual Settlement Payment and shall be bound by the dismissal with prejudice of this Action and the Release of Settlement Claims set

forth in Section XI of this Agreement. No PAGA Group Member, however, may opt out of the PAGA Payments and related PAGA claim release.

**D.    Objections.**

The Settlement Notice shall provide that Class Members who wish to object to the settlement memorialized in this Agreement must timely submit their written objections to the Settlement Administrator. Such signed, written statement must include the Class Members' name, address, unique Settlement Notice identifier, the case name and number, the reason for objecting, date and signature and must be postmarked or received by the Settlement Administrator no later than 60 days after the date on which the Notice to Class Members is first mailed (the "Objection / Exclusion Deadline"). Subject to any future Court Order to the contrary, no Settlement Class Member shall be entitled to be heard at the Final Approval and Fairness Hearing (whether individually or through separate counsel) or to object to the settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Final Approval and Fairness Hearing, unless written notice of the Settlement Class Member's intention to appear at the Final Approval and Fairness Hearing, and copies of any written objection or briefs, have been postmarked or received on or before the Objection / Exclusion Deadline. Unless the Court orders otherwise, Settlement Class Members who fail to timely submit written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement. Settlement Class Members must object to the Settlement individually. So called "mass" or "class" objections, whether filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members where no personal statement has been signed by each and every individual Settlement Class Member, are not allowed. Individuals who file an objection may withdraw their objection. To be effective, such withdrawals must be submitted in writing to the Settlement Administrator or Class Counsel. The Settlement Administrator shall immediately forward a copy of all objections as well as objection withdrawals it receives to Class Counsel and Defense Counsel but no later than two business days after receipt.

**E.    Settlement Distribution.**

1.    The Parties agree that, in exchange for the Gross Settlement Amount of $18,000,000.00, the Settlement Claims of the Settlement Classes will be fully and finally resolved, forever released, and dismissed with prejudice as set forth in Sections VIII.C & XI below. The Gross Settlement Amount of $18,000,000.00 shall be allocated as follows:

a)    Attorney Fees and Litigation Costs as approved by the Court. Such fee and cost award shall be paid in full satisfaction of all attorneys' fees and litigation expenses incurred by the Class Representatives and Class Counsel on behalf of the Class Members in the Consolidated Cases.

b)    PAGA Payments. The Parties agree that $100,000 will be allocated to civil penalties recoverable under PAGA, of which amount 75% ($75,000.00) will be paid to the LWDA; and 25% ($25,000.00) will be included in the Net Settlement Amount to be distributed among PAGA Group Members.

c)      Administrative Expenses, as defined in Section I.B above.

d)      Any other obligation of Werner under this Agreement, including the employer's share of any payroll taxes.

e)      Service Awards; and

f)      The Net Settlement Fund, as defined in Section I.T above. The Individual Settlement Payment to be distributed to each Class Member from the Net Settlement Funds shall be determined as set forth in Section VI.E.2 below.

### 2.      Calculation of the Individual Settlement Payment.

For settlement purposes only, the Individual Settlement Payment to be paid to each Settlement Class Member who has not and does not timely request exclusion from the Net Settlement Fund will be calculated by the Settlement Administrator as follows: (a) Nebraska Settlement Class Members will receive a base payment of $20 and California Class Members will receive a base payment of $40; and (b) in addition to their respective base payments, all Settlement Class Members will receive a pro-rata share of the remaining Net Settlement Fund based on weeks worked as a Werner qualified driver using Dr. Speakman's analysis of Werner's payroll records as reflected in his E-Tables or other analysis.  For purposes of this Settlement, California Class Members will be identified by a list provided by Dr. Speakman that reflects the same analysis his expert reports applied to Werner's personnel and payroll records to determine California Class membership during the Class Period. The Settlement Administrator also shall set aside from the Net Settlement Fund $30,000 as a Reserve Fund to cover potential, unexpected supplemental payments to Settlement Class Members.

After setting aside the Reserve Fund, the Settlement Administrator shall calculate estimated Individual Settlement Payments based on the methodology described above and using the class data provided by Werner prior to distributing the Settlement Notice.  Defense Counsel and Class Counsel will have an opportunity to review and request corrections, if any, to the estimated Individual Settlement Payments before the distribution of the Settlement Notice.  Werner is not responsible for any allocation made by the Settlement Administrator.

As part of their Individual Settlement Payments, PAGA Group Members will also be entitled to receive a per-capita share of the $25,000.00 allocated to PAGA Payments, as described in Section VI.E.1(b).

The Settlement Administrator shall adjudicate any timely disputes regarding the number of weeks worked as a Werner qualified driver during the Class Period.  Upon receipt of such a dispute, the Settlement Administrator shall inform the Parties and request Class Counsel to check the records previously provided by Werner in the course of the litigation to verify the accuracy of the Settlement Administrator's calculation regarding the number of weeks worked. A dispute regarding the number of weeks worked shall be considered timely if it is received or postmarked on or before the Objection / Exclusion Deadline. The Settlement Administrator shall make the final adjudication regarding any timely disputes after considering any information provided by the Settlement Class Member, and Class Counsel.

Werner denies that Settlement Class Members are entitled to any additional money or penalties of any nature whatsoever and denies any and all liability for any claims alleged in the Complaints filed in the Consolidated Cases but, for settlement purposes only, consents to the payment methodology described in this Section.

The Settlement Administrator will issue both a Form W-2 and Form 1099 to each Settlement Class Member to the extent required by law, with 15% of the Individual Settlement Payment reported on Form W-2 as claimed wages and the remaining 85% of the Individual Settlement Payment reported on Form 1099 as claimed damages, penalties and interest. If the Settlement Administrator is unable to assign W-2 wages to any or all Settlement Class Members due to lack of information, documentation or other impracticability or a California Settlement Class Member opts out of the Settlement but not the PAGA Payment, then Individual Settlement Payment amounts will be distributed via Form 1099 only as required. As soon as practicable after all Individual Settlement Payments have been calculated, the Settlement Administrator shall determine the applicable employer and employee local, state, and federal income and employment taxes for the portions of the Individual Settlement Payments reported on the Form W-2 as claimed wages. The Settlement Administrator shall deduct the applicable employer and employee local, state, and federal income and employment taxes from the portions of the Individual Settlement Payments reported on the Form W-2 as claimed wages and, on behalf of Werner and each Settlement Class Member, shall pay all such taxes due to the appropriate local, state, and federal tax agencies. Within 14 days after distribution of the Individual Settlement Payments, the Settlement Administrator shall provide Werner with a list showing the amounts deducted from each Settlement Class Member's Individual Settlement Payment for taxes and shall confirm in writing that the Settlement Administrator has transmitted those amounts to the applicable local, state, and federal taxing authorities.

The Parties agree and acknowledge that the Settlement Class Members are responsible for all employee-related federal, state, and local tax filings and liabilities that may result from the Individual Settlement Payments received, including any portion allocated as damages, penalties, and interest, and Werner and Class Counsel shall bear no responsibility for such filings or liabilities. Werner makes no representations with respect to the taxability of any payments received pursuant to this Settlement, and the Settlement Notice will advise Class Members to seek their own tax advice as necessary.

Werner shall have no responsibility for the accuracy of the Settlement Administrator's computation of the Individual Settlement Payments, the taxes owed on the portion of the Individual Settlement Payments allocated as wages, or any other payments made pursuant to this Agreement. Werner shall not be liable under any circumstance for any errors in such computations. Werner shall have no involvement in or responsibility for determining the amount of taxes owed by Settlement Class Members; shall have no involvement in or responsibility for transmitting any portion of the Individual Settlement Payments allocated to taxes to local, state, or federal taxing authorities; and shall not have any liability for errors made in computing Class Members' tax liability.

949769.5

16

### F. Time for Payment of Settlement Administration Expenses to the Settlement Administrator.

Subject to Court approval first, the Settlement Administrator may pay to itself its portion of the Administrative Expenses for all services through the closing of the administration within 14 days after the Settlement Administrator receives the balance of the Gross Settlement Amount from Werner. At least 14 days prior to paying itself any portion of the Gross Settlement Amount, the Settlement Administrator shall send its invoice to Class Counsel.

### G. Time for Payment of Individual Settlement Payments.

The Settlement Administrator shall make every effort to distribute, whether by first-class U.S. mail to the last-known address or by electronic payment, the Individual Settlement Payment to each Settlement Class Member who has not and does not request exclusion no later than 30 days after the Effective Date.

If the Settlement Administrator is not able to disburse the Individual Settlement Payments by that deadline, it shall so inform Class Counsel and Defense Counsel and provide an approximate date by which the Individual Settlement Payments will be disbursed. Under no circumstances shall the Settlement Administrator distribute checks to Settlement Class Members until the obligations set forth in Sections V.A and V.C have been satisfied. In the event any Settlement Class Member is deceased, payment shall be made payable to the estate of that Settlement Class Member and shall be delivered to the executor or administrator of the estate, unless the Settlement Administrator has received an affidavit or declaration from a person claiming to be the successor of the decedent pursuant to Neb. Rev. Stat. § 30-24,125 or other similarly applicable law, in which case payment shall be made to the affiant(s) or declarant(s), to the extent permitted or required by law.

### H. Time for PAGA Payment to LWDA.

Within seven days after the Effective Date of the Settlement, Class Counsel shall provide a copy of the Final Order Approving Settlement and Judgment to the Settlement Administrator. Within 21 days thereafter, the Settlement Administrator will send a copy of the Final Order Approving Settlement and Judgment along with the LWDA's share of the PAGA Payment to the LWDA.

### I. Returned or Uncashed Settlement Checks and Reserve Fund Residual.

Each Settlement Class Member must cash his or her Individual Settlement Payment check within 180 days after the date of the check. If any checks remain uncashed after 120 days, the Settlement Administrator shall inform the Parties of the identity of the payees and amounts of the checks and the efforts taken to locate the individuals. If any checks are returned as undeliverable, the Settlement Administrator shall take reasonable efforts to find new and/or current contact information for those Settlement Class Members and promptly reissue payments accordingly. For any reissued payments, Settlement Class Members will have 180 days from reissuance to cash those payments or 210 days after the initial date of payments, whichever is earlier. The Settlement Administrator shall send at least one reminder to Settlement Class Members who have not negotiated their Individual Settlement Payments. Class Counsel may assist in encouraging

Settlement Class Members to cash their payments and the Settlement Administrator will reissue payments based on information provided by Class Counsel.

If the check remains uncashed after the expiration of the 180-day period, the Settlement Administrator shall report the total amount of the remaining residual to the Parties within 14 days of the expiration of the 180-day period or the expiration date of the latest reissued payment. The Settlement Administrator shall be responsible for the escheatment of any uncashed residual to the applicable state agency or entity responsible for unclaimed property or funds, where the Settlement Class Member can later claim their funds. To the extent possible, the Court's final approval order shall include language to reduce or eliminate the dormancy period applicable to unclaimed property to expedite the escheatment of any uncashed residual. All Settlement Class Members who did not exclude themselves will nevertheless remain bound by the Settlement whether or not they cashed their checks. Notwithstanding any other deadline provided in this paragraph, if a Settlement Class Member requests a payment to be reissued while funds remain in the Gross Settlement Fund sufficient to provide the reissuance, the reissuance request shall be honored.

If any money remains in the Reserve Fund after the expiration date of all issued Individual Settlement Payments, the Settlement Administrator shall promptly inform Class Counsel and Defense Counsel of the residual amount. Any residual from the Reserve Fund will be paid to a cy pres beneficiary, as approved by the Court. Plaintiffs propose St. Christopher Truckers Relief Fund, which is a trucker charity that helps sick and injured truck drivers and their families. Werner does not oppose this proposal. Unless otherwise ordered by the Court, the Settlement Administrator shall transfer any Reserve Fund residual to the approved cy pres beneficiary within twenty-one days after the last Individual Settlement Payment has expired.

**J.    Extension of Time to Pay and/or Process Claims.**

Should the Settlement Administrator need more time than is provided under this Agreement to complete any of its obligations, the Settlement Administrator may request, in writing, such additional time (including an explanation of the need for additional time) from Defense Counsel and Class Counsel. If Defense Counsel and/or Class Counsel do not agree, in writing, to the Settlement Administrator's request for additional time, the Settlement Administrator, Class Counsel, or Defense Counsel may seek such additional time from the Court.

**VII.    NULLIFICATION OF THIS AGREEMENT.**

**A.    Non-approval of the Agreement.**

If (a) the Court should for any reason decline to approve this Agreement in the form agreed to by the Parties (excluding modifications to Attorneys' Fees, Litigation Costs, Administrative Expenses or Service Awards); or (b) the Court should for any reason fail to enter judgment and dismissal with prejudice of the Consolidated Cases; or (c) the judgment and dismissal is reversed, modified, or declared or rendered void, then the Settlement shall be considered null and void, and the Settlement and the related negotiations and proceedings shall not be of any force or effect, and the Parties shall stand in the same position, without prejudice, as if the Settlement had neither been entered into nor filed with the Court. Notwithstanding the foregoing language, the Parties may

attempt in good faith to cure any perceived defects in the Settlement for the purpose of facilitating approval. The Parties will each be responsible for one-half of all charges incurred by the Settlement Administrator as of the date of entry of any order denying preliminary approval or final approval of this Settlement. Notwithstanding the foregoing, if the Court approves the gross amount of the Settlement and the releases set forth herein but determines there should be a reallocation of the Net Settlement Fund, the Agreement as so modified and approved by the Court, shall remain fully binding on the Parties while reserving all rights to appeal such a reallocation.

### B.    Werner's Right to Void Settlement.

If 15% or more Class Members timely submit requests for exclusion, Werner shall have the exclusive right to void this settlement. Werner shall make its election within seven business days after receipt of the Settlement Administrator's final report regarding the Settlement Class members who timely requested exclusion. If Werner elects to exercise its right to void the Settlement due to the number of Settlement Class Members who have requested exclusion, the Settlement shall be considered null and void, and the Settlement and the related negotiations and proceedings shall not be of any force or effect, and the Parties shall stand in the same position, without prejudice, as if the Agreement had neither been entered into nor filed with the Court. In such event, Werner will pay all charges incurred by the Settlement Administrator as of the date Werner elects to void the Settlement.

### C.    Stay Upon Appeal.

In the event of a timely appeal from the judgment and dismissal of the Consolidated Cases, the judgment shall be stayed and the actions required by this Agreement shall not take place until all appeal rights have been exhausted by operation of law.

## VIII.  MOTION FOR COURT APPROVAL.

### A.    Preliminary Approval.

Class Counsel shall submit this Agreement to the Court and request preliminary approval of the Settlement, on the terms set forth herein. Each party shall cooperate in the Parties' effort to present the Settlement to the Court for preliminary approval in a timely fashion.

### B.    Final Approval and Fairness Hearing.

The Final Approval and Fairness Hearing shall be held before the Court in the U.S. District Court for the District of Nebraska as soon after the Objection/Opt Out Deadline as the matter can practicably be set for hearing.

### C.    Dismissal of Consolidated Cases with Prejudice.

Subject to Court approval and unless otherwise ordered by the Court, the Consolidated Cases shall be dismissed with prejudice within 7 days after the Effective Date, as part of the consideration for the Agreement. At the Final Approval and Fairness Hearing, Class Counsel and

Defense Counsel shall jointly request that the Court enter the final order approving the Agreement as being fair, reasonable and adequate to the Settlement Classes within the meaning of Rule 23(e), including the Release of Settlement Claims, and for the entry of a final judgment of dismissal with prejudice of the Consolidated Cases consistent with the terms of the Agreement. Notwithstanding the dismissal of such claims with prejudice, the Court shall retain jurisdiction to interpret and enforce the terms of this Agreement.

## IX.   DUTIES OF THE PARTIES.

### A.   Mutual Cooperation.

The Parties agree to cooperate fully with one another to accomplish and implement the terms of this Agreement. Such cooperation shall include, but is not limited to, execution of such other documents and the taking of such other actions as may reasonably be necessary to fulfill the terms of this Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by court order, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement, the Parties shall take all necessary and reasonable steps to secure the Court's final approval of this Agreement.

### B.   Duty to Support and Defend the Settlement.

The Parties hereto agree to abide by all of the terms of the Settlement in good faith and to support the Settlement fully and to use their best efforts to defend this Class Settlement from any legal challenge, whether by appeal or collateral attack.

## X.   NO ADMISSION OF LIABILITY.

Nothing in this Agreement shall be construed to be or deemed an admission by Werner or of any of the other Released Parties of any liability, culpability, negligence, or wrongdoing toward the Class Representatives, the Settlement Class Members, or any other person, and Werner specifically disclaims any liability, culpability, negligence, or wrongdoing toward the Class Representatives, the Settlement Class Members, or any other person. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and contingencies. Nothing herein shall constitute any admission by Werner of wrongdoing or liability, or of the truth of any factual allegations in the Consolidated Cases. Nothing herein shall constitute an admission by Werner that the Action was properly brought as a class or representative action, other than for settlement purposes. To the contrary, Werner has denied and continues to deny each and every material factual allegation and alleged claim asserted in the Consolidated Cases.

## XI.   RELEASE OF SETTLEMENT CLAIMS.

### A.   Class Representatives' and Class Members' Full and Complete Release of All Settlement Claims, Known and Unknown, for Class Period.

Upon the Effective Date and in consideration for the payment of the Gross Settlement Amount by Werner, the Class Representatives and Settlement Class Members, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, hereby releases, discharges, and agrees to hold harmless the Released Parties from all Settlement Claims, as defined in Sections I.DD & I.HH, whether known or unknown by the Settlement Class Members. It is the Parties' desire to fully, finally, and forever settle, compromise, and discharge all Settlement Claims as described in Section I.HH. The Class Representatives and Settlement Class Members acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this Agreement, but nevertheless fully, finally, and forever settle and release all Settlement Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions or conduct occurring on or before the date of this Agreement, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties. The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and approved by a court are hereby expressly, knowingly, and voluntarily waived by the Settlement Class Members. Unless a Class Member submits a valid Opt-Out Request, each Nebraska Class Member and each California Class Member will be bound to the release of Settlement Claims set forth herein as of the Effective Date.

**B.      Knowing and Intentional Waiver of Cal. Civil Code § 1542 by California Class Members.**

Each California Class Member waives, as to the Settlement Claims only, all rights and benefits afforded by California Civil Code Section 1542 and does so understanding the significance of that waiver. Section 1542 provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

As such, California Class Members understand and agree that they are providing the Released Parties with a full and complete release with respect to the Settlement Claims.

**C.      Full and Complete Release of Individual Claims by Class Representatives.**

**a.      Release.**

The Class Representatives, individually and on behalf of themselves and their heirs, executors, administrators, and personal representatives, shall and do hereby forever release, discharge, and agree to hold harmless Werner and the Released Parties from the Settlement Claims and from any and all other claims, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs) through November 6, 2023, whether known or unknown, at law or in equity, which any Class Representative, in his individual capacity, may

now have or may have at the signing of this Agreement, against Werner or the Released Parties arising out of or in any way related to the Consolidated Cases, his alleged employment with Werner, including the claims alleged in the Complaints filed in the Consolidated Cases, and any and all transactions, occurrences or matters between the Parties for the time period up to and including November 6, 2023. Without limiting the generality of the foregoing, this release shall include, but not be limited to, any and all claims under the (i) Americans With Disabilities Act, as amended; (ii) Title VII of the Civil Rights Act of 1964, as amended; (iii) the Civil Rights Act of 1991; (iv) 42 U.S.C. § 1981, as amended; (v) the Age Discrimination in Employment Act, as amended; (vi) the Fair Labor Standards Act, as amended; (vii) the Equal Pay Act; (viii) the Employee Retirement Income Security Act, as amended; (ix) the Consolidated Omnibus Budget Reconciliation Act; (x) the Rehabilitation Act of 1973; (xi) the Family and Medical Leave Act; (xii) the Civil Rights Act of 1966; (xiii) the California Fair Employment and Housing Act; (xiv) the California Constitution; (xv) the California Labor Code; (xvi) the California Government Code; (xvii) the California Civil Code; and (xviii) any and all other federal, state, and local statutes, ordinances, regulations, rules and other laws, and any and all claims based on constitutional, statutory, common law, or regulatory grounds as well as any other claims based on theories of wrongful or constructive discharge, breach of contract or implied contract, fraud, misrepresentation, promissory estoppel or intentional and/or negligent infliction of emotional distress, or damages under any other federal, state, or local statutes, ordinances, regulations, rules, or laws. This release is for any and all relief, no matter how denominated, including, but not limited to, back pay, front pay, vacation pay, bonuses, compensatory damages, tortious damages, liquidated damages, penalties, punitive damages, damages for pain and suffering, and attorney fees and costs, and the Class Representatives hereby forever release, discharge, and agree to hold harmless Werner and the Released Parties from any and all claims for attorney fees and costs arising out of the matters released in this Agreement.

> ### b.      Knowing and Intentional Waiver of California Civil Code Section 1542 by Class Representatives.

Each Class Representative specifically acknowledges that he is aware of and familiar with the provisions of Section 1542, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Class Representatives, being aware of Section 1542, hereby expressly waive and relinquish all rights and benefits they may have under Section 1542 as well as any other statutes or common law principles of a similar effect. Each Class Representative acknowledges he or she may hereafter discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of the Settlement Claims and all the claims referenced herein, but stipulates and agrees that, upon the Effective Date, the Class Representatives shall and hereby do fully, finally and forever settle and release any and all claims against Werner and the Released Parties for the time period up to and including November 6, 2023, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist or heretofore have

existed upon any theory of law or equity without regard to the subsequent discovery of existence of such different or additional facts.

### c.    Revocation of Agreement.

Each Class Representative understands that he has been given 21 days to consider this Agreement before executing it, and, after executing this Agreement, he has the right to revoke it within seven days after execution. The Class Representatives understand that this Agreement will not become effective and enforceable unless and until the seven-day revocation period has passed.

### d.    Waiver of Money or Damages.

Each Class Representative also agrees that, to the extent permitted by law, if a released claim is prosecuted in his name against Werner and/or the Released Parties before any court or administrative agency for any claims covering the time period up to and including November 6, 2023 he waives, and agrees not to take, any award of money or other damages from such proceeding. Each Class Representative agrees that, unless otherwise compelled by law, if a released claim is prosecuted in his name against Werner and/or the Released Parties for any released claims covering the time period up to and including November 6, 2023 that, upon a written request by Defense Counsel, he will immediately request in writing that the claim on his behalf be withdrawn.

## XII.    MISCELLANEOUS PROVISIONS.

### A.    Voiding the Agreement.

Pending Court approval and other than as specifically provided for in Sections VII.A & VII.B, if any of the conditions set forth in this Agreement are not met and satisfied, this Agreement shall, at the option of either the Class Representatives or Werner, be ineffective, void, and of no further force and effect, and shall not be used or be admissible in any subsequent proceeding, either in this Court or in any other court or forum.

### B.    Different Facts.

The Parties hereto, and each of them, acknowledge that except for matters expressly represented herein, the facts in relation to the dispute and/or in relation to any of the claims included in the Release of Settlement Claims contemplated by this Agreement may turn out to be other than or different from the facts currently known by each party and/or its counsel, or believed by such party or its counsel to be true, and each party expressly assumes the risk of the existence of different or presently unknown facts, and agrees that this Agreement shall be in all respects effective and binding.

### C.    No Prior Assignment.

The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or

entity any portion of any liability, claim, demand, action, cause of action, or right herein released and discharged except as set forth herein.

### D.   Non-Retaliation.

Werner understands and acknowledges that it has a legal obligation not to unlawfully retaliate against any member of the Settlement Classes. Werner will refer any inquiries regarding this Settlement to the Settlement Administrator or Class Counsel and will not discourage Class Members who are employees, directly or indirectly, from participating in, opting out of, or objecting to the Settlement.

### E.   Construction.

The Parties hereto agree that the terms and conditions of this Agreement are the result of lengthy, intensive, arms-length negotiations between the Parties and this Agreement is not to be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of this Agreement.

### F.   Governing Law and Exclusive Jurisdiction.

This Agreement is intended to be and shall be governed by the laws of the State of Nebraska, without regard to conflict of law principles, in all respects, including execution, interpretation, performance and enforcement. The United States District Court for the District of Nebraska shall have exclusive jurisdiction over any and all disputes pertaining to the execution or enforcement of this Agreement.

### G.   Notices.

Except for Notices to Settlement Class Members, the CAFA Notice, and the PAGA Notice required by this Agreement, any and all notices or other communications required or permitted under this Agreement shall be in writing and shall be sufficiently given if delivered to Class Counsel or Defense Counsel by U.S. certified mail, postage prepaid, by e-mail, or by overnight delivery addressed to the address appearing in this Agreement.

### H.   Captions and Interpretations.

Section titles and captions contained herein are inserted as a matter of convenience and for reference only and in no way define, limit, extend, or describe the scope of this Agreement or any provision thereof.

### I.   Modification.

This Agreement may not be changed, altered, or modified, except in a writing signed by the Parties and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

949769.5

24

**J.      Integration Clause.**

This Agreement contains the entire agreement between the Parties relating to the settlement of the Action and the transactions contemplated thereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a party or such party's legal counsel, are hereby superseded. No rights under this Agreement may be waived except in writing.

**K.      Successors and Assigns.**

This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective present and former heirs, trustees, executors, administrators, representatives, officers, directors, shareholders, agents, employees, insurers, attorneys, accountants, auditors, advisors, consultants, pension and welfare benefit plans, fiduciaries, parent companies, subsidiaries, affiliates, related companies, joint ventures, predecessors, successors, and assigns.

**L.      Class Counsel Signatories.**

Because the Class Members are numerous, the Parties agree that it is impossible or impractical to have each Class Member sign this Agreement. It is agreed that, for purposes of seeking approval of the Class Settlement, this Agreement, including the Release of Settlement Claims in Section XI, may be executed on behalf of the Settlement Class by Class Counsel and the Class Representatives.

**M.      Corporate Signatories.**

Any person executing this Agreement or any such related document on behalf of a corporate signatory hereby warrants and promises, for the benefit of all Parties hereto, that such person has been duly authorized by such corporation to execute this Agreement or any such related document.

**N.      Execution in Counterparts.**

The Parties may execute this Agreement in counterparts, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**O.      Attorney Fees, Costs, and Expenses.**

Except as otherwise specifically provided for herein, each party shall bear his or its own attorney fees, costs, and expenses, taxable or otherwise, incurred by them in or arising out of the Action and shall not seek reimbursement thereof from any other party to this Agreement.

REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK

949769.5

IN WITNESS WHEREOF, this Agreement is executed by the Parties and their duly authorized attorneys, as of the date and year herein set forth.

I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT, HAVE HAD ITS CONTENTS EXPLAINED TO ME BY MY ATTORNEY OF RECORD, AND HEREBY AGREE TO THE TERMS THEREOF:

/s/ _Ezequiel Olivares Abarca_ Date January 30, 2026
Ezequiel Olivares Abarca, individually and as
a Class Representative for the Settlement Class

/s/ _____ Date January 29, 2026
Alfredo Alesna, individually and as a
Class Representative for the Settlement Class

/s/ _David A. Cagle_ Date January 29, 2026
David Cagle, individually and as a
Class Representative for the Settlement Class

/s/ _Stephen Davis_ Date January 30, 2026
Stephen Davis, individually and as a
Class Representative for the Settlement Class

/s/ _____ Date January 29, 2026
Frank Eads, individually and as a
Class Representative for the Settlement Class

/s/ _Kenneth Surman_ Date January 29, 2026
Kenneth Surman, individually and as a
Class Representative for the Settlement Class

/s/ _____ Date January 29, 2026
William Smith, individually and as a
Class Representative for the Settlement Class

/s/ _____ Date_____
Nathan Meisgeier
President & Chief Legal Officer
Werner Enterprises, Inc.

949769.5

26

IN WITNESS WHEREOF, this Agreement is executed by the Parties and their duly authorized attorneys, as of the date and year herein set forth.

I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT, HAVE HAD ITS CONTENTS EXPLAINED TO ME BY MY ATTORNEY OF RECORD, AND HEREBY AGREE TO THE TERMS THEREOF:

/s/_____Date_____
Ezequiel Olivares Abarca, individually and as
a Class Representative for the Settlement Class

/s/_____Date_____
Alfredo Alesna, individually and as a
Class Representative for the Settlement Class

/s/_____Date_____
David Cagle, individually and as a
Class Representative for the Settlement Class

/s/_____Date_____
Stephen Davis, individually and as a
Class Representative for the Settlement Class

/s/_____Date_____
Frank Eads, individually and as a
Class Representative for the Settlement Class

/s/_____Date_____
Kenneth Surman, individually and as a
Class Representative for the Settlement Class

/s/_____Date_____
William Smith, individually and as a
Class Representative for the Settlement Class

/s/_____Date____ 1-30-26
Nathan Meisgeier
President & Chief Legal Officer
Werner Enterprises, Inc.

949769.5

26

APPROVED AS TO FORM AND CONTENT

Dated: January 29, 2026 _____

DARDARIAN KAN & LEE

By: _James Kan_____
James Kan

SWARTZ SWIDLER, LLC

By: _Justin Swidler_____
Justin Swidler

MARA LAW FIRM

By: _David Mara_____
David Mara

Attorneys for Plaintiff and the
Certified Class

Dated:

FRASER STRYKER P.C., LLO,

By: _____
Elizabeth A. Culhane

SCOPELITIS GARVIN LIGHT HANSON &
FEARY, P.C.

By: _____
James H. Hanson

Attorneys for Defendants

3484204v22

4908-5136-6010, v. 5

APPROVED AS TO FORM AND CONTENT

Dated: _____         DARDARIAN KAN & LEE

                                        By:_____
                                        James Kan

                                        SWARTZ SWIDLER, LLC

                                        By:_____
                                        Justin Swidler

                                        MARA LAW FIRM

                                        By:_____
                                        David Mara

                                        Attorneys for Plaintiff and the
                                        Certified Class

Dated:  1|30|26                         FRASER STRYKER P.C., LLO,

                                        By:_____
                                        Elizabeth A. Culhane

                                        SCOPELITIS GARVIN LIGHT HANSON &
                                        FEARY, P.C.

                                        By:_____
                                        James H. Hanson

                                        Attorneys for Defendants

3484204v22


4908-5136-6010, v. 5

APPROVED AS TO FORM AND CONTENT

Dated: _____          DARDARIAN KAN & LEE

                                       By:_____
                                       James Kan

                                       SWARTZ SWIDLER, LLC

                                       By:_____
                                       Justin Swidler

                                       MARA LAW FIRM

                                       By:_____
                                       David Mara

                                       Attorneys for Plaintiff and the
                                       Certified Class

Dated:                                 FRASER STRYKER P.C., LLO,

                                       By:_____
                                       Elizabeth A. Culhane

                                       SCOPELITIS GARVIN LIGHT HANSON &
                                       FEARY, P.C.

                                       By:_____
                                       James H. Hanson

                                       Attorneys for Defendants

3484204v22


4908-5136-6010, v. 5

949769.5                         27

# Exhibit A



United States District Court for the District of Nebraska

*Abarca et al. v. Werner Enterprises, Inc., et al.*

Case No. 8:14-cv-00319-JFB-MDN

# Class Action Notice

## *Authorized by the United States District Court for the District of Nebraska*

| | | |
|---|---|---|
| **Did you work for Werner Enterprises, Inc. between June 4, 2010, and July 14, 2023, as a qualified driver?** | **There is a $18 million settlement of a lawsuit.** <br><br> **You may be entitled to money.** | **To be part of this settlement, you should:** <br><br> **Read this notice.** |

Important things to know:

- If you take no action, you will automatically receive payment, be bound by the settlement, and your rights will be affected.

- You can learn more at: [website].

# Table of Contents

Table of Contents................................................................................2

**About This Notice** ............................................................................**3**

    Why did I get this notice? ...............................................................3

    What do I do next?...........................................................................3

    What are the most important dates?................................................4

**Learning About the Lawsuit** ...........................................................**4**

    What is this lawsuit about? .............................................................4

    Why is there a settlement in this lawsuit?......................................4

    What happens next in this lawsuit? ................................................5

    Updating your contact information .................................................5

**Learning About the Settlement**........................................................**5**

    What does the settlement provide?.................................................5

    How do I know if I am part of this settlement?...............................6

    How was my estimated payment calculated?..................................7

**Deciding What to Do** ........................................................................**8**

    How do I weigh my options?...........................................................8

    How do I get a payment if I am a class member?............................8

    Do I have an attorney in this lawsuit?.............................................9

    Do I have to pay the attorneys in this lawsuit?...............................9

**Opting Out**........................................................................................**9**

    What if I don't want to be part of this settlement?.......................10

    How do I opt out? .........................................................................10

**Objecting** .......................................................................................**10**

    What if I disagree with the settlement? ........................................10

**Key Resources** ...............................................................................**11**

    How do I get more information?....................................................11

949147.8

# About This Notice

## Why did I get this notice?

This notice is to tell you about the settlement of a class action lawsuit, *Abarca et al. v. Werner Enterprises, Inc., et al.* (hereinafter, the "Lawsuit"). The Lawsuit was brought by several former drivers, individually and on behalf of other individuals who worked as qualified drivers for Werner Enterprises Inc. and Drivers Management, LLC (collectively "Werner"). The Lawsuit was consolidated with two other similar pending actions, *Smith v. Werner Enterprises, Inc.,* Case No. 8:15-cv-287, and *Vester v. Werner Enterprises, Inc.*, Case No. 8:17-cv-145, and all three cases are being resolved as part of the settlement. **You received this notice because you may be a member of the group of people affected, called the "class."** This notice gives you a summary of the terms of the proposed settlement, explains class members' rights, and helps class members make decisions about what action to take.

## What do I do next?

Read this notice to understand the settlement and to determine if you are a class member. Then, decide which of these actions you want to take:

| Options | What each option means: |
|---------|------------------------|
| **Do Nothing** | Get automatic payment. Give up right to pursue claims based on the facts asserted in the lawsuit. |
| **Opt Out** | Get no payment. Retain your right to bring a separate lawsuit against Werner. |
| **Object** | Tell the Court why you don't like the settlement. |

Read on to understand the specifics of the settlement and what each choice would mean for you.

3

949147.8

## What are the most important dates?

Your deadline to object or opt out: **[date]**
Settlement Final Approval Hearing: **[date]**

# Learning About the Lawsuit

## What is this lawsuit about?

Several former drivers filed a lawsuit in 2014 claiming Werner violated Nebraska and California law by failing to pay qualified drivers minimum wage for all work time and other related wage protection laws. Plaintiffs Ezequiel Olivares Abarca, Alfredo Alesna, David Cagle, Stephen Davis, Frank Eads, Kenneth Surman, and William Smith were appointed by the Court as class representatives to represent themselves and similarly situated current and former Werner drivers.

**Where can I learn more?**
You can get a complete copy of the proposed settlement and other key documents in this lawsuit at:
[website]

Werner denies Plaintiffs' allegations in their entirety and contends it paid drivers in accordance with applicable law.

## Why is there a settlement in this lawsuit?

In October 2025, the parties agreed to settle. That means they have reached an agreement to resolve the lawsuit. Both sides want to avoid the costs and risks of continuing the case in court.

**What is a class action settlement?**
A class action settlement is an agreement between the parties to resolve and end the case. Settlements can provide money to class members.

The settlement involves a settlement payment in exchange for dismissal of the lawsuit and a release of claims by the seven class representatives and all members of the Nebraska and California classes previously certified by the Court who do not opt out of the settlement. The Court has not decided this case in favor of either side.

4
949147.8

## What happens next in this lawsuit?

The Court will hold a Final Approval Hearing to decide whether to approve the proposed settlement. The hearing will be held at:

**Where:** Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, NE 68102, in Courtroom 3.

**When:** [time] on [date].

The Court has directed the parties to send you this notice about the proposed settlement. Because the settlement of a class action decides the rights of all members of the settlement class, the Court must give final approval to the settlement before the settlement can take effect. Payments will only be made if the Court approves the settlement.

You don't have to attend the hearing, but you may do so at your own expense. If timely written notice is given, you may also ask the Court for permission to speak and express your opinion about the settlement. If the Court does not approve the settlement, no settlement money will be distributed, the settlement will not take effect, and the lawsuit will continue. The date of the hearing may change without further notice to members of the class. To learn more and confirm the hearing date, go to [website].

## Updating your contact information

If your contact information is inaccurate, or if you move before you receive your settlement payment, you should contact the Settlement Administrator to provide your updated contact information.  The Settlement Administrator can be contacted at [toll free number] or [email].

# Learning About the Settlement

## What does the settlement provide?

Werner has agreed to pay $18 million into a settlement fund. This

money will be divided among the class members and will also be used to pay applicable payroll taxes on the settlement payments to class members, for the cost of administering this settlement (administration costs are expected to be approximately $282,300), $100,000 to resolve claims under the California Private Attorneys General Act ("PAGA"), service awards for the seven class representatives and class members who sat for depositions ($110,250), attorney fees (no more than $6,000,000), and paid or incurred litigation costs (no more than $2,250,000) to be approved by the Court. As more fully set forth in the settlement agreement, members of the settlement class will "release" their claims as part of the settlement, which means they cannot assert claims against Werner based on the facts alleged in this lawsuit. The full terms of the release can be found here, in the Settlement Agreement document: [website].

No portion of the settlement fund will revert to Werner.

For the California Class, the law requires that recoveries under the Private Attorneys General Act ("PAGA") must be split, with 75% going to the California Labor and Workforce Development Agency, and 25% allocated to the PAGA Group.  Everyone falling within the California PAGA Group (defined in the next section below) will receive a share of that $25,000.

The settlement provides $15,000 to the seven class representatives, including Ezequiel Olivares Abarca, Alfredo Alesna, David Cagle, Stephen Davis, Frank Eads, Kenneth Surman, and William Smith, to compensate them for the hours spent and the risks taken in leading this case over the past 11 years.  The settlement also provides $250 to the other twenty-one drivers who sat for a deposition during this case. These are called "service awards."

More information about the settlement can be found in the Settlement Agreement document at [website].

## How do I know if I am part of this settlement?

If you worked as a qualified driver for Werner at any time between June 4, 2010, and July 14, 2023, you are part of this settlement. The class does *not* include student drivers (also known as placement drivers) or owner operators.

- You are a member of the Nebraska Settlement Class if you worked

for Werner anywhere in the United States as a qualified driver at any time between June 4, 2010, and July 14, 2023.

- You are a member of the California Settlement Class if you, while residing in California, worked as a qualified driver for Werner at any time between June 4, 2010, and July 14, 2023, and picked up or delivered at least one load for Werner in the state of California.

- You are a member of the California PAGA Group if you are a California Class Member and worked as a qualified driver for Werner between May 19, 2013, and November 6, 2023.

- If you previously opted out of the classes in this case in response to either of the two prior class notices, sent in 2018 and 2023, you are not part of the settlement classes in this case.

If you are unsure of whether you are part of this settlement, contact the Settlement Administrator at [phone number/website].

## How was my estimated payment calculated?

All class members will receive a settlement payment unless they opt out. Settlement payments will be calculated according to the methodology provided in the Settlement Agreement. Nebraska Settlement Class Members will receive a base payment of $20 and California Class Members will receive a base payment of $40.  In addition to base payments, all Settlement Class Members will receive a pro-rata share of the remaining Net Settlement Fund based on weeks worked as a Werner qualified driver during the class period.

- The Net Settlement Fund will depend in part on the amount of the settlement administration costs, PAGA payments, attorney fees, costs, and service payments approved by the Court.

- Everyone falling within the PAGA Group will receive an equal share of that portion of the PAGA award that goes to the drivers rather than the state of California.

You may review your estimated Individual Settlement Payment by visiting [website] and entering your unique [settlement identified

number] found on your [notice postcard, e-mail, or text message].  If you believe that your estimated payment amount is based on an incorrect number of work weeks, you may raise a dispute by contacting the Settlement Administrator at [email] or toll-free [###]. The Settlement Administrator shall adjudicate any timely disputes based on available Werner records and any evidence you provide. Disputes must be submitted no later than [opt out/objection deadline]

# Deciding What to Do

## How do I weigh my options?

You have three options. You can do nothing and automatically receive payment, you can opt out of the settlement, or you can object to the settlement. Note: Any written opt out request or objection will be electronically filed with the Court and available for public review.

This chart shows how your rights are affected by each option:

|  | Do Nothing | Opt out | Object |
|---|---|---|---|
| **Can I receive settlement money if I . . .** | YES | NO | YES |
| **Am I bound by the terms of this lawsuit if I . . .** | YES | NO | YES |
| **Can I pursue my own case if I . . .** | NO | YES | NO |
| **Will the class attorneys represent me if I . . .** | YES | NO | NO |

## How do I get a payment if I am a class member?

If you wish to receive a settlement payment, **you do not need to do anything**.  By doing nothing, you will remain a part of this settlement and your payment will automatically be sent to you.  You can also request to receive your payment electronically (i.e., via Paypal,) by visiting [website].

To make sure that you receive your payment, you should ensure that the Settlement Administrator has your correct mailing address. If you have already opted out of this case, you are not part of this settlement and will not receive money.

## Do I have an attorney in this lawsuit?

In a class action, the Court appoints class representatives and attorneys – called Class Counsel – to work on the case and represent the interests of all the class members. For this case and settlement, the Court has appointed the following individuals and attorneys:

**Class Representatives:** Ezequiel Olivares Abarca, Alfredo Alesna, David Cagle, Stephen Davis, Frank Eads, Kenneth Surman, and William Smith.

**Class Counsel:** Swartz Swidler, LLC, Dardarian Ho Kan & Lee, and Mara Law Firm. These are the law firms who negotiated this settlement on your behalf. You will not be charged out of pocket for their services.

If you want to be represented by your own attorney, you may hire one at your own expense.

## Do I have to pay the attorneys in this lawsuit?

Attorneys' fees and costs will be paid from the Settlement Fund. **You will not have to pay Class Counsel directly.**

To date, Class Counsel have not been paid any money for their work or out-of-pocket expenses that they have paid or been charged for the case. To pay for their time and the risk in bringing this case without any guarantee of payment unless they were successful, Class Counsel will request, as part of the final approval of this Settlement, that the Court approve a payment of up to $6,000,000 total in attorneys' fees plus the reimbursement of out-of-pocket expenses totaling no more than $2,250,000.

Attorneys' fees and expenses will only be awarded if approved by the Court as a fair and reasonable amount.

# Opting Out

## What if I don't want to be part of this settlement?

You can opt out. If you do, you will not receive any payment from the settlement fund and you cannot object to the settlement. However, with the exception of members of the PAGA Group, you will not be bound by the judgment in this case and you may be able to file your own case. Regardless of whether you opt out, if you are a member of the PAGA Group, you will still receive a share of the PAGA settlement and you will be bound by any judgment entered by the Court with respect to the PAGA claims.

## How do I opt out?

To opt out of the settlement, you must return a signed and dated written statement by [date] to the Settlement Administrator at:

[Settlement Administrator]
[Street address]
[City, State, Zip Code]
[Phone Number]

To be valid, your opt out must include your full name, current address, your unique Settlement Notice identifier number, your signature and the date, the case name and number, and a written statement that you want to exclude yourself from the Settlement.

# Objecting

## What if I disagree with the settlement?

If you disagree with any part of the settlement but don't want to opt out, you may object. You must give reasons why you think the Court should not approve the entire settlement and say whether your objection applies to just you or the entire class. Your views will be presented to the Court. The Court can only approve or deny the entire settlement as is— it cannot change the terms of the settlement. You may, but don't have to, hire your own attorney to help you.

To object, you must send a letter to the Settlement Administrator at

the address shown below. To be valid, a written objection must include the following:

(1) Be postmarked by [date];
(2) The lead case name and number (*Abarca et al. v. Werner Enterprises, Inc. et al.*, Case No. 14-cv-00319-JFB-MDN)
(3) Your full name, address and telephone number, and email address (if you have one);
(4) The reason(s) for your objection;
(5) Whether either you or your attorney intend to appear at the final approval hearing and your attorney's name;
(6) Your signature and the date of the objection.

Mail the letter to:

[Settlement Administrator]
[Street address]
[City, State, Zip Code]
[Phone Number]

# Key Resources

## How do I get more information?

This notice is a summary of the proposed settlement. The complete settlement with all its terms can be found [here]. To get a copy of the settlement agreement or get answers to your questions:

- visit the settlement website at [website]

- contact Class Counsel (information below)

- access the Court's [eCourt Public Portal online] or by visiting the Clerk's office of the Court (address below)

| Resource | Contact Information |
|---|---|
| **Case website** | [website] |
| **Settlement Administrator** | Atticus<br>[Street address]<br>[City, State, Zip Code] |

11

949147.8

| | [Phone Number] |
|---|---|
| **Class Counsel** | SWARTZ SWIDLER, LLC<br>[email address]<br>9 Tanner Street, Suite 101<br>Haddonfield, NJ 08033<br>Tel: (856) 685-7420<br><br>DARDARIAN HO KAN & LEE<br>[email address]<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612<br>Tel:(510) 763-9800 |
| **Court (DO NOT CONTACT)** | In addition to the Settlement Agreement and other materials on the settlement website listed above, the pleadings and complete records in this litigation may be examined (a) in person at Clerk of Court, 111 South 18th Plaza, Suite 1152, Omaha, NE 68102, between the hours of 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays and closures; or (b) online on [insert]. |

3512730v5

949147.8

# Exhibit B

[Combined Email Template]

Unique Settlement ID: [XXXX]

Subject: Notice of Settlement in Lawsuit Regarding Werner Qualified Drivers

*Abarca et al. v. Werner Enterprises, Inc.*, *et al.*, Case No. 8:14-cv-319-JFB-MDN (and consolidated cases *Smith v. Werner Enterprises, Inc.*, Case No. 8:15-cv-287, and *Vester v. Werner Enterprises, Inc.*, Case No. 8:17-cv-145)

## If you worked as a qualified driver for Werner Enterprises, Inc. at any time between June 4, 2010, and July 14, 2023, you may be part of a class action settlement and entitled to money.

## A court authorized this Notice.

## This is <u>not</u> a solicitation from a lawyer.

## For complete information about the Settlement, including how to receive payment, exclude yourself from the Settlement, or object to the Settlement, visit [settlement website link] or call toll-free [phone number].

**Am I included?**

Yes, Werner's records indicate that you are a member of the [Nebraska/California] class. The Nebraska class includes qualified drivers who worked for Werner anywhere in the United States at any time between June 4, 2010, and July 14, 2023. The California class includes qualified drivers who, while residing in California, worked for Werner at any time between June 4, 2010, and July 14, 2023, and picked up or delivered at least one load for Werner in the state of California.

**What is the lawsuit about?**

A proposed settlement has been reached on behalf of individuals who worked as qualified drivers for Werner between June 4, 2010, and July 14, 2023. Plaintiffs claim that Werner violated Nebraska and California laws regarding worker minimum wages and related wage protection laws. Werner denies Plaintiffs' allegations in their entirety and contends it paid drivers in accordance with applicable law.

**What does the Settlement provide?**

Werner has agreed to pay $18,000,000 into a settlement fund. This money will be divided among the class members and will also be used to pay applicable payroll taxes on the settlement payments to class members, for the cost of administering this settlement (administration costs are expected to be approximately $282,300), $100,000 to resolve claims under the California Private Attorneys General Act ("PAGA"), service awards for the seven class representatives and twenty-one other class members who sat for depositions ($110,250), attorney fees (no more than $6,000,000), and paid or incurred litigation costs (no more than $2,250,000) to be approved by the Court. As more fully set forth in the settlement agreement, members of the settlement class will "release" their claims as part of the settlement, which means they cannot assert claims against Werner based on the facts alleged in this lawsuit. The full terms of the release can be found here in the Settlement Agreement document: [website].

949400.9

**What Are My Options:**

Option 1: Do nothing. Automatically get payment. Give up the right to file a separate lawsuit against Werner asserting claims based on the facts alleged in this lawsuit.

Option 2: Submit a written Opt Out request to get no payment but maintain your right to file a separate lawsuit against Werner.

Option 3: Object. Tell the court why you don't like the settlement and want litigation to continue.

The deadline to exclude yourself from the Settlement or object to the Settlement is [date]. Note: Any written opt out request or objection will be electronically filed with the Court and available for public review.

You may review your estimated Individual Settlement Payment by visiting [website] and entering your Unique Settlement ID (listed above in this email). If you would like to receive your settlement payment electronically, you can select that option at [website].

**The Final Fairness Hearing**. The Court will hold a Final Fairness Hearing at [time] CST on [date] at the Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, NE 68102, in Courtroom 3. At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. If there are valid written objections, the Court will consider them.

## This Notice is only a Summary. For additional information, please visit [settlement website link] or call toll-free [phone number].

3512791v5

949400.9

Exhibit C

Ab Docusign Envelope ID: F9D82C87-62A0-48E2-8A37-0874A1C7298E nent

Case No. 8:14-cv-00319-JFB-MDN
U.S. District Court for the District of
Nebraska (and consolidated cases Smith v.
Werner Enterprises, Inc., Case No. 8:15-cv-
287, and Vester v. Werner Enterprises, Inc.,
Case No. 8:17-cv-145)

c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164

**If you worked as a qualified driver for
Werner Enterprises, Inc. at any time
between June 4, 2010, and July 14, 2023,
you may be part of a class action
settlement and entitled to money.**

*A court authorized this Notice.*

*This is __not__ a solicitation from a lawyer.*

For complete information about the
Settlement, including how to receive
payment, exclude yourself from the
Settlement, or object to the Settlement,
please visit [website] or call toll-free
[xxxx]

«BARCODE»
Postal Service: Please do not mark barcode

Settlement ID: «Settlement ID»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

949770.6                              3512785v1

Docusign Envelope ID: F9D82C87-62A0-48E2-8A37-0874A1C7298E viduals who worked as qualified drivers for Werner between June 4, 2010, and July 14, 2023.  Plaintiffs claim that Werner violated Nebraska and California laws regarding worker minimum wages and related wage protection laws. Werner denies Plaintiffs' allegations in their entirety and contends it paid drivers in accordance with applicable law.

**Am I Included?**  Yes. Werner's records indicate that you are a member of the [Nebraska/California] class.  The Nebraska class includes qualified drivers who worked for Werner anywhere in the United States at any time between June 4, 2010, and July 14, 2023.  The California class includes qualified drivers who, while residing in California, worked for Werner at any time between June 4, 2010, and July 14, 2023, and picked up or delivered at least one load for Werner in the state of California.

**What does the Settlement provide?** Werner has agreed to pay $18,000,000 into a settlement fund. This money will be divided among the class members and will also be used to pay applicable payroll taxes on the settlement payments to class members, for the cost of administering this settlement (administration costs are expected to be approximately $282,300), $100,000 to resolve claims under the California Private Attorneys General Act ("PAGA"), service awards for the seven class representatives and class members who sat for depositions ($110,250), attorney fees (no more than $6,000,000), and paid or incurred litigation costs (no more than $2,250,000) to be approved by the Court. As more fully set forth in the settlement agreement, members of the settlement class will "release" their claims as part of the settlement, which means they cannot assert claims against Werner based on the facts alleged in this lawsuit. The full terms of the release can be found here in the Settlement Agreement document: [website].

**What Are My Options?** *Option 1*: Do nothing. Automatically get payment. Give up the right to file a separate lawsuit against Werner asserting claims based on the facts alleged in this lawsuit. *Option 2*: Submit a written Opt Out request to get no payment but maintain the right to file a separate lawsuit against Werner. *Option 3*: Object. Tell the court why you don't like the settlement and want litigation to continue.  The deadline to exclude yourself from the Settlement or to object to the Settlement is [date]. Note: Any written opt out request or objection will be electronically filed with the Court and available for public review.

You may review your estimated Individual Settlement Payment by visiting [website] and entering your Unique Settlement ID (listed above in this notice). If you would like to receive your settlement payment electronically, you can select that option at [website].

**The Final Fairness Hearing.** The Court will hold a Final Fairness Hearing at [time] CST on [date] at the Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, NE 68102, in Courtroom 3.  At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. If there are valid written objections, the Court will consider them.

**This Notice is only a Summary.** For additional information, please visit [website] or call toll-free [xxxxxxx].

949770.6

Exhibit D

Werner Text Notice Template:

Settlement ID: <<settlement ID>>
You may be entitled to money under the terms of a class action settlement involving certain truck drivers who worked for Werner Enterprises as qualified drivers between June 4, 2010, and July 14, 2023. Go to www.WebsiteURL.com to find out if you qualify and pick your method of payment.

3513002v2

949486.3