IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EZEQUIEL OLIVARES ABARCA, individually and on behalf of all those similarly situated; ALFREDO ALESNAJR., individually and on behalf of all those similarly situated; DAVID CAGLE, individually and on behalf of all those similarly situated; STEPHEN L. DAVIS, individually and on behalf of all those similarly situated; FRANK EADS, individually and on behalf of all those similarly situated; and KENNETH J. SURMAN, individually and on behalf of all those similarly situated,

Plaintiffs,

vs.

WERNER ENTERPRISES, INC., DOES 1-100, inclusive; and DRIVERS MANAGEMENT, LLC,

Defendants.

**8:14CV319**
**(Lead Case)**

**FINAL APPROVAL ORDER**

---

WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public,

Plaintiffs,

v.

WERNER ENTERPRISES, INC., et al.,

Defendants.

**8:15CV287**
**(Member Case)**

---

BRIAN VESTER and JOEL MORALES, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

| | |
|---|---|
| WERNER ENTERPRISES, INC., et al.,<br><br>Defendants. | **8:17CV145**<br>**(Member Case)** |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Settlement and Plaintiffs' Application for Attorneys' Fees, Litigation Costs, and Service Awards. Filing No. 758. A Final Approval Hearing was held on July 24, 2026, at 10:00 a.m. CST, in Courtroom No. 3 of the Roman L. Hruska United States Courthouse, Omaha, Nebraska, before the Honorable Joseph F. Bataillon, Senior United States District Judge. Having reviewed the Motion, the supporting Memorandum of Law and declarations, the Settlement Agreement (Filing No. 752-2), the objections received, and the complete record, and having considered the arguments of counsel, the Court Orders as follows. Capitalized terms not otherwise defined herein have the meanings given in the Settlement Agreement.

IT IS ORDERED:

1. **Incorporation**. The Settlement Agreement (Filing No. 752-2) and all terms defined therein are incorporated into this Order by reference.

2. **Class Certification.** For settlement purposes, the Court confirms its certification of the California Settlement Class and the Nebraska Settlement Class, defined as follows:

   California Settlement Class: all current and former drivers who, while residing in California and working for Werner as a qualified driver at any time between June 4, 2010, and July 14, 2023, picked up or delivered at least one load for Werner in the state of California and who have not submitted a timely request for exclusion to prior class

notices and did not timely request exclusion from the settlement after receiving the Settlement Notice.

Nebraska Settlement Class: all current and former drivers who worked for Werner anywhere in the United States as a qualified driver at any time between June 4, 2010, and July 14, 2023, and who have not submitted a timely request for exclusion to prior class notices and did not timely request exclusion from this settlement after receiving the Settlement Notice.

The Court confirms the appointment of the seven Class Representatives, Ezequiel Olivares Abarca, Alfredo Alesna, Jr., David Cagle, Stephen L. Davis, Frank Eads, Kenneth J. Surman, and William Smith, as class representatives, and of Swartz Swidler, LLC; Dardarian Ho Kan & Lee; the Sitkin Law Office; and the Mara Law Firm, PC as Class Counsel.

3. **Notice**. The class notice, disseminated by first-class mail, electronic mail, and text message, constituted the best notice practicable under the circumstances and satisfied Federal Rule of Civil Procedure 23(c)(2)(B), Rule 23(e)(1), and the requirements of due process. Defendants timely served the notice required by the Class Action Fairness Act, 28 U.S.C. § 1715 (Filing No. 754), and more than ninety (90) days have elapsed since that service.

4. **Final Approval**. The Court finds that the Settlement is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2) and the factors set forth in *Van Horn v. Trickey*, 840 F.2d 604 (8th Cir. 1988); that it is the product of good-faith, arm's-length negotiation conducted with the assistance of an experienced mediator; and that it is not the product of fraud or collusion. The Settlement is hereby finally APPROVED, and the Parties are directed to consummate it in accordance with its terms.

5. **Objections**. The objections of Jonathan Joe Esters, Samuel B. Goldstone, and Jacintha Sparks are OVERRULED in their entirety. The objection of Jacintha Sparks is further overruled as untimely and invalid.
6. **Requests for Exclusion**. The five Settlement Class Members who timely and validly requested exclusion from the Settlement, as identified in the Declaration of Ann Linton, ¶ 13, Ronald Watkins, Katie L. Mraulak, Anthony Barahona, Kareem Pikhtiyor, and Donna Thompson, are excluded from the Settlement Classes, are not bound by this Order and Judgment, and shall neither receive any payment under the Settlement nor be deemed to release any claim, except that Anthony Barahona shall still receive a PAGA payment and shall be deemed to have released his PAGA claim in accordance with Section VI.C of the Settlement Agreement.
7. **PAGA**. The settlement of the claims brought under the California Private Attorneys General Act is APPROVED. The $100,000 PAGA allocation shall be distributed $75,000 to the California Labor and Workforce Development Agency and $25,000 to the PAGA Group, in accordance with the Settlement Agreement.
8. **Attorneys' Fees and Litigation Costs**. The Court awards Class Counsel attorneys' fees of $6,000,000 (one-third of the Gross Settlement Amount) and reimbursement of litigation costs of $1,702,917.85, both payable from the Settlement Fund in accordance with the Settlement Agreement.

9. **Service Awards**. The Court awards service awards of $15,000 to each of the seven Class Representatives and $250 to each of the twenty-one additional deposed class members, payable from the Settlement Fund.

10. **Settlement Administration**. The Court approves the reasonable fees and expenses of the Settlement Administrator, Atticus Administration, LLC, in the amount of $282,300, payable from the Settlement Fund.

11. **Funding and Distribution**. Funding and distribution shall proceed as provided in the Settlement Agreement. Within fourteen (14) days after entry of the Preliminary Approval Order, Werner remitted $282,300 to the Settlement Administrator for estimated administration costs (Settlement § IV.B). Within fourteen (14) days after the Effective Date, Werner shall remit by wire transfer to the Settlement Administrator the balance of the Gross Settlement Amount (Settlement § IV.C). The Settlement Administrator shall distribute Individual Settlement Payments to participating Settlement Class Members no later than thirty (30) days after the Effective Date (Settlement § VI.G). As defined in the Settlement Agreement, the "Effective Date" does not occur until, among other conditions, this Final Approval Order and Judgment has been entered and is no longer subject to appeal.

12. **Release.** Upon the Effective Date, the Released Claims shall be fully, finally, and forever released as provided in Sections XI and I.HH of the Settlement Agreement, and the Releasing Parties shall be barred and permanently enjoined from asserting any Released Claim.

13. **Dismissal With Prejudice.** The Consolidated Cases — *Abarca v. Werner Enterprises, Inc.*, No. 8:14-cv-00319; *Smith v. Werner Enterprises, Inc.*, No. 8:15-cv-00287; and *Vester v. Werner Enterprises, Inc.*, No. 8:17-cv-00145 — are DISMISSED WITH PREJUDICE, each party to bear its own fees and costs except as otherwise provided in the Settlement Agreement and this Order.

14. **Retention of Jurisdiction.** Without affecting the finality of this Order and Judgment, the Court retains continuing jurisdiction over the Parties and the Settlement for purposes of administering, interpreting, effectuating, and enforcing the Settlement.

15. Plaintiff's Unopposed Motion for Approval of Class Settlement, Filing No. 758 in *Abarca v. Werner Enterprises, Inc.*, No. 8:14-cv-00319; Filing No. 646 in *Smith v. Werner Enterprises, Inc.*, No. 8:15-cv-00287; and Filing No. 603 in *Vester v. Werner Enterprises, Inc.*, No. 8:17-cv-00145, is **granted**.

16. **Entry of Judgment.** The Court will enter a separate judgment.

Dated this 24th day of July, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge